IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>                              Plaintiffs,<br><br>        v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>                              Defendants. | **ORDER TO SHOW CAUSE**<br><br>Civil Action No. __5:24-cv-239__ (GTS/TWD) |

Upon the Summons and Complaint dated and filed February 16, 2024, with Exhibits A through H, the Declaration of James P. Youngs, Es., dated and filed February 16, 2024, with Exhibit A, and the Declaration of Elizabeth Conklin, dated and filed February 16, 2024, with Exhibits A through Q, and an accompanying memorandum of law:

**LET** the Defendants Michael Allen and Pinnacle Employee Services, Inc. show cause before this Court, at a special term thereof, returnable before Hon. _____, U.S. District Judge, at the United States District Courthouse in _____, New York, on _____, 2024, at _____ a.m./p.m., why an Order of this Court should not be issued directing that:

    1.    the Defendants remove from YouTube (a) a video dated February 6, 2024 entitled the "PSA - Beware of this IMPOSTER…" and (b) a video dated February 9, 2024 entitled "My Response to NY PES Cease & Desists Letter – I'M NOT LEAVING!!", which were posted on PES Inc.'s YouTube channel making statements regarding the Plaintiffs and specifically calling the Plaintiffs an "imposter" and stating that the Plaintiffs were "impersonating" the Defendants (the "Videos");

2.  the Defendants remove the Videos from all of the Defendants' personal and business social media accounts, including but not limited to Facebook and LinkedIn;

3.  the Defendants remove and permanently delete all posts, articles, comments and all other online or print publications referring to PES, LLC, Pinnacle Holding Company, Pinnacle Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees or representatives as "imposters", "posing as" the Defendants, or stating or suggesting that the Plaintiffs have engaged in deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE SERVICES or any related trademarks;

4.  the Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, refrain from further disseminating, publishing, or posting the Videos pending further order of this Court;

5.  the Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, refrain from making any false, misleading or defamatory statements about Pinnacle Employee Services, LLC, Pinnacle Holding Company, Pinnacle Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees or representatives, including but not limited to statements referred to the Plaintiffs as "imposters", "posing as" the Defendants, or stating or suggesting that the Plaintiffs have engaged in any deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE or any related trademarks, pending further order of this Court;

6.  the Defendants contact all third parties to which the Defendants have made complaints regarding the Plaintiffs' use of PINNACLE and/or PINNACLE EMPLOYEE

{H5412909.2}

SERVICES, including but not limited to YouTube and Facebook, and withdraw those complaints, and request that all of the Plaintiffs' accounts, posts, and activities be restored;

7. Michael Allen, individually and as owner and CEO of Pinnacle Employee Services, Inc. file with this Court and serve on all parties to this action a sworn statement within 24 hours of the execution, entry and service of such Order attesting to his compliance therewith; and

8. upon the Plaintiffs' request, those with notice of the Order, including third party social media providers, shall within seven (7) calendar days after receipt of such notice, reinstate any accounts, postings, and related material that was previously removed due to facts or complaints related to such Order, including but not limited to complaints by the Defendants.

And it is further **ORDERED**, that any answering papers shall be served on the Plaintiffs and filed with this Court on or before _____, 2024; and it is further

**ORDERED**, that any reply papers shall be served on the Defendants and filed with this Court on or before _____, 2024; and it is further

**ORDERED,** that service of a copy of this Order, and of the papers upon which it is based, be made upon Defendants, by personal or substituted service, together with the Summons and Complaint, on or before _____, 2024, which shall be deemed good and sufficient service thereof.

**DATED:** _____, 2024
Syracuse, New York

**ENTER:** _____
Hon.
United States District Court Judge

{H5412909.2}