IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>　　　　　　　Defendants. | **DECLARATION**<br><br>Civil Action No. __5:24-cv-239 (GTS/TWD)__ |

**JAMES P. YOUNGS**, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby declares:

　　1.　　I am counsel for Plaintiffs Pinnacle Holding Company, LLC ("PHC") and Pinnacle Employee Services, LLC ("PES LLC"). I submit this declaration in support of the Plaintiffs' motion for an order preliminarily enjoining the Defendants or those acting on their behalf from making defamatory and misleading statements about the Defendants.

　　1.　　On February 8, 2024, I sent a cease and desist letter to Defendant Miachel Allen, the owner and Chief Executive Office or President of Defendant Pinnacle Employee Services, Inc. ("PES Inc.") by overnight mail and e-mail to two law firms that represented the Defendants in a prior litigation between the parties and before the U.S. Patent and Trademark Office. A copy of that letter is attached as Exhibit B to the Complaint in this matter.

　　2.　　The next day, February 9, I received an e-mail response from Michael Allen directly. A copy of that e-mail is attached here as **Exhibit A**.

　　3.　　The e-mail forwards a link to a video Mr. Allen had posted on YouTube responding to my letter, persisting in his position that his conduct was lawful. That video, which is approximately 15 minutes long, contains a number of false, derogatory and misleading

statements regarding the Plaintiffs and the nature of the parties' respective trademark rights. As of today's date, that video remains publicly available at https://www.youtube.com/watch?v=gbJGG69Sxu4. A full version of the video is also attached as Exhibit L to the Declaration of Elizabeth Conklin submitted with this motion.

4. In that video, Mr. Allen directs his response to PHC and PES LLC "staff, clients, stakeholders," making clear his knowledge of an intent to convey all of his false statements directly to PES LLC clients. Rather than acknowledging the Plaintiffs' position, Mr. Allen doubles down, stating:

> Mr. Young, you state that my statements about your client being an impostor or has impersonated my company are both false and misleading. Let me educate you on what Webster defines impostor: "a person who pretends to be someone else in order to deceive others especially for fraudulent gain." Your client is impersonating my company and is deceiving others to gain fraudulent gain. [*Sic*]

*Id.* at 3:20.

5. Further, Mr. Allen threatened to continue his tortious conduct targeting the Plaintiffs, stating in his email that "[y]our client can make the bleeding stop, by settlement talks." Ex. A.

6. On February 13, 2024, Mr. Allen telephoned my office, unprompted, and asked to speak with me. Upon information and belief, Mr. Allen was told by an administrative assistant with my firm that I was not available and asked to provide a message, to which Mr. Allen responded in sum and substance that the Plaintiffs "can start settlement talks or face public embarrassment."

7. Pursuant to N.D.N.Y. Local Rule 7.1(e), the Plaintiffs are bringing this motion by way of Order to Show Cause and not through the conventional Notice method because the motion is being brought contemporaneously with the initiation of this lawsuit. Additionally,

though the Plaintiffs are not seeking a temporary restraining order, they are moving by Order to Show Cause in an effort to streamline and expedite to the extent possible consideration of their request for a preliminary injunction.

8. Note that this application for an Order to Show Cause is not being made upon prior notice to the Defendants. It is respectfully submitted that providing such notice to the Defendants would cause substantial prejudice to the Plaintiffs as referenced at N.D.N.Y. Local Rule. 71(e). As set forth in the Complaint and papers in support of the motion, the Plaintiffs' previous attempt to address its concerns with Mr. Allen have not been successful and, in fact, led him to disseminate additional defamatory statements online. The need for judicial intervention to obtain protection from the Defendants' defamatory comments and conduct goes hand in hand with avoiding communication with the Defendants outside the structure of the formal litigation process.

9. It is very likely that if the Plaintiffs provided notice of this proceeding and its motion for a preliminary injunction to Mr. Allen, he would publicize the proceedings and use that occasion to make further derogatory and defamatory comments harmful to the Plaintiffs' reputation and goodwill.

10. It is important to note that the Plaintiffs are not seeking a Temporary Restraining Order pending the hearing and disposition of its application for a preliminary injunction. Rather, it is moving by proposed Order to Show Cause solely as a mechanism to allow it to seek an injunction contemporaneously with the filing of its Complaint, and to seek an expedited hearing of its application. Accordingly, the Defendant will have notice and a full opportunity to be heard on the motion for a preliminary injunction before any substantive relief is granted.

11. Upon information and belief, the Defendants are not represented by counsel. The basis for my belief is that the attorneys that represented the Defendants in the prior lawsuit between the parties moved to withdraw as counsel for the Defendants in that matter. Because the Eastern District of California Court dismissed the case, it denied the withdrawal motion as moot. Further, even though I directed the foregoing Cease and Desist letter to the attention of that firm and another firm that is counsel of record to Defendants in connection with the Defendants' disputed trademark U.S. Patent and Trademark Office registration, I was contacted by Mr. Allen himself. I have not been contacted by any attorneys purporting to represent Mr. Allen or PES Inc. since sending the end of the California litigation. Accordingly, if, for any reason, the Court wishes to conference the matter prior to executing the proposed Order to Show Cause, it will likely have to coordinate directly with Mr. Allen.

12. Finally, please I will be out of town Monday, February 19 through Wednesday, February 21, returning Thursday February 22. If the Court wishes to hold a conference on the matter prior that time, I will attempt to make myself available, but may need to have one of my colleagues, likely John Powers, cover that conference.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 16, 2024                                *s/ James P. Youngs*
                                                                            **JAMES P. YOUNGS, ESQ.**
                                                                            Bar Roll. No. 515029