IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>      Plaintiffs,<br><br>    v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>      Defendants. | NOTICE OF MOTION<br><br>Civil Action No. 5:24-cv-239 (GTS/TWD) |

| | |
|---|---|
| **MOTION BY:** | Plaintiffs Pinnacle Holding Company LLC and Pinnacle Employee Services LLC (collectively, "Plaintiffs") |
| **TIME AND PLACE OF HEARING:** | Returnable before Hon. Glenn T. Suddaby, U.S. District Judge, at the United States District Courthouse in Syracuse, New York.<br><br>*Oral argument is respectfully requested.* |
| **RELIEF AND BASIS:** | An Order pursuant to FRCP 65 (a), granting Plaintiffs' motion for a preliminary injunction against Defendants Michael Allen and Pinnacle Employee Services, Inc. (collectively the "Defendants"), enjoining and restraining the Defendants and their representatives from publishing statements that Plaintiffs are "imposters," "posing as the Defendants" or otherwise engaging in deceptive or misleading conduct in connection with the Plaintiffs' use of their trademark PINNACLE EMPLOYEE SERVICES and further directing:<br><br>(1) the Defendants remove from YouTube (a) a video dated February 6, 2024 entitled the "PSA - Beware of this IMPOSTER…" and (b) a video dated February 9, 2024 entitled "My Response to NY PES Cease & Desists Letter – I'M NOT LEAVING!!", which were posted on PES Inc.'s YouTube channel making statements regarding the Plaintiffs and specifically |

{H5422761.1}

calling the Plaintiffs an "imposter" and stating that the Plaintiffs were "impersonating" the Defendants (the "Videos");

(2) the Defendants remove the Videos from all of the Defendants' personal and business social media accounts, including but not limited to Facebook and LinkedIn;

(3) the Defendants remove and permanently delete all posts, articles, comments and all other online or print publications referring to PES, LLC, Pinnacle Holding Company, Pinnacle Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees or representatives as "imposters", "posing as" the Defendants, or stating or suggesting that the Plaintiffs have engaged in deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE SERVICES or any related trademarks;

(4) the Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, refrain from further disseminating, publishing, or posting the Videos pending further order of this Court;

(5) the Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, refrain from making any false, misleading, or defamatory statements about Pinnacle Employee Services, LLC, Pinnacle Holding Company, Pinnacle Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees, or representatives, including but not limited to statements referred to the Plaintiffs as "imposters", "posing as" the Defendants, or stating or suggesting that the Plaintiffs have engaged in any deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE or any related trademarks, pending further order of this Court;

(6) the Defendants contact all third parties to which the Defendants have made complaints regarding the Plaintiffs' use of PINNACLE and/or PINNACLE EMPLOYEE SERVICES, including but not limited to YouTube and Facebook, and withdraw those complaints, and request that all of the Plaintiffs' accounts, posts, and activities be restored;

(7) Michael Allen, individually and as owner and CEO of Pinnacle Employee Services, Inc. file with this Court and serve on all parties to this action a

{H5422761.1}

sworn statement within 24 hours of the execution, entry and service of such Order attesting to his compliance therewith;

(8) upon the Plaintiffs' request, those with notice of the Order, including third party social media providers, shall within seven (7) calendar days after receipt of such notice, reinstate any accounts, postings, and related material that was previously removed due to facts or complaints related to such Order, including but not limited to complaints by the Defendants; and

(9) entry of such further relief that the Court may deem just and proper.

**SUPPORTING PAPERS:** Summons and Complaint dated February 16, 2024, with exhibits; Declaration of James P. Youngs, Esq. dated February 16, 2024, with exhibits; Declaration of Elizabeth Conklin dated February 16, 2024, with exhibits; and the accompanying Memorandum of Law dated February 16, 2024.

**Dated**: February 26, 2024

**HANCOCK ESTABROOK, LLP**

By: *s/James P. Youngs*
James P. Youngs, Esq.
*Attorneys for Plaintiffs*
1800 AXA Tower I
100 Madison St.
Syracuse, NY 13202
Tel: (315) 565-4558
*jyoungs@hancocklaw.com*

{H5422761.1}