March 12, 2024



**Civil Case Number: 5:24-cv-239(GTS/TWD)**

Dear Hon. Glenn T. Suddaby & Hon. Therese Wiley Dancks:

My name is Michael Allen, President/CEO of Pinnacle Employee Services®. My company is the trademark owner of the name Pinnacle Employee Services®. I want to apologize to both of you for this late response. I just found out about this summons on March 12, 2024, at 7:30 p.m. (PST). I would also like to let you both know that I am currently searching for counsel. I am requesting 30 days from receipt of my letter to the court. At that point will have found new counsel and my attorney will file a proper response. I again apologize for this letter not being by lawyer standards. Per General Order #22, I can file Pro Se Litigants.

I am not sure how much documentation you are looking for or how many documents I can provide. I will do my best to present evidence of all allegations against me.

This is my response, until I secure counsel.

I would like to show that Pinnacle Holding Company, Pinnacle Employee Services and Mr. Youngs have filed a frivolous lawsuit to waste the court's time and resources and cause me more litigation costs. An F.R.C.P 11(b)(3), which was mentioned by CA Federal Judge Muller, for false statements made by Eric Krouse, COO of Pinnacle Holding Company, LLC and plaintiff's attorney Mr. Youngs. I believe that the Plaintiffs are in violation F.R.C.P 11(1)(b)(1), "It is not being presented for any improper purpose, such as to harass, cause <u>unnecessary delay</u>, or needlessly increase the cost of litigation;".

I ask the court for the following: dismiss case with prejudice for filing a frivolous lawsuit against me and my company Pinnacle Employee Services®, Inc., court provides a judgement against the Plaintiffs for willful Trademark Infringement, injunction relief to Pinnacle Employee Services, Inc. and force Pinnacle Holding Company, LLC, Pinnacle Employee Services, and its subsidiaries to stop using my trademark name.

I am going to provide evidence to show that I/my company had the first use of the name Pinnacle Employee Services®, and I have been selling my services nationwide since 2013. I will also prove that I have not defamed the infringing company's name. Contrary to Mr. Youngs lawsuit, my company name has been the one that has been infringed on, the Plaintiff has caused my company financial and reputable harm, by the will full acts of infringing on my trademarked name. Causing likelihood of confusion to the public and dilution. I will provide evidence for you both. After reviewing my letter and evidence, I hope that both of you will see that my company is the rightful owner of the trademark, I have not defamed the infringing company and I will prove that Mr. Youngs and other Pinnacle Holding, LLC management have perjured themselves by being untruthful in their statements on federal documents and to a Federal Judge.

I would like you both to know that attorney James P. Youngs bar number 515029, registration number 4549168, has not been honest to you both and has perjured himself on not once but three times on court documents submitted to the Northern District of NY and the Eastern District of CA. I have attached supporting evidence. Mr. Young was given a FRCP (11)(b)(3) by Federal Judge Muller in the CA Eastern

District. Mr. Youngs again falsely stated on a Declaration, penalty of perjury, Case: 5:24-cv-00239-GTS-TWD, Document 2-20, Filed 2/16/24, pg.1. Mr. Youngs stated to the Northern District Court of NY that he sent a cease-and-desist letter overnight by certified mail to Michael Allen. This is false. No one from my company has received a certified letter from Mr. Youngs or his law firm. Mr. Youngs falsely stated and signed a Declaration under penalty of perjury and pursuant to 28 U.S.C. 1746. Mr. Youngs also states on declaration to you both in the Northern District Court of NY, Case: 5:24-cv-00239-GTS-TWD, Document 2-1, Filed 2/16/24, pg.7, that my Personal Jurisdiction Case 2:22-cv-01367-KJM-CKD, Document 46, Filed 2/1/24, pg. 10-11, was dismissed with prejudice. This is false information by Mr. Youngs. My Personal Jurisdiction case was dismissed without prejudice. Mr. Youngs behavior violates the American Bar Association (ABA) rule 8:4: Misconduct "C", "engage in conduct involving dishonesty, fraud, deceit or misrepresentation".

I would like to show the court that Mr. Youngs purposely tried not to serve me this lawsuit, even though it is required. Document Case 5:24-cv-00239-GTS-TWD, Document 2-20, Filed 2/16/24, pg.3, shows Mr. Young statement, "Note that this application for an Order to Show Cause is not being made upon prior notice to the Defendants. It is respectfully submitted that providing such notice to the Defendants would cause substantial prejudice to the Plaintiffs as referenced at N.D.N.Y. Local Rule. 71(e). As set forth in the Complaint and papers in support of the motion, the Plaintiffs' previous attempt to address its concerns with Mr. Allen have not been successful and, in fact, led him to disseminate additional defamatory statements online. The need for judicial intervention to obtain protection from the Defendants' defamatory comments and conduct goes hand in hand with avoiding communication with the Defendants outside the structure of the formal litigation process.

After reviewing N.D.N.Y. Local Rules of Practice. I cannot find Local Rule 71(e). However, Mr. Youngs actions violate N.D.N.Y. Local Rule. 4.1 (a)(b) and Local Rule. 5.1 (a)(b)(d). Please see Exhibit 1 for all supporting documentation.

Mr. Young did not ensure due diligence in the service of process. Due diligence, in the context of service of process, refers to the thorough and meticulous efforts taken to ensure that all parties involved are given proper notice of legal actions. This notice is vital to uphold the principles of due process and to provide defendants with the opportunity to respond to legal claims. Without proper service, the integrity of the entire legal proceeding can be compromised, leading to potential legal challenges down the line.

I disagree with Mr. Youngs allegations about me defaming the Plaintiff. I posted a video stating that my company is not affiliated with Pinnacle Holding Company or any of its subsidiaries. My company is federally trademarked, and the Syracuse company is impersonating my company by offering the same services and infringing on my trademark name. I have made other videos about the Plaintiff infringing on my trademark and have provided court and USPTO documentation to validate my statements. I even provided a link on my YouTube channel to provide access to the documents, which are available to the public via Pacer.com and USPTO website. I have in no shape or form defamed the Plaintiff. The Plaintiff does not like being shown as a company infringing on a trademark. The Plaintiff was sent a cease-and-desist letter back in 2022. The Plaintiff ignored my request by my lawyers. The court has copies of my social media posts and YouTube videos, which were provided by Mr. Youngs. Please see Exhibit 2 for cease-and-desist letter.

I contacted YouTube, LinkedIn, Facebook, Instagram, and sent a DMCA Takedown notice to the plaintiff's website provider. Per the social media company's rules and policies. If there is a company impersonating your company or infringing on your trademark, the social media companies will take down and remove infringing and impersonating accounts. Again, I own the trademark therefore I provided proof that I own the trademark to these social media companies, and they removed the plaintiffs accounts for trademark infringement and impersonation. I did not lie to the social media companies. I provided a copy of my trademark certificate and filled out each company's impersonating/trademark infringement online form.

Mr. Youngs argues common law and first use for the Plaintiff. I first used the name Pinnacle Employee Services in commerce nationally since 2013, before my name was trademarked in 2022. I do not feel the evidence provided by Mr. Youngs is sufficient for a common law argument. I own the trademark. Per the Plaintiffs declaration and disposition, the Plaintiff did not start using the name until the year 2014. I have provided a deposition of Gregg Kidd, CEO of Pinnacle Holding Company, LLC, stating he started the company Pinnacle Employee Services in 2014. Exhibit 2. A whole year after I changed my company name to Pinnacle Employee Services® in 2013. Therefore, I believe there is no common law argument. The plaintiff was notified in 2022 by cease-and-desist letter to stop infringing on my trademark. The plaintiff refused. Now the plaintiff is blatantly and willfully infringing on my trademark after being served to stop using the name Pinnacle Employee Services.

Please see my evidence in Exhibit 3, which includes my trademark application, email with company in East Rochester, NY and my Certificate of Status.

I would like to point out that the Plaintiff's domain name is my federally trademarked name. Plaintiffs' website is www.pinnacleemployeeservices.com. The Plaintiff is cybersquatting on my name. Please see Exhibit 4.

Mr. Youngs states that the Plaintiff, PES LLC WILL SUFFER IRREPARABLE HARM IN THE FORM OF LOSS OF REPUTATION AND GOOD WILL, LOSS OF POTENTIAL CUSTOMERS AND LOSS OF THE REACH OF ITS MARKETING AND BRANDING IF MR. ALLEN IS NOT ENJOINED FROM CARRYING OUT HIS THREATS OF CONTINUING TO DEFAME PES LLC.

PES, LLC suffers irreparable harm by the plaintiff's continued infringement on my trademark name. If the plaintiff does not want to suffer irreparable harm, the plaintiff should stop using our trademark. The public sees two companies using the same name and one of the companies owns the trademark name. The public will associate a non-trademark company infringing on a trademark company's name as impersonating a company. I am not causing irreparable harm to the plaintiff. The plaintiff is doing it to themselves by infringing on my trademark.

The plaintiff is not the senior user of the name Pinnacle Employee Services. Nor does the plaintiff have common law rights to the name Pinnacle Employee Services.

I want the court to know that I am not making false statements about the plaintiff. Per Mr. Youngs statements in the lawsuit. I have stated factual information about the plaintiff infringing on my trademark name. Which is true because I own the trademark.

I ask the court to dismiss the claim of False Advertising and Unfair Competition under the Lanham Act 42(a)(1)(B). Since I own the trademark, I have not false or mislead description of fact, or false or mislead representation of fact, which in commercial advertising or promotion, misrepresents the nature,

characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities. The plaintiff is actually committing False Advertising and Unfair Competition.

I, nor Pinnacle Employee Services® have violated Unfair Business Practices, N.Y. Gen. Bus. Law 349 and False Advertising, N.Y. Gen. Bus. Law 350. Pinnacle Employee Services® owns the trademark name, which allows us to market and advertise in commerce.

Regarding Declaratory Judge for Non-infringement, the plaintiff cannot prove common law trademark rights. The plaintiff does not have limited rights to the State of New York. The plaintiff is not entitled to a declaration of non-infringement. Per my provided evidence.

I ask the court to find the plaintiff guilty of infringing on my company trademark name with all the supporting evidence showing that the plaintiff and Mr. Youngs violated F.R.C.P Rule 11(1)(b)(1) as mentioned earlier. I am not sure if the court can award me damages per the Lanham Act Section 1117(a), 1125(a)(d), 1125(c), 1111, 1114. If the court is able, I request the court reward me with damages. I would like the court to reward me with civil damages of the maximum amount permitted by New York law for the harassment and frivolous lawsuit, as well as an injunction for relief to stop using my trademark name. If the court cannot enforce the Lanham Act of damages.

Exhibit 5 will include early emails from plaintiffs' lawyer stating how much the plaintiff has made on my name and falsely state that they can only do business in NY, which their website is at odds on the About Us page. I will also include a Declaration of Latifa Pacheco, plaintiffs Business Plan and marketing flyers.

Thank you for your time. Again, I do apologize for not referencing law cases like Mr. Youngs. As I mentioned earlier, this response is on short notice, and I am currently searching for counsel.

*Michael Allen*

Michael Allen
President/CEO
Pinnacle Employee Services®

4

# CONTENTS

1. Case Assignment and Filing Locations
2. General Order #25 (Filing Order)
3. Case Management Plan
4. Consent Form to Proceed before U.S. Magistrate Judge

# CASE ASSIGNMENT

This action has been assigned to the District Judge and Magistrate Judge shown below. All correspondence and filings should bear the initials of the assigned District Judge and Magistrate Judge immediately filing the civil action number. (i.e. Civil Action No. 5:15-cv-0123 NAM/DJS). **Document should be filed in accordance with General Order #22.**

| | | |
|---|---|---|
| CIVIL CASE NUMBER: | 5:24-cv-239 (GTS/TWD) | |
| DISTRICT JUDGE: | Hon. Glenn T. Suddaby | GTS |
| MAGISTRATE JUDGE: | Hon. Thérèse Wiley Dancks | TWD |

# PRO SE LITIGANTS

Send all original documents for filing to one of the Clerk's Office listed below:

Clerk, U.S. District Court
Federal Building & Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Clerk, U.S. District Court
Federal Building & Courthouse
15 Henry Street
Binghamton, NY 13901

Clerk, U.S. District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207-2936

Clerk, U.S. District Court
Alexander Pirnie Federal Building
10 Broad Street
Utica, NY 13501

**All papers filed with the Court must conform to Local Rule 10.1.**

# COUNSEL

All documents **must** be filed electronically on the Court's CM/ECF system. Please refer to General Order #22 for procedures for filing documents electronically.

2