# EXHIBIT 1

plaintiffs provide payroll and tax services), see id. ¶¶ 39–41, 45, PES LLC's provision of payroll and tax services in California might arise from the alleged trademark infringement. Plaintiffs have added allegations about PI's in-state conduct, too. See, e.g., id. ¶¶ 20–29.

Regarding futility, defendant also argues no allegations attribute PES LLC's conduct to PHC and PI or PI's conduct to PHC. Opp'n at 13–14. But defendant's characterization glosses over allegations in plaintiffs' proposed amendment. See Proposed First Am. Compl. ¶¶ 61–76. Defendant argues the three companies "have no commercial relationship with one another," Opp'n at 14, but this claim is unsupported by evidence and the proposed amendment sketches out the commercial relationships between the parties, see Proposed First Am. Compl. ¶¶ 71, 74, 76 (describing hundreds of thousands of dollars in fees paid from PI to PHC, PES to PI, and PI to PES in 2022, as well as how companies advertise each other's services). Moreover, the proposed amendment alleges the three companies' management overlaps. See id. ¶¶ 63–65. Lastly, plaintiffs' proposed amendment includes allegations of PHC's trademark-related conduct. See id. ¶ 79.[1] It is thus not clear beyond doubt the proposed amendment would be futile because this court could not exercise personal jurisdiction over the proposed defendants.

Second, all other factors favor amendment. Plaintiffs timely moved to amend their complaint, and this is their first request to amend. The proposed amendment would not prejudice

---

[1] In plaintiffs' proposed amendment, they allege defendant's chief operating officer, Eric Krouse, "signed a declaration under penalty of perjury and falsely stated" PHC does not use the trademark in question, which is at odds with PHC's representation to the United States Patent and Trademark Office (USPTO) the day before. Proposed First Am. Compl. ¶ 79. Defendant's counsel filed that declaration in this case on November 30, 2022. See Krouse Decl. ¶ 10, Mot. Dismiss, ECF No. 18-2. The court takes judicial notice of PHC's trademark application to the USPTO for "Pinnacle Employee Services," dated November 29, 2022, as its existence is not subject to reasonable dispute. United States v. Chapel, 41 F.3d 1338, 1342 (9th Cir. 1994) (quoting Fed. R. Evid. 201(b)). PHC's trademark application identifies PHC as the "owner of [the] mark," certifies the mark is used in commerce or in connection with the goods and services identified in the application (payroll and tax services), and is signed by defendant's counsel in this case. Trademark/Service Mark Application, Serial Number 97695962 (Nov. 29, 2022), https://tsdr.uspto.gov/documentviewer?caseId=sn97695962&docId=APP20221202103839&linkId=5#docIndex=4&page=1 (last accessed Aug. 22, 2023). The positions taken by defendant's counsel in this case and in the application to the USPTO do appear to be inconsistent and may run afoul of Federal Rule of Civil Procedure 11(b)(3). The court does not decide now whether counsel has violated Rule 11 or another similar obligation but may revisit the inconsistency if necessary in the future, including in reviewing any motion to dismiss an amended complaint.

defendant. And the record reveals no bad faith. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend [for futility alone] is rare.").

Third, the court can better analyze defendant's arguments on a fully briefed motion to dismiss. Nothing in this order precludes defendant from moving to dismiss plaintiffs' amended complaint on appropriate grounds. *See* Opp'n at 19 (requesting reservation of right to file motion to dismiss for reasons raised in opposition).

For the reasons above, the court **grants** plaintiffs' motion to file an amended complaint. Plaintiffs shall file their proposed amended complaint within **seven days** of the date this order is filed.

This order resolves ECF No. 25.

IT IS SO ORDERED.

DATED: August 22, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinnacle Employee Services, Inc., a California Corporation; Michael Allen, an individual<br>         Plaintiffs,<br>vs.<br>Pinnacle Holding Company, LLC, a Delaware Limited Liability Company<br>         Defendant. | Case No.: 2:22-cv-01367-CKD |

ERIC D. KROUSE, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby declares:

  1.  I am the Chief Operating Officer of Defendant Pinnacle Holding Company, LLC ("PHC" or "Defendant"). I have held this position since February 17, 2012.

  2.  I submit this Declaration in support of the Defendant's motion to dismiss the Complaint.

  3.  PHC is a Delaware Limited Liability Company with its headquarters and only physical office in Syracuse, New York.

  4.  PHC is a holding company that does not engage in business of its own accord. PHC does not have any customers or clients of its own. PHC does not sell or offer for sale any goods or services.

  5.  PHC has seven employees, all based in Syracuse, New York. It does not own any real estate.

  6.  PHC does not have any presence or conduct any business whatsoever in California. It is not registered to do business in California, it does not have any contracts with any California entity or business, and no person has ever travelled to California on PHC's behalf.

{H4945872.1}

7. PHC has never advertised, marketed or solicited business in any capacity, and certainly not in California.

8. PHC is a holding company for several subsidiaries, but it maintains corporate formalities and structures between and among all such operating entities.

9. Several of PHC's subsidiaries, or corporate predecessors, have been using the PINNACLE name since as early as 1996 in the financial and benefits industries.

10. However, as a non-operating, holding company, PHC does not use the trademark in question, PINNACLE EMPLOYEE SERVICES.

11. Rather, one of PHC's wholly-owned subsidiaries, Pinnacle Employee Services, LLC ("PES LLC") was formed under that name and has been engaged in commerce under that name since it was formed on July 17, 2014. PES, LLC is a Delaware Limited Liability Company.

12. PES LLC has its own Board of Directors and its own officers. Mark Pietrowski is the Chief Executive Officer of PES LLC.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Dated: November 30, 2022

ERIC D. KROUSE

{H4945872.1}

7. PHC has never advertised, marketed or solicited business in any capacity, and certainly not in California.

8. PHC is a holding company for several subsidiaries, but it maintains corporate formalities and structures between and among all such operating entities.

9. Several of PHC's subsidiaries, or corporate predecessors, have been using the PINNACLE name since as early as 1996 in the financial and benefits industries.

10. However, as a non-operating, holding company, PHC does not use the trademark in question, PINNACLE EMPLOYEE SERVICES.

11. Rather, one of PHC's wholly-owned subsidiaries, Pinnacle Employee Services, LLC ("PES LLC") was formed under that name and has been engaged in commerce under that name since it was formed on July 17, 2014. PES, LLC is a Delaware Limited Liability Company.

12. PES LLC has its own Board of Directors and its own officers. Mark Pietrowski is the Chief Executive Officer of PES LLC.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Dated: November 30, 2022

_____
ERIC D. KROUSE

{H4945872.1}

**3.7** **Transfer of Cases to Another District** (formerly L.R. 83.6)

When possible and unless otherwise directed, the Clerk shall electronically transfer all materials in a case to the transferee district fourteen (14) days after the transfer order. The clerk shall otherwise mail all case materials to the transferee district fourteen (14) days after the transfer order.

**4.1** **Service of Process** (Amended January 1, 2021)

(a) Service shall be made in the manner specified in the Federal Rules of Civil Procedure or as required or permitted by statute or local rules with respect to certain cases (e.g. Habeas Corpus petitions and Social Security appeals). The party seeking service of papers shall be responsible for arranging the service.

(b) Upon the filing of a complaint, the Clerk shall issue to the plaintiff General Order 25 which requires, among other things, service of process upon all defendants within sixty (60) days of the filing of the complaint. This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice. In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4.

(c) At the time the complaint or notice of removal is served, the party seeking to invoke the jurisdiction of this Court shall also serve on all parties the following materials:

1. Judicial Case Assignment Form;

2. Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference; and

3. Notice and Consent Form to Proceed Before a United States Magistrate Judge.

The Clerk shall furnish these materials to the party seeking to invoke the jurisdiction of the Court at the time the complaint or notice of removal is filed.

(d) In cases where an acknowledgment of service (also called "waiver of service") by a defendant located within any judicial district of the United States has been properly requested, whether pursuant to Rule 4(d) of the Federal Rules of Civil Procedure or pursuant to N.Y. Civil Practice Law and Rules § 312-a, the defendant shall have sixty days from the date the waiver request was sent to the defendant to answer or file a motion to dismiss plaintiff's complaint.

(e)     If an individual, corporation or association defendant that is subject to service under Fed.R.Civ.P. Rule 4(e), (f) or (h) and located within the United States fails, without good cause, to sign and return a waiver requested by plaintiff within the United States, that defendant will be required to pay the expenses incurred by plaintiff by serving the summons and complaint in any other manner permitted by law, and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

**5.1     Service and Filing of Papers** (Paragraph (b) was formerly L.R. 77.2(b))

(a)     All pleadings and other papers shall be served and filed in accordance with the Federal Rules of Civil Procedure and shall be in the form prescribed by L.R. 10.1. The party or its designee shall declare, by affidavit or certification, that it has provided all other parties in the action with all documents it has filed with the Court. See also L.R. 26.2 (discovery material).

(b)     In civil actions where the Court has directed a party to submit an order or judgment, that party shall file all such orders or judgments pursuant to paragraph 8.2 of General Order 22.

If the assigned judge instructs the prevailing party to do so, the prevailing party shall submit a proposed order which the opposing party has approved and which contains the endorsement of the opposing party: "Approved as to form."

When the parties are unable to agree as to the form of the proposed order, the prevailing party shall, on seven (7) days notice to all other parties, submit a proposed order and a written explanation for the form of that order. The Court may award costs and attorney's fees against a party whose unreasonable conduct the Court deemed to have required the bringing of the motion. The provisions of L.R. 7.1 shall not apply to such motion, and the Court shall not hear oral argument.

(c)     No paper on file in the Clerk's office shall be removed except pursuant to the Court's order.

(d)     A private process server shall serve every summons, except as otherwise required by statute or rule or as the Court directs for good cause shown. A private process server is any person authorized to serve process in an action brought in the New York State Supreme Court or in the court of general jurisdiction of the State in which service is made.

(e)     In the case of a prisoner's civil rights action, or any action where a party has been granted leave to proceed in forma pauperis, the Marshal shall serve the summons and complaint by regular mail pursuant to Fed. R. Civ. P. 4(c)(3). The Marshal shall file the return or other acknowledgment of service with the Court. The return shall constitute prima facie evidence of the service of process. If no acknowledgment of service is filed with the Court, the Marshal shall notify the plaintiff, and the Marshal shall make personal service as provided in Fed. R. Civ. P. 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>Defendants. | DECLARATION<br><br>Civil Action No. 5:24-cv-239 (GTS/TWD) |

JAMES P. YOUNGS, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby declares:

1.  I am counsel for Plaintiffs Pinnacle Holding Company, LLC ("PHC") and Pinnacle Employee Services, LLC ("PES LLC"). I submit this declaration in support of the Plaintiffs' motion for an order preliminarily enjoining the Defendants or those acting on their behalf from making defamatory and misleading statements about the Defendants.

1.  On February 8, 2024, I sent a cease and desist letter to Defendant Miachel Allen, the owner and Chief Executive Office or President of Defendant Pinnacle Employee Services, Inc. ("PES Inc.") by overnight mail and e-mail to two law firms that represented the Defendants in a prior litigation between the parties and before the U.S. Patent and Trademark Office. A copy of that letter is attached as Exhibit B to the Complaint in this matter.

2.  The next day, February 9, I received an e-mail response from Michael Allen directly. A copy of that e-mail is attached here as **Exhibit A**.

3.  The e-mail forwards a link to a video Mr. Allen had posted on YouTube responding to my letter, persisting in his position that his conduct was lawful. That video, which is approximately 15 minutes long, contains a number of false, derogatory and misleading

{H5412914.1}                                1

EMPLOYEE SERVICES. Defendant Michael Allen is the owner of Defendant PES, Inc. and holds a U.S. Patent and Trademark Office registration for the words PINNACLE EMPLOYEE SERVICES, Registration No. 6,696,685 ( the "'685 Registration") in connection with services similar to those PES LLC provides, with a filing date of December 11, 2020 – more than six years *after* the Plaintiffs first began its use of PINNACLE EMPLOYEE SERVICES, and decades after PHC and its predecessors began using the PINNACLE family of marks. Because the Defendants applied for and received that registration long after PHC and PES LLC had established extensive common law trademark rights in a range of geographic territories for similar services, the Plaintiffs are entitled to (at a minimum) continued use of the PINNACLE EMPLOYEE SERVICES mark in at least those territories.[1]

The Defendants refuse to acknowledge the Plaintiffs' common law rights and have demanded PES LLC discontinue use of its name. These demands culminated in the Defendant bringing an infringement lawsuit against the Plaintiffs and related entities in federal District Court for the Eastern District of California. That case was dismissed with prejudice for lack of personal jurisdiction on February 1, 2024.

After the Defendants' lawsuit was dismissed, Mr. Allen made a series of false, defamatory and misleading statements and videos on the internet. The Defendant falsely claimed in written posts and a video that PES LLC was an "imposter" and that it was "posing as" PES Inc. Mr. Allen published these statements not only on his own social media accounts, but also *on the Plaintiffs'* social media accounts, including LinkedIn and Facebook. Further, within a day of

---

[1] On similar grounds, Plaintiffs in their Complaint ask this Court to hold the Defendants liable for infringement arising from use of its trademark in those territories where its rights are junior to the Plaintiffs' and to cancel the '685 Registration on multiple grounds. However, Plaintiffs to not ask for immediate injunctive relief on these issues.

{H5413923.2}                                2

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). "This requirement is met if, but for a defendant's forum-related activities through which a defendant purposely avails itself of the forum, the plaintiff would not have suffered injury." *Long v. Authentic Athletix LLC*, 2016 U.S. Dist. LEXIS 142729 at *6 (N.D. Cal. Oct. 14, 2016) (quotation marks and citations omitted)).

Here, but for PI's California related activities, plaintiffs would still have been harmed by trademark infringement. Plaintiffs allege defendants infringed on "the Pinnacle Trademark, consisting of the phrase 'Pinnacle Employee Services'"—not Pinnacle Investments. *See* FAC ¶ 37. Accordingly, this court finds allegations of PI's business activities in California are insufficient to establish personal jurisdiction over it for purposes of this trademark infringement action.

### 4. Agency Theory of Personal Jurisdiction

Lastly, the court finds plaintiffs do not allege any sufficient connections between PHC and California and instead rely on imputing PHC's subsidiaries' contacts to maintain personal jurisdiction.[4] *See* Opp'n at 11; *see generally* FAC. However, because this court finds neither PES LLC's nor PI's contacts with California are sufficient to establish personal jurisdiction, the court finds no need to assess the viability of plaintiffs' agency theory. Accordingly, the court finds it cannot exercise jurisdiction over PHC.

In sum, because defendants do not have sufficient minimum contacts with California, this court cannot exercise personal jurisdiction over PHC, PES LLC or PI.

### IV. CONCLUSION

For the reasons above, the court **grants defendants' motion to dismiss**. Plaintiff's complaint is hereby dismissed without prejudice and without leave to amend. *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (dismissals for lack of personal jurisdiction are to be without prejudice). The Clerk of Court is directed to **close** the case. Plaintiffs' counsel's

/////

---

[4] Plaintiffs do allege PHC's Chief Operative Officer has been actively licensed in California as a broker through PI since September 10, 2007. *See* FAC ¶ 23. However, as discussed above, California related activities under the name "Pinnacle Investments" do not cause plaintiffs harm and are insufficient for purposes of the instant personal jurisdiction analysis.

1  motion to withdraw is moot given the court's dismissal of this action.  The **motion to withdraw**
2  **is denied** for that reason.
3       This order resolves ECF Nos. 37 and 39.
4       IT IS SO ORDERED.
5  DATED: January 31, 2024.

                                        CHIEF UNITED STATES DISTRICT JUDGE

though the Plaintiffs are not seeking a temporary restraining order, they are moving by Order to Show Cause in an effort to streamline and expedite to the extent possible consideration of their request for a preliminary injunction.

8. Note that this application for an Order to Show Cause is not being made upon prior notice to the Defendants. It is respectfully submitted that providing such notice to the Defendants would cause substantial prejudice to the Plaintiffs as referenced at N.D.N.Y. Local Rule. 71(e). As set forth in the Complaint and papers in support of the motion, the Plaintiffs' previous attempt to address its concerns with Mr. Allen have not been successful and, in fact, led him to disseminate additional defamatory statements online. The need for judicial intervention to obtain protection from the Defendants' defamatory comments and conduct goes hand in hand with avoiding communication with the Defendants outside the structure of the formal litigation process.

9. It is very likely that if the Plaintiffs provided notice of this proceeding and its motion for a preliminary injunction to Mr. Allen, he would publicize the proceedings and use that occasion to make further derogatory and defamatory comments harmful to the Plaintiffs' reputation and goodwill.

10. It is important to note that the Plaintiffs are not seeking a Temporary Restraining Order pending the hearing and disposition of its application for a preliminary injunction. Rather, it is moving by proposed Order to Show Cause solely as a mechanism to allow it to seek an injunction contemporaneously with the filing of its Complaint, and to seek an expedited hearing of its application. Accordingly, the Defendant will have notice and a full opportunity to be heard on the motion for a preliminary injunction before any substantive relief is granted.