**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**Notice:** TSDR is currently unable to display information for international reference numbers and international registration numbers. We are working to correct this error and we apologize for any inconvenience it causes.

STATUS    DOCUMENTS                                    | Back to Search        | Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2024-03-04 02:46:47 EST |
| **Mark:** | PINNACLE EMPLOYEE SERVICES |

**Pinnacle** Employee Services

| | | | |
|---|---|---|---|
| **US Serial Number:** | 90284799 | **Application Filing Date:** | Oct. 28, 2020 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalid and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all d the Trademark Document Retrieval link at the top of this page.

**Status Date:** Oct. 22, 2021

**Date Abandoned:** Oct. 13, 2021

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | PINNACLE EMPLOYEE SERVICES |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S) |
| **Description of Mark:** | The mark consists of an icon of two triangular figures representing people positioned to the left of the words Services. |
| **Disclaimer:** | "EMPLOYEE SERVICES" |
| **Design Search Code(s):** | 26.01.21 - Circles that are totally or partially shaded. |
| | 26.05.13 - Triangles, exactly two triangles; Two triangles |
| | 26.05.21 - Triangles that are completely or partially shaded |
| | 26.05.25 - Triangles with one or more curved sides |

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Payroll administration and management services

**International Class(es):** 035 - Primary Class    **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Nov. 18, 2014    **Use in Commerce:** Nov. 18, 2014

**For:** Administration of employee benefit plans concerning insurance and finance; Claims administration in the fie

**International Class(es):** 036 - Primary Class    **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Nov. 18, 2014    **Use in Commerce:** Nov. 18, 2014

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** Pinnacle Holding Company, LLC

**Owner Address:** 507 Plum St., Suite 120
Syracuse, NEW YORK UNITED STATES 13204

**Legal Entity Type:** LIMITED LIABILITY COMPANY    **State or Country Where Organized:** NEW YORK

## Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** George R. McGuire    **Docket Number:** 438T4402

**Attorney Primary Email Address:** bskpto@bsk.com    **Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** GEORGE R. MCGUIRE
BOND, SCHOENECK & KING, PLLC
ONE LINCOLN CENTER
SYRACUSE, NEW YORK UNITED STATES 13202

**Phone:** 315-218-8515    **Fax:** 3152188100

**Correspondent e-mail:** bskpto@bsk.com    **Correspondent e-mail** Yes

Authorized:

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 22, 2021 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Oct. 22, 2021 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Apr. 09, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Apr. 09, 2021 | NON-FINAL ACTION E-MAILED | |
| Apr. 09, 2021 | NON-FINAL ACTION WRITTEN | |
| Mar. 29, 2021 | ASSIGNED TO EXAMINER | |
| Dec. 22, 2020 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Dec. 20, 2020 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Nov. 01, 2020 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information**

| | | | |
|---|---|---|---|
| **TM Attorney:** | BROWNE, LUCY E | **Law Office Assigned:** | LAW OFFICE 125 |

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | TMO LAW OFFICE 125 - EXAMINING ATTORNEY ASSIGNED | **Date in Location:** | Oct. 22, 2021 |

## Assignment Abstract Of Title Information - None recorded

## Proceedings - None recorded

# Letter Of Protest (LOP) Memorandum

**Date:**    February 22, 2023

**To:**    Examining Attorney -

**From:**    Dawn-Marie Sanok
            Attorney Advisor
            Office of the Deputy Commissioner for Trademark Examination Policy

**Subject:**    Letter of protest concerning U.S. Application Serial No. 97695962 for the mark PINNACLE EMPLOYEE SERVICES

Upon consideration of evidence included with a letter of protest filed before publication of the above-referenced mark, it has been determined that the evidence is relevant to the following grounds for refusal and/or requirements:

- Possible likelihood of confusion under Trademark Act Section 2(d) with U.S. Registration No. 6696685 for the mark PINNACLE EMPLOYEE SERVICES.
- Possible suspension of the application in light of the court proceeding in the United States District Court for the Eastern District of California, Case 2:22-cv-01367-CKD.

U.S. Registration No. 6696685 is available in the XSearch database and the attached evidence, including a copy of the court proceeding, has been included in the record for your consideration. Please review and determine whether to issue a refusal or make a requirement. 37 C.F.R. §2.149(d)(1); TMEP §1715.02.

NOTE: The consideration of a letter of protest filed before publication is not a legal determination by the USPTO of registrability, nor is it meant to compromise the integrity of the ex parte examination process. It merely serves to bring the submitted evidence to the attention of the examining attorney, who determines whether a refusal or requirement should be raised or ultimately made final. See 37 C.F.R. §2.149(d)(1).

| To: | Pinnacle Holding Company, LLC (bskpto@bsk.com) |
|---|---|
| **Subject:** | U.S. Trademark Application Serial No. 90284799 - PINNACLE EMPLOYEE SERVICES - 438T4402 |
| **Sent:** | April 09, 2021 07:07:39 AM |
| **Sent As:** | ecom125@uspto.gov |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |

**United States Patent and Trademark Office (USPTO)**

**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application
Serial No.**
90284799

**Mark:**
PINNACLE
EMPLOYEE
SERVICES

**Correspondence
Address:**
GEORGE R.
MCGUIRE

BOND,
SCHOENECK &
KING, PLLC

ONE LINCOLN
CENTER

SYRACUSE, NY
13202

**Applicant:**
Pinnacle Holding
Company, LLC

No. 438T4402

**Correspondence
Email Address:**

bskpto@bsk.com

# NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within six months of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** April 09, 2021

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issues below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SUMMARY OF ISSUES**

- SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION
- MARK DESCRIPTION REQUIRES AMENDMENT

**SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION**

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in **U.S. Registration Nos. 4630566 and 4848739**. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*. *See* the attached registrations, both of which are owned by the same registrant.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Applicant's mark is PINNACLE EMPLOYEE SERVICES for the following services:

- **International Class 035:** Payroll administration and management services;
- **International Class 036:** Administration of employee benefit plans concerning insurance and finance; Claims administration in the field of workers' compensation.

The marks in reg. nos. 4630566 and 4848739 are both PINNACLE in International Class 036 for: "Third party administration of self-funded health benefit plans, namely, administration of employee benefit plans, health benefit plans, and employee welfare benefit plans concerning insurance and finance; Administration of health savings accounts; Claims administration services in the field of health and dental insurance; Insurance administration; Insurance claims administration." \

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.* , 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

**Comparison of Marks**

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC* , 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam* , 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

When comparing marks, "[t]he proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that [consumers] who encounter the marks would be likely to assume a connection between the parties." *Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1373, 127 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b). The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *In re Inn at St. John's, LLC* , 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re St. Helena Hosp.*, 774 F.3d 747, 750-51, 113 USPQ2d 1082, 1085 (Fed. Cir. 2014); *Geigy Chem. Corp. v. Atlas Chem. Indus., Inc.*, 438 F.2d 1005, 1007, 169 USPQ 39, 40 (C.C.P.A. 1971)), *aff'd per curiam* , 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

Applicant's mark is PINNACLE EMPLOYEE SERVICES in stylized format with a design.

The mark in reg. no. 4630566 is PINNACLE in stylized format with a design.

The mark in reg. no. 4848739 is PINNACLE in standard character format.

Adding a term to a registered mark generally does not obviate the similarity between the compared marks, as in the present case, nor does it overcome a likelihood of confusion under Section 2(d). *See Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (finding BENGAL and BENGAL LANCER and design confusingly similar); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1269 (TTAB 2009) (finding TITAN and VANTAGE TITAN confusingly similar); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002, 2004 (TTAB 1988) (finding MACHO and MACHO COMBOS confusingly similar); TMEP §1207.01(b)(iii). In the present case, the marks are identical in part as applicant has merely added the descriptive, disclaimed wording "EMPLOYEE SERVICES" to the registered mark, "PINNACLE", to read "PINNACLE EMPLOYEE SERVICES." As such, confusion is likely between the applied-for and registered marks.

The fact that the applied-for mark is in stylized format with a design does not obviate confusion between it and either of the registered marks because, when evaluating a composite mark consisting of words and a design, the word portion is normally accorded greater weight because it is likely to make a greater impression upon purchasers, be remembered by them, and be used by them to refer to or request the goods and/or services. *In re Aquitaine Wine USA, LLC*, 126 USPQ2d 1181, 1184 (TTAB 2018) (citing *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012)); TMEP §1207.01(c)(ii). Thus, although marks must be compared in their entireties, the word portion is often considered the dominant feature and is accorded greater weight in determining whether marks are confusingly similar, even where the word portion has been disclaimed. *In re Viterra Inc.*, 671 F.3d at 1366-67, 101 USPQ2d at 1911 (citing *Giant Food, Inc. v. Nation's Foodservice, Inc.*, 710 F.2d 1565, 1570-71, 218 USPQ2d 390, 395 (Fed. Cir. 1983)).

In sum, the marks are highly similar.

**Comparison of Services**

The services are compared to determine whether they are similar, commercially related, or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.* ,

308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

Applicant's services are as follows:

- **International Class 035:** Payroll administration and management services;
- **International Class 036:** Administration of employee benefit plans concerning insurance and finance; Claims administration in the field of workers' compensation.

The registrant's services for both marks are in International Class 036 for: "Third party administration of self-funded health benefit plans, namely, administration of employee benefit plans, health benefit plans, and employee welfare benefit plans concerning insurance and finance; Administration of health savings accounts; Claims administration services in the field of health and dental insurance; Insurance administration; Insurance claims administration."

Determining likelihood of confusion is based on the description of the services stated in the application and registration at issue, not on extrinsic evidence of actual use. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1307, 128 USPQ2d 1047, 1052 (Fed. Cir. 2018) (citing *In re i.am.symbolic, llc*, 866 F.3d 1315, 1325, 123 USPQ2d 1744, 1749 (Fed. Cir. 2017)).

In this case, the application uses broad wording to describe "administration of employee benefit plans concerning insurance and finance," which presumably encompasses all services of the type described, including registrant's more narrow "Third party administration of self-funded health benefit plans, namely, administration of employee benefit plans, health benefit plans, and employee welfare benefit plans concerning insurance and finance." *See, e.g., In re Solid State Design Inc.*, 125 USPQ2d 1409, 1412-15 (TTAB 2018); *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1025 (TTAB 2015). Thus, applicant's and registrant's Class 036 services are legally identical. *See, e.g., In re i.am.symbolic, llc*, 127 USPQ2d 1627, 1629 (TTAB 2018) (citing *Tuxedo Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 648 F.2d 1335, 1336, 209 USPQ 986, 988 (C.C.P.A. 1981); *Inter IKEA Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1745 (TTAB 2014); *Baseball Am. Inc. v. Powerplay Sports Ltd.*, 71 USPQ2d 1844, 1847 n.9 (TTAB 2004)).

Additionally, the services of the parties have no restrictions as to nature, type, channels of trade, or classes of purchasers and are "presumed to travel in the same channels of trade to the same class of purchasers." *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1268, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002)). Thus, applicant's and registrant's Class 036 services are related.

In regards to applicant's Class 035 services, the attached Internet evidence, consisting of webpage screenshots from *Emplicity, PRemployer*, and *Value PEO* establishes that the same entity commonly provides the relevant services and markets the services under the same mark. *See* attached evidence from *Emplicity, PRemployer*, and *Value PEO* demonstrating that entities frequently provide both the applicant's Class 035 payroll administration and management services, as well as the registrant's Class 036 administration of employee benefit plans. Thus, applicant's Class 035 and registrant's Class 036 services are considered related for likelihood of confusion purposes. *See, e.g., In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

In sum, the applied-for and registered marks are highly similar and the services of the parties are related. As such, registration is refused under Section 2(d) for likelihood of confusion purposes.

Although applicant's mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration.

If applicant responds to the refusal, applicant must also respond to the requirement set forth below.

## MARK DESCRIPTION REQUIRES AMENDMENT

Applicant must delete from the description any text that does not reference things appearing in the mark, such as interpretation, assessment, or analysis of the mark elements, or indications of how the mark is or is not used or intended to be used. A description must identify only the literal and design elements shown in the drawing. *See* 37 C.F.R. §2.37; TMEP §808.02.

The following description is suggested, if accurate:  **The mark consists of the wording "PINNACLE EMPLOYEE SERVICES" with "PINNACLE" stacked above "EMPLOYEE SERVICES", all of which is to the side of design of two triangles with curved edges with a circle in between the two triangles.**

## RESPONSE GUIDELINES

For this application to proceed, applicant must explicitly address each refusal and requirement in this Office action.  For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above.  For a requirement, applicant should set forth the changes or statements.  Please see "Responding to Office Actions" and the informational video "Response to Office Action" for more information and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal and requirement in this Office action.  *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

/Lucy Ellen Browne/
Lucy Ellen Browne
Examining Attorney
Law Office 125
571-270-0961
lucy.browne@uspto.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.**  A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

| To: | Pinnacle Holding Company, LLC (bskpto@bsk.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 90284799 - PINNACLE EMPLOYEE SERVICES - 438T4402 |
| Sent: | April 09, 2021 07:07:41 AM |
| Sent As: | ecom125@uspto.gov |
| Attachments: | |

### United States Patent and Trademark Office (USPTO)

## USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued

on **April 09, 2021** for

### U.S. Trademark Application Serial No. 90284799

Your trademark application has been reviewed by a trademark examining attorney.  As part of that review, the assigned attorney has issued an official letter that you must respond to by the specified deadline or your application will be abandoned.  Please follow the steps below.

**(1)  Read the official letter.**

**(2)  Direct questions** about the contents of the Office action to the assigned attorney below.

Browne, Lucy

Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

**(3)  Respond within 6 months** (or earlier, if required in the Office action) from **April 09, 2021**, using the Trademark Electronic Application System (TEAS).  The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  See the Office action for more information about how to respond

## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

· **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.** Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices –

most of which require fees.  All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**

.

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Friday, October 22, 2021 06:15 PM |
| **To:** | bskpto@bsk.com ; JMasella@PCM-Advisors.com |
| **Subject:** | Official USPTO Notification: U.S. Trademark SN 90284799 -- Docket/Reference No. 438T4402 |

OFFICIAL USPTO NOTICE OF ABANDONMENT

**TRADEMARK APPLICATION ABANDONED FAILURE TO TIMELY RESPOND TO OFFICE ACTION**

**U.S. Application Serial No.** 90284799
**Mark:** PINNACLE EMPLOYEE SERVICES (Stylized/Design)
**Owner:** Pinnacle Holding Company, LLC
**Docket/Reference No.** 438T4402

**Issue Date:** October 22, 2021

**The application above is abandoned** because we did not receive a response to the previous Office action within the six-month response period.

If you did not receive the Office action or if the delay in filing your response was unintentional, you can file a Petition to Revive Abandoned Application - Failure to Respond Timely to Office Action form. **You must file the petition within two months of the issue date of this notice. The petition must include the following:**

(1) A signed statement by someone with firsthand knowledge of the facts, stating that the delay in responding by the due date was unintentional;

(2) A complete response to the Office action if the Office action was received, or, if the Office action was not received, a clear statement of this fact; and

(3) A petition fee.

If you have proof that the application was abandoned due to USPTO error, you can file a Request for Reinstatement of the application and include the proof (such as a copy of an email confirmation issued by the USPTO that includes the date of receipt and a summary of the online submission). You must file the request **within two months of the issue date of this notice**. There is no fee for this request.

For more information on filing a petition, see our webpage on petitions.

For questions about this notice, filing a petition, or filing a request for reinstatement, contact the Trademark Assistance Center at 1-800-786-9199 (select option 1) or at TrademarkAssistanceCenter@uspto.gov.

View this notice and other documents for this application online in the Trademark Status and Document Retrieval (TSDR) database.

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for PINNACLE EMPLOYEE SERVICES, LLC, File Number 140728000242 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on May 24, 2022.

Brendan C. Hughes
Executive Deputy Secretary of State

Authentication Number: 100001617930 To Verify the authenticity of this document you may access the
Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

140728000242

## APPLICATION FOR AUTHORITY

### OF

### PINNACLE EMPLOYEE SERVICES, LLC

Under Section 802 of the Limited Liability Company Law

FIRST:   The name of the Limited Liability Company is Pinnacle Employee Services, LLC.

SECOND:   The jurisdiction of organization of the limited liability company is: Delaware. The date of its organization is: July 17, 2014.

THIRD:   The county within this state in which the office, or if more than one office, the principal office of the limited liability company is to be located is: Onondaga

FOURTH:   The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process served against him or her is: Gerald F. Stack, Esq., Hiscock & Barclay, LLP, One Park Place, 300 South State Street, Syracuse, NY 13202.

FIFTH:   The address of the office required to be maintained in the jurisiction of formation is: Paracorp Incorporated, 2140 South Dupont Highway, Camden, DE 19934

SIXTH:   The foreign limited liability company is in existence in its jurisdiction of formation at the time of filing of this application.

SEVENTH:   The name and address of the Secretary of State or other authorized official in its jurisdiction of organization where a copy of its articles of organization is filed is: Jeffrey

8294453.1

W. Bullock, Delaware Secretary of State, Division of Corporations, P.O. Box 898, Dover, Delaware 19903.

*Christine M Stilwell*

**Christine M. Stilwell**

Authorized Person

8294453.1

# *Delaware*

PAGE  1

### *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "PINNACLE EMPLOYEE SERVICES, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SEVENTEENTH DAY OF JULY, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "PINNACLE EMPLOYEE SERVICES, LLC" WAS FORMED ON THE SEVENTEENTH DAY OF JULY, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.

5570583   8300

140967530

You may verify this certificate online at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 1546127

DATE: 07-17-14

141030000469

# CERTIFICATE OF PUBLICATION

## OF

## PINNACLE EMPLOYEE SERVICES, LLC

### Under Section 802 of the Limited Liability Company Law

The undersigned is the Authorized Person of Pinnacle Employee Services, LLC

The published notices described in the annexed affidavits of publication contain all of the information required by Section 802 of the Limited Liability Company Law.

The newspapers described in such affidavits of publication satisfy the requirements set forth in the Limited Liability Company Law and the designation made by the county clerk.

I certify the foregoing statements to be true under penalties of perjury.

Date:  October 17, 2014

Christine M Stilwell

Christine M. Stilwell, Authorized Person

RECEIVED
DIVISION OF
CORPORATIONS
OCT 23 2014
DEPARTMENT OF STATE

8570664.1

141030000469

| To: | James P. Youngs(jyoungs@hancocklaw.com) |
| Subject: | U.S. Trademark Application Serial No. 97695266 - PINNACLE EMPLOYEE SERVICES |
| Sent: | September 15, 2023 05:33:06 AM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

6696685

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97695266

**Mark:** PINNACLE EMPLOYEE SERVICES

**Correspondence Address:**
JAMES P. YOUNGS
HANCOCK ESTABROOK, LLP
1800 AXA TOWER I, 100 MADISON STREET
SYRACUSE NY 13202
UNITED STATES

**Applicant:** Pinnacle Holding Company, LLC

**Reference/Docket No.** N/A

**Correspondence Email Address:** jyoungs@hancocklaw.com

## NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** September 15, 2023

The Office of the Deputy Commissioner for Trademark Examination Policy has considered a Letter of Protest received in connection with this application. The evidence presented in the submission was forwarded to the trademark examining attorney for consideration. *See* TMEP §1715.

The trademark examining attorney is incorporating this evidence by reference and taking further action, as specified below. *See* TMEP §1715.03(a).

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 6696685.  Trademark Act Section 2(d), 15 U.S.C.§1052(d); *see* TMEP§§1207.01 *et seq*.  See the attached registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

## COMPARISON OF THE MARKS

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

Applicant's mark is PINNACLE EMPLOYEE SERVICES.  Registrant's mark is PINNACLE EMPLOYEE SERVICES. The word portions of the marks are identical in appearance, sound, connotation, and commercial impression; therefore, the addition of a design element does not obviate the similarity of the marks in this case. *See In re Shell Oil Co.*, 992 F.2d 1204, 1206, 26 USPQ2d 1687, 1688 (Fed. Cir. 1993); TMEP §1207.01(c)(ii).

Accordingly, the marks create the same overall commercial impression.

COMPARISON OF THE SERVICES

The compared services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i); *see Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at *44 (TTAB 2022) (quoting *In re Jump Designs LLC*, 80 USPQ2d 1370, 1374 (TTAB 2006)).

Applicant's services in Class 035 are "Payroll administration and management services; human resources management services; personnel management services; administration of employee benefit plans concerning insurance, finance and retirement." Registrant's services are "Human resources consultation; Payroll preparation."

The services are highly related and are of a kind that may emanate from a single source under a single mark. *See In re I-Coat Co.*, 126 USPQ2d 1730, 1737 (TTAB 2018) (citing *In re Infinity Broad. Corp.*, 60 USPQ2d 1214, 1217-18 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988)); TMEP §1207.01(d)(iii).

The overriding concern is not only to prevent buyer confusion as to the source of the services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration. If applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

DISCLAIMER REQUIRED

Applicant must disclaim the wording "EMPLOYEE SERVICES" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's services. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

Here, the wording merely describes the subject matter and feature of the applicant's services.

Applicant may respond to this issue by submitting a disclaimer in the following format:

**No claim is made to the exclusive right to use "EMPLOYEE SERVICES" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/Steven Jackson/
Steven Jackson
Examining Attorney
LO107--LAW OFFICE 107
(571) 272-9409
Steven.Jackson@USPTO.GOV

## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.