IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>            Plaintiffs,<br><br>v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>            Defendants. | STIPULATED ORDER<br><br>Civil Action No. 5:24-cv-239 (GTS/TWD) |

**IT IS HEREBY STIPULATED AND AGREED** between the Parties, pending further Agreement between the Parties or further order of this Court, as follows:

1.   Defendants Michael Allen and Pinnacle Employee Services, Inc. (collectively the "Defendants") and their representatives shall refrain from publishing statements that Plaintiffs are "imposters," "posing as the Defendants" or otherwise engaging in deceptive or misleading conduct in connection with the Plaintiffs' use of their trademark PINNACLE EMPLOYEE SERVICES;

2.   Defendants shall remove from YouTube any and all videos referencing the Plaintiffs, its owners, representatives or employees (the "Videos"), including but not limited to (a) a video dated February 6, 2024 entitled the "PSA - Beware of this IMPOSTER…" and (b) a video dated February 9, 2024 entitled "My Response to NY PES Cease & Desists Letter – I'M NOT LEAVING!!";

3.   Defendants shall remove the Videos from all of the Defendants' personal and business social media accounts, including but not limited to Facebook, LinkedIn and Instagram;

4.   Defendants shall remove and permanently delete all posts, articles, comments and all other online or print publications referring to PES, LLC, Pinnacle Holding Company, Pinnacle

1

Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees or representatives as "imposters", "posing as" the Defendants, or stating or suggesting that the Plaintiffs have engaged in deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE SERVICES or any related trademarks;

5. Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, shall refrain from further disseminating, publishing, or posting the Videos;

6. Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, shall refrain from making any false, misleading, or defamatory statements about Pinnacle Employee Services, LLC, Pinnacle Holding Company, Pinnacle Investments, or any of their corporate affiliates, parents, subsidiaries, agents, employees, or representatives, including but not limited to statements:

   a. referring to the Plaintiffs as "imposters" or stating or suggesting Plaintiffs are "posing as" or have in the past "posed as" the Defendants,

   b. stating or suggesting that the Plaintiffs have engaged in any deceptive, fraudulent, or misleading activity with respect to the trademarks PINNACLE, PINNACLE EMPLOYEE SERVICES or any related trademarks;

   c. stating or suggesting that the Plaintiffs or their representatives have "committed perjury" or have violated Fed. R. Civ. P. 11 or been found to any court or other tribunal to have done so;

7. Defendants shall contact all third parties to which the Defendants have made complaints regarding the Plaintiffs' use of PINNACLE and/or PINNACLE EMPLOYEE SERVICES, including but not limited to YouTube, LinkedIn, Facebook, Instagram and the Plaintiffs' website provider, and withdraw those complaints, and request that all of the Plaintiffs' accounts, posts, and activities be restored;

8. Defendants and their employees, representatives, agents, affiliates, corporate parents or subsidiaries or any other person acting on their behalf, shall refrain from making further takedown demands, complaints or other comments regarding the Plaintiffs' social media accounts, website or domain name, including but not limited to YouTube, LinkedIn, Facebook, Instagram and the Plaintiffs' website provider;

9. Upon the Plaintiffs' request, those with notice of the Stipulated Order, including third party social media providers, shall within seven (7) calendar days after receipt of such notice, reinstate any accounts, postings, and related material that was previously removed due to facts or complaints related to this Order, including but not limited to complaints by the Defendants;

10. Upon execution, filing and entry of this Order, the Plaintiffs' motion for a preliminary injunction, ECF 2 and 7, shall be deemed withdrawn and the hearing scheduled for April 24, 2024 shall be removed from the Court's calendar; and

11. Both Defendant Michael Allen and Defendant Pinnacle Employee Services Inc. acknowledge and admit to receiving good and sufficient service of process of the Summons and Complaint, and the Parties agree that the Defendants' Answer to the Complaint shall be due on or before June 1, 2024.

[*Signatures on following page.*]

**H**ANCOCK **E**STABROOK**, LLP**

By: *s/ James P. Youngs*
James P. Youngs, Esq.
1800 AXA Tower I
100 Madison St.
Syracuse, NY 13202
Tel: (315) 565-4558
jyoungs@hancocklaw.com

*Counsel for Plaintiffs*

Michael Allen, Defendant

SO ORDERED:

_____
Hon. Glenn T. Suddaby
U.S. District Judge

4