**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

    Plaintiffs,

    v.

MICHAEL ALLEN and PINNACLE
EMPLOYEE SERVICES, INC.,

    Defendants.

Civil Action No. 5:24-cv-239
(GTS/TWD)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
**FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND**
**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## <u>TABLE OF CONTENTS</u>

Table of Authorities ...................................................................................................... ii

FACTUAL BACKGROUND .......................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.   The Court Must Dismiss This Action Because it Lacks Personal Jurisdiction over
Defendants ...................................................................................................................... 2
   a.   Legal Standard for Personal Jurisdiction ................................................................ 2
   b.   Plaintiffs Have Not Met Their Burden to Establish Personal Jurisdiction ............. 4
      i.   The FAC fails to allege any facts to support general jurisdiction in New York ........... 4
      ii.   The FAC also fails to allege facts to support specific personal jurisdiction in
New York ....................................................................................................................... 5

II.   Venue is Improper in the Northern District of New York ......................................... 11
   a.   Legal Standard for Motion to Dismiss for Improper Venue ................................. 11
   b.   Venue is Improper Under Sections 1391(b)(1) and 1391(b)(3) ............................ 12
   c.   Venue Is Improper Under Section 1391(b)(2) ...................................................... 12

III.   Plaintiffs Fail to State a Claim for the Fourth, Fifth, Sixth, Seventh, and eighth Causes of
Action ........................................................................................................................... 13
   a.   Legal Standard for Rule 12(b)(6) Motion to Dismiss .......................................... 13
   b.   Plaintiffs' False Advertising claim under Lanham Act 15 U.S.C. § 1125(a)(1)(B) Fails as
a Matter of Law and Must be Dismissed (Count IV) ............................................ 13
      i.   Defendants' YouTube Videos and Online Comments are not "commercial advertising
or promotion." ............................................................................................................. 14
         1.   Defendants' statements are not "commercial speech." .............................................. 15
         2.   Defendants' Statements were not disseminated sufficiently to the relevant
purchasing public and therefore cannot be considered "advertising"
or "promotion."……………………………………………………………………15
      ii.   Defendants' YouTube videos and online comments are protected free speech and not
susceptible to claims under 15 U.S.C. § 1125(a)(1)(B). ............................................. 16
   c.   Plaintiffs' Claims under N.Y. Gen. Bus. Law §§ 349 and 350 Must Be Dismissed (Counts
V and VI) .............................................................................................................. 17
   d.   Plaintiffs' Defamation Claims Must be Dismissed (Counts VII and VIII) ...................... 18
      i.   The allegedly defamatory statements are inactionable statements of opinion. ............. 19
      ii.   The allegedly defamatory statements are true or substantially true. ............................ 20
      iii.   The allegedly defamatory statements are subject to the fair report privilege and
therefore cannot form the basis of a Defamation Claim. ............................................. 22
      iv.   The FAC Fails to Plead Actual Malice. .................................................................. 24

IV.   CONCLUSION ......................................................................................................... 25

# TABLE OF AUTHORITIES

## Cases

*Air Innovations Inc. v. Barker Co., Ltd.*, 2010 WL 11494032, at *5 (N.D.N.Y. Jun. 17, 2010)
(Suddaby, J.) ................................................................................................................... 5

*Alf v. Buffalo News, Inc*, 972 N.Y.S.2d 206 207 (2013) ............................................................ 23

*Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir. 1974) ........................... 14

*Anderson v. Treadwell*, 294 F.3d 453, 460 (2d Cir. 2002) (citing *Bolger*, 463 U.S. at 67)......... 15

*Angio Medical Corp. v. Eli Lilly & Co.*, 720 F.Supp. 269, 272 (S.D.N.Y. 1989) ....................... 18

*Anthem Sports, LLC v. Under the Weather, LLC*, 320 F.Supp.3d 399, 414 (D. Conn. 2018)...... 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) ............................................................................................................................. 13

*Biro v. Conde Nast*, 883 F.Supp.2d 441, 457 (S.D.N.Y. 2012).................................................. 18

*Bisimwa v. St. John Fisher Coll.*, 149 N.Y.S.3d 428, 434 (4th Dep't 2021) ............................... 22

*BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596 (S.D.N.Y. 2017).................... 12

*Bouchard v. Daily Gazette Co.*, 25 N.Y.S.3d 730, 732 (3d Dep't 2016) .................................... 23

*Boule v. Hutton*, 328 F.3d 84, 91 (2d Cir. 2003) ..................................................................... 14

*Calder v. Jones*, 465 U.S. 783 (1984)........................................................................................ 2

*Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996)……………………………11

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)............................ 2

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) ........ 16

*Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 93 (2d Cir. 2010).................................... 14

*Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) ................................................................... 4

*Doe v. Columbia*, 831 F.3d 46, 48 (2d Cir. 2016) .................................................................... 13

*Doe v. Lawrence Univ.*, 2024 WL 1116454, at *23 (N.D.N.Y. Mar. 14, 2024).......................... 24

*Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980)................................. 7

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002).......... 15

*Fischer v. Stiglitz*, 15-CV-6266 (AJN), at *9 (S.D.N.Y. June 8, 2016) ....................................... 11

*Fleckenstein v. Friedman*, 266 N.Y. 19, 23 (1934) ...................................................... 20

*Fon v. Krowe*, 164 N.Y.S.3d 843, 844 (2d Dep't 2022) ............................................ 22

*Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 94 (1st Dept. 2015) ......................................... 20

*Fulani v. New York Times Co.*, 260 A.D.2d 215 (1st Dep't 1999) ............................... 21

*Garcia v. Puccio*, 793 N.Y.S.2d 382, 383 (1st Dep't 2005) ............................................ 22

*Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004)........................................... 14

*Gonzalez v. Gray*, 69 F.Supp.2d 561 (S.D.N.Y. 1999), *aff'd* 216 F.3d 1072 (2d Cir. 2000)........ 20

*Gottwald v. Sebert*, 197 N.Y.S.3d 694, 703 (2023) .................................................. 23

*Greenberg v. Spitzer*, 62 N.Y.S.3d 372, 383-84 (2d Dep't 2017)................................. 20

*Gross v. New York Times Co.*, 82 N.Y.2d 146, 152-53 (1993).................................... 18

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)................................... 12

*Holliswood Owners Corp. v. Rivera*, 145 A.D.3d 968 (2d Dep't 2016)........................... 19

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ............................................. 4

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-86 (2d Cir. 1998) ........................ 2

*Kesner v. Buhl*, 590 F.Supp.3d 680, 693 (S.D.N.Y. 2022)........................................... 25

*Kim v. Dvorak*, 230 A.D.2d 286, 290 (N.Y. App. Div. 1997 ....................................... 9

*Legros v. Irving*, 38 A.D.2d 53, 56 (N.Y. App. Div. 1971)............................................ 8

*Levin v. McPhee*, 917 F. Supp. 230 (S.D.N.Y. 1996)................................................... 19

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) ................. 3

*Mann v. Abel*, 10 N.Y.3d 271, 277 (2008)................................................................. 18

*Melius v. Glacken*, 94 A.D.3d 959 (2012) ................................................................ 20

*Merck Eprova AG v. Brookstone Pharmaceuticals, LLC*, 920 F.Supp.2d 404, 425 (S.D.N.Y. 2013) ................................................................................................................ 17

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567–68 (2d Cir.1996) ................... 4

*Montgomery v. Minarcin*, 263 A.D.2d 665, 667 (N.Y. App. Div. 1999) ...................................... 9

*Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) ......................................................................................................................................... 22

*N. Shore Towers Apartments Inc. v. Kozminsky*, 193 N.Y.S.3d 310, 313 (2d Dep't 2023).......... 23

*NXIVM Corp. v. Foley*, 2015 WL 12748008, at *6-7 (N.D.N.Y. Sept. 17, 2015) ....................... 24

*Penachio v. Benedict*, 461 Fed, App'x 4, 5 (2d Cir. 2012) ......................................................... 9

*Pinnacle Employee Services, Inc. v. Pinnacle Holding Co., LLC*, No. 222CV01367KJMCKD, 2023 WL 5435975, at *2n1 (E.D. Cal. Aug. 23, 2023) ......................................................... 23

*Ram v. Moritt*, 205 A.D.2d 516 (2d Dep't 1994) ....................................................................... 19

*Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014) .............................................................. 4

*Reus v. ETC Hous. Corp.*, 164 N.Y.S.3d 692, 697 (3d Dep't 2022)............................................ 20

*Sabharwal & Finkel, LLC v. Sorrell*, 117 A.D.3d 437 (1st Dep't 2014) ...................................... 19

*Saleh v. New York Post*, 915 N.Y.S.2d 571, 574 (2d Dep't 2010)................................................ 23

*Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F.Supp.3d 548, 558 (S.D.N.Y. 2017) 17

*Schultz v. Safra Nat. Bank of New York*, 377 Fed.Appx. 101, 102 (2d Cir. 2010) ........................ 3

*Securitron Magnalock Corp. v. Shnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)................................ 17

*Shulman v. Hunderfund*, 878 N.Y.S.2d 230, 234 (2009) ............................................................. 20

*Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)............. 2

*SPCA of Upstate New York, Inc. v. American Working Collie Ass'n*, 18 N.Y.3d 400, 404 (N.Y. 2012) ......................................................................................................................................... 8

*Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010) ................................................................. 3

*Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289 (1986)................................................................... 18

*Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 44 (1st Dep't 2014)......................................... 22

*Stephan v. Babysport*, LLC, 499 F. Supp. 2d 279, 288 (E.D.N.Y. 2007)...................................... 6

*Symmetra Pty Ltd. v. Human Facets, LLC*, 12 Civ. 8857 (SAS), at *16-17 (S.D.N.Y. June 13, 2013) ......................................................................................................................................... 7

*Talbot v. Johnson Newspaper Corporation, MacLaren*, 71 N.Y.2d 827, 829 (N.Y. 1988) ....... 8, 9

*Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013)........................ 2

*Udell v. NYP Holdings, Inc.*, 94 N.Y.S.3d 314, 317 (2d Dep't 2019) ........................................... 20

*United States v. Caronia*, 703 F.3d 149, 163 (2d Cir. 2012) ....................................................... 15

*Vitolo v. Mentor H/S, Inc.*, 426 F.Supp.2d 28, 34 (E.D.N.Y.2006) .............................................. 18

*Weiner v. Doubleday & Co.*, 74 N.Y.2d 586 (1989), *cert. den'd*, 495 U.S. 930 (1990)............... 18

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) ............................... 6, 7

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) ........................................... 4

## Statutes

15 U.S.C. § 1125 ............................................................................................................ 15, 16, 18

28 U.S.C. § 1391 ........................................................................................................................... 12

28 U.S.C. § 1391(b) ...................................................................................................................... 13

28 U.S.C. §§ 1404(a) .................................................................................................................... 13

28 U.S.C. §1406(a) ....................................................................................................................... 13

## Other Authorities

N.Y. Civ. Rights Law § 74 ............................................................................................................ 25

N.Y. Gen. Bus. Law § 349 ............................................................................................................ 19

N.Y. Gen. Bus. Law § 350 ...................................................................................................... 19, 20

**Rules**

CPLR § 302(a) ........................................................................................... passim

CPLR § 302(a)(1) .......................................................................................... 2, 5

Fed. R. Civ. P. 11(b)(3) .................................................................................... 26

Defendants Michael Allen ("Allen") and Pinnacle Employee Services, Inc. ("PES, Inc.") (collectively "Defendants"), by and through their undersigned counsel, respectfully move for an order dismissing Plaintiffs' Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC (collectively "Plaintiffs") First Amended Complaint (the "FAC") for (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim upon which relief can be granted with respect to the FAC's Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action.

## FACTUAL BACKGROUND

This action does not arise from any conduct based out of or related to New York, other than the fact of Plaintiffs' domicile in New York. The alleged conduct that gave rise to this action all originated and occurred in California, where this action belongs.[1]

Mr. Allen is the Chief Executive Office of PES, Inc. Declaration of Michael Allen ("Allen Decl."), ¶ 1. PES, Inc. is one of the leaders in the employee benefits industry in Northern California and provides payroll services and human resources support to many business owners. *Id.* at 25. Mr. Allen is an individual that resides and works in California, and PES, Inc. is a California corporation with a California office. *Id.* at ¶¶ 2-4, 14-15. Neither Defendant owns or leases any property in New York, has any bank or investment accounts in New York, buys or sells assets in New York, or employs anyone in New York. *Id.* at ¶¶ 6-9, 17, 18, 20-21. Neither defendant is the controlling shareholder of any corporation registered in New York. *Id.* at ¶¶ 11, 23.

PES, Inc. conducts some of its business via its website located at the domain name <pinnaclehro.com>, which provides information regarding its payroll and human resources services and allows users to contact PES, Inc. in California. *Id.* at ¶ 26. The customers of PES,

---

[1] Defendants dispute the FAC's jurisdictional and venue allegations. Defendants incorporate the remaining allegations of the FAC as though fully set forth herein.

1

Inc. are predominantly located in California and the West Coast, and none of the companies to

whom PES, Inc. provides payroll and human resources services are located in New York. *Id.* at

¶¶ 25, 27. Accordingly, California is the proper forum for this action.

## ARGUMENT

## I.  THE COURT MUST DISMISS THIS ACTION BECAUSE IT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### a.  Legal Standard for Personal Jurisdiction

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the

burden of demonstrating personal jurisdiction. *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729

F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Group*, 609 F.3d 30, 34 (2d Cir. 2010)). The

plaintiff must first establish that New York's long-arm statute permits the court's exercise of

personal jurisdiction, and second that the exercise of jurisdiction is consistent with federal due

process. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). Where

the court decides the motion on pleadings and affidavits, plaintiff's burden is to make a prima facie

showing of jurisdiction. *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138

(2d Cir. 2010). Nevertheless, "[t]his prima facie showing 'must include an averment of facts that,

if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'"

*In re Terrorist Attacks on September 11,2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v.

Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). Allegations lacking factual

specificity do not satisfy plaintiff's burden and the Court should not accept them. *Terrorist Attacks*,

714 F.3d at 673 (quotations and citations omitted); *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181,

184-86 (2d Cir. 1998). Additionally, a plaintiff must demonstrate jurisdiction over each defendant

individually. *See Calder v. Jones*, 465 U.S. 783 (1984).

District courts may exercise personal jurisdiction over out of state residents to the extent permitted by the long arm statute of the forum state. *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). In the Second Circuit, courts must "first consider whether the requirements of the [New York] statute have been satisfied before proceeding to address whether the exercise of jurisdiction would comport with the Due Process Clause. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012). To demonstrate personal jurisdiction, the plaintiff must show "either that the defendant was 'present' and 'doing business' in New York within the meaning of [CPLR] § 301, [general jurisdiction], or that the defendant committed acts within the scope of New York's long-arm statute, [CPLR] § 302, [specific jurisdiction]." *Schultz v. Safra Nat. Bank of New York*, 377 Fed. Appx. 101, 102 (2d Cir. 2010).

Although the FAC is silent as to which statute it is proceeding under, CPLR § 302(a)(1) and (3) appear to be the applicable statues.[2] *See* CPLR § 302(a). CPLR § 302(a) provides that courts in New York may exercise jurisdiction over an out-of-state defendant when the nonresident, "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state"; or "(3) commits a tortious act without the state causing injury to a person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Id.* Thus, CPLR § 302 authorizes a court to exercise personal jurisdiction over nonresidents only when the

---

[2] Section 302(a)(2) confers specific personal jurisdiction over a non-domiciliary defendant who "commits a tortious act *within* the state." *See* CPLR § 302(a)(2) (emphasis added). Section 302(a)(4) confers specific personal jurisdiction over a non-domiciliary defendant who "owns, uses or possesses any real property situated within the state." *See* CPLR § 302(a)(4). No allegations in the FAC suggest that Defendants committed tortious acts within New York, or that either of the Defendants own, use, or possess any real property located in New York.

prescribed "minimum contacts" with the state are established. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### b.  Plaintiffs Have Not Met Their Burden to Establish Personal Jurisdiction

i.  <u>The FAC fails to allege any facts to support general jurisdiction in New York</u>

Under § 301, a defendant "is subject to general personal jurisdiction in New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). A defendant "is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa*, 226 F.3d at 95 (internal quotation marks and bracketing omitted). "In order to establish that this standard is met, a plaintiff must show that a defendant engaged in continuous, permanent, and substantial activity in New York." *Id.*; *see also Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567–68 (2d Cir.1996) ("Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.").

To comply with due process requirements, before finding general jurisdiction over a defendant, that defendant "must be domiciled in New York, served in New York, or have otherwise consented to the court's jurisdiction." *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014). General jurisdiction is rarely extended over individuals in a state that is not otherwise their domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)

None of the allegations in the FAC suggest that either PES, Inc. or Michael Allen is at home in New York. Neither defendant owns or leases real property in New York, resides in New

York, regularly visits New York, or earns revenue in New York. *See* Allen Decl., ¶¶ 4, 14, 15. Both Defendants are at home in California.

ii.    The FAC also fails to allege facts to support specific personal jurisdiction in New York

Plaintiffs' conclusory allegations also fail to establish that PES, Inc. or Mr. Allen, possessed the requisite "minimum contacts" with New York to support the exercise of specific jurisdiction under New York's long-arm statute. In the Second Circuit, a plaintiff must posit facts that, by virtue of his internet activities, "the defendant purposefully avail[ed him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007) (interpreting N.Y. CPLR § 302(a)(1)). The appropriate inquiry is whether "the aggregate of the corporation's activities in the State such that it may be said to be present in the State not occasionally or casually, but with a fair measure of permanence and continuity . . . and is the quality and nature of the corporation's contacts with the State sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice." *Air Innovations Inc. v. Barker Co., Ltd.*, 2010 WL 11494032, at *5 (N.D.N.Y. Jun. 17, 2010) (Suddaby, J.).

Plaintiffs fail to plausibly allege that Defendants have "transacted business" within the meaning of CPLR § 302(a)(1). At best, Plaintiffs offer conclusory allegations that Defendants "have availed themselves of the rights and benefits of the laws of New York" and that "[u]pon information and belief, Defendants have engaged in business under the name PINNACLE EMPLOYEE SERVICES in New York." FAC, ¶¶ 11-12. These allegations do not plausibly indicate even a single transaction within New York, let alone demonstrate activities that have "a fair measure of permanence and continuity" in New York. *Air Innovations Inc.*, 2010 WL 11494032, at *5. Accordingly, for the claims sounding in trademark infringement, the FAC fails to establish that Defendants are subject to personal jurisdiction under CPLR § 302(a)(1).

An analysis under Section 302(a)(3) yields the same result. CPLR § 302(a)(3) "provides for the exercise of jurisdiction over a defendant . . . who commits a tortious act outside of New York that causes injury within New York [and] the defendant's activities must meet one of the two sets of statutory criteria set forth in subsections (i) or (ii) of Section 302(a)(3)." *Stephan v. Babysport*, LLC, 499 F. Supp. 2d 279, 288 (E.D.N.Y. 2007).

> As to subsection (i), jurisdiction is proper if, in addition to commission of the tortious act outside of New York with instate consequence, the defendant either: (1) regularly does or conducts business in New York, (2) **engages in any other "persistent course of conduct" in New York,** or (3) derives substantial revenue from goods used or services rendered in New York.
>
> As to subsection (ii), jurisdiction is proper, if, in addition to commission of the tortious act outside of New York with instate consequence, the defendant: (1) **expects or should reasonably expect his acts to have New York consequences** and (2) derives "substantial revenue" from interstate or international commerce.

*Id.* (emphasis added); N.Y. C.P.L.R. § 302(a)(3)(i)-(ii). Furthermore, "[c]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (citations omitted). Importantly, "the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.*

As a threshold matter, the FAC makes "not even a prima facie showing to support a claim that Defendants regularly do or conduct business or engage in any other 'persistent course of conduct' in New York." *Babysport, LLC*, 449 F.Supp.2d at 288. Indeed, the FAC alleges, in conclusory fashion, that "[u]pon information and belief, the Defendants have marketed and offered for sale their services under the name PINNACLE EMPLOYEE SERVICES." FAC ¶ 13. Similarly, Plaintiffs' vague assertion that Defendants "conducted business relating to and pursued

enforcement of its alleged rights under the '685 Registration in New York" likewise fail to demonstrate any "persistent course of conduct" in New York. *Id.* at ¶ 11.

Plaintiffs also fail under the criteria set forth in CPLR § 302(a)(3)(ii). Assuming Defendants did commit an act outside of New York, Plaintiffs fail to allege, and ultimately cannot prove, that the situs of the alleged injury was New York. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) ("the situs of injury for purposes of asserting long arm jurisdiction is the place where the underlying, original event occurred which caused the injury.") The only possible connection with New York is that Plaintiffs are based here, and that is insufficient to confer jurisdiction over Defendants. *See Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980) (finding "the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction"). Furthermore, "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside of New York." *Id.* (quoting *United Bank of Kuwait v. James M. Bridges, Ltd.*, 766 F.Supp. 113, 116 (S.D.N.Y. 1991)). Defendants are both domiciled in California, and the "original event" allegedly causing injury all emanated from California. Accordingly, personal jurisdiction is not proper over Defendants under CPLR § 302(a)(3) for Plaintiffs' claims sounding in trademark infringement.

Plaintiffs' claims sounding in defamation, false advertising, and deceptive practices must meet the same fate. Sections 302(a)(2) and (3) of New York's long-arm statute expressly exclude actions for defamation, as the result of New York legislature's judgment that exercising jurisdiction over out of state defendants solely on the basis of defamation would chill free expression. *Symmetra Pty Ltd. v. Human Facets, LLC*, 12 Civ. 8857 (SAS), at *16-17 (S.D.N.Y. June 13, 2013). "[I]n determining whether personal jurisdiction may be exercised under Section

302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action aris[es] from such a business transaction." *Eternal Asia Supply Chain Mgmt.*, 2013 WL 1775440, at *4 (quoting *Licci*, 673 F.3d at 60).

New York courts interpret transacting business under section 302(a)(1) narrowly in defamation cases. Specifically, "the 'single act' of uttering a defamation, no matter how loudly, is not a 'transaction of business' that may provide the foundation for personal jurisdiction." *Best Van Lines v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007). However, a court may exercise jurisdiction over a claim for defamation where "the defendants' out-of-state conduct involve[s] defamatory statements projected into New York and targeting New Yorkers, . . . [and] the conduct also include[s]" further acts solidifying the defendant's connection with New York. *Id.* at 249.

For jurisdiction to lie in New York in a defamation case, the defendant must have either had additional contacts with New York that were related to the alleged defamatory statements or purposefully targeted the statements to New York. *SPCA of Upstate New York, Inc. v. American Working Collie Ass'n*, 18 N.Y.3d 400, 404 (N.Y. 2012); *Talbot v. Johnson Newspaper Corporation, MacLaren*, 71 N.Y.2d 827, 829 (N.Y. 1988) ("Essential to the maintenance of this [defamation] action against the [defendants] are some 'purposeful activities' within the State and a 'substantial relationship' between those activities and the transaction out of which the cause of action arose."). For example, where a book containing allegedly defamatory statements was researched and printed in New York and where the publishing contract was negotiated and executed in New York, and "virtually all the work attendant upon publication of the book occurred in New York" the cause of action was deemed to arise out of the New York contacts. *Legros v. Irving*, 38 A.D.2d 53, 56 (N.Y. App. Div. 1971). Similarly, where an allegedly defamatory television news report that was researched (over a six-week period), was written, produced and

broadcast in New York, and "all of the operative facts giving rise to plaintiff's claims occurred" in New York, the cause of action was deemed to arise out of the New York contacts. *Montgomery v. Minarcin*, 263 A.D.2d 665, 667 (N.Y. App. Div. 1999).

In cases where the defendant merely makes allegedly defamatory statements into New York, courts consistently find that there is no jurisdiction. *See e.g.*, *Kim v. Dvorak*, 230 A.D.2d 286, 290 (N.Y. App. Div. 1997 (finding no jurisdiction where defendant sent a letter into New York but "derives no income from services performed in New York, transacts no business here and notes that all of the activities complained of took place in [another state]."); *Copp v. Ramirez*, 62 A.D.3d 23 (N.Y. App. Div. 2009) (finding no jurisdiction where alleged defamation aired on New York television and was based on research physically conducted in New York.); *Talbot v. Johnson Newspaper Corporation, MacLaren*, 71 N.Y.2d 827 (N.Y. 1988) (finding no jurisdiction where defendant sent a letter into New York even though it related to daughter's New York college experience.); *Penachio v. Benedict*, 461 Fed, App'x 4, 5 (2d Cir. 2012) (finding no jurisdiction where allegedly defamatory statements posted on YouTube).

Defendants did not make the allegedly defamatory statements in New York. Defendants lack any "additional contacts" with New York that are related to the allegedly defamatory statements, and nor did Defendants purposefully target the statements to New York. *SPCA of Upstate New York, Inc.*, 18 N.Y.3d at 404. According to the FAC, Mr. Allen posted two YouTube videos that contained allegedly defamatory statements regarding Plaintiffs. The FAC's jurisdictional allegations note that "[u]pon information and belief, the Defendants knew and intended that their defamatory statements, false advertisements and deceptive business activities would be viewed or received by and affect New York residents in New York, including Plaintiffs' customers." FAC ¶ 15. The fact that the YouTube videos were accessible by New York residents

or others located in New York is of no moment. Rather, the YouTube videos, and any links thereof posted on other social media websites, were accessible by a nationwide audience. Certainly, the statements within the videos were not directed to New York consumers or made with any focus on New York, and Plaintiffs' conclusory assertion that "[u]pon information and belief, the Defendants knowingly and specifically targeted New York consumers" falls short of the requisite plausibility standard. And, posting YouTube videos accessible to New York residents does not alone amount to a "transaction of business" within the state under Section 302(a)(1). *Penache*, 461 Fed. App'x at 5-6; *Best Van Lines*, 490 F.3d at 253 (finding comments posted on website did "not establish that, for purposes of Section 302(a)(1), [defendant] purposefully availed himself of the privilege of conducting activities within New York, thus invoking the benefits and protection of its laws.").

Additionally, while Plaintiffs treat Mr. Allen and PES, Inc. collectively in the FAC's jurisdictional allegations, the Court must consider each party separately for purposes of analyzing personal jurisdiction. Mr. Allen, an individual, conducts no business and provides no services anywhere in this judicial district. Mr. Allen lives in California, owns no property in New York and conducts no business in New York in his individual capacity. While Mr. Allen is President and CEO of PES, Inc., the corporation exists as a separate legal entity. PES, Inc. is a California corporation, with offices only in California. PES, Inc. owns no property in New York and none of the businesses to which it provides employee services are incorporated, headquartered, or otherwise located in New York. Allen Decl. ¶¶ 6, 18, 27. Plaintiffs' failure to allege any specific facts, outside of posting two YouTube videos on social media, that show that either defendant transacted business in New York warrants dismissal.

Lastly, Plaintiffs' remaining claims that sound in defamation must also fail due to the statutory exception for defamation set forth in New York's long-arm statute. *See* CPLR § 302(a)(3).

While Plaintiffs also allege false advertising and deceptive trade acts and practices, those allegations must rise or fall with the defamation allegations. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996) ("Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation."); *see also Fischer v. Stiglitz*, 15-CV-6266 (AJN), at *9 (S.D.N.Y. June 8, 2016) (finding no jurisdiction under 302(a)(2 and (3) for tortious interference claims as well as claims under the New York Civil Rights Law and the Lanham Act, because those claims "—regardless of how they are denominated— rest on Defendants' allegedly defamatory statements").

The FAC does not allege any false advertising or unfair and deceptive trade acts and practices that are separable from the allegations of defamation. The FAC alleges that as a result of the allegedly defamatory statement made by Defendants, Plaintiffs were injured. Assuming arguendo that the allegedly defamatory statements were true, there would be no separate cause of action available to Plaintiffs for false advertising or unfair and deceptive trade acts and practices. Further, if those statements are true, the truth will be a complete defense to the defamation claim and all other causes of action in the FAC. Accordingly, the Court should dismiss this case in its entirety for lack of personal jurisdiction over Defendants.

## II.    VENUE IS IMPROPER IN THE NORTHERN DISTRICT OF NEW YORK

### a.  Legal Standard for Motion to Dismiss for Improper Venue

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located," or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) in which any defendant resides, if there is no other proper district and the defendant is subject to the

court's personal jurisdiction. If venue is improper, the court must dismiss the case or transfer it to a district in which venue is proper. *See*, 28 U.S.C. §§ 1404(a) and 1406(a).

At this stage of the litigation, Plaintiffs have the burden of making a prima facie showing that venue is proper. *See BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596 (S.D.N.Y. 2017) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). As with personal jurisdiction, Plaintiff must make legally sufficient allegations, including averments of facts that, if credited, would suffice to establish that jurisdiction exists and venue is proper. Id. at 597 (citing Penguin Group, 609 F.3d 30, 35 (2d Cir. 2010)).

### b.  Venue is Improper Under Sections 1391(b)(1) and 1391(b)(3)

Plaintiffs fail to allege facts sufficient to establish proper venue. Sections 1391(b)(1) is wholly inapplicable because the FAC does not allege that either Defendant resides in New York as (b)(1) would require. Section 1391(b)(3) is also inapplicable because there is no personal jurisdiction over Defendants and the case could have been brought in the Eastern District of California. PES, Inc. is incorporated in California and has all of its places of business in California and Mr. Allen lives there. Under § 1391(b)(1) the judicial district in which PES, Inc. has its principal place of business is a proper venue for both Mr. Allen and PES, Inc. Section 1391(b)(3), therefore, does not provide for proper venue over the Defendants in New York.

### c.  Venue Is Improper Under Section 1391(b)(2)

Plaintiffs fare no better under § 1391(b)(2), because the FAC fails to allege non-conclusory facts that "a substantial part of the events giving rise to this action" in this judicial district. As set forth above, the alleged acts sounding in trademark infringement, as well as the allegedly defamatory statements, emanated from California. Accordingly, the Court should dismiss the FAC in its entirety for improper venue.

### III.     PLAINTIFFS FAIL TO STATE A CLAIM FOR THE FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION

#### a.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12 (b)(6), the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Doe v. Columbia*, 831 F.3d 46, 48 (2d Cir. 2016). However, a complaint that offers only "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court will dismiss claims pursuant to Rule 12(b)(6) if the plaintiff has failed to plead sufficient facts to state a claim to relief is facially plausible. *Twombley*, 550 U.S. at 570. A complaint that does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" should be dismissed. *Iqbal*, 556 U.S. at 678. To plead sufficient facts, a plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Twombley*, 550 U.S. at 570. Further, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.*

#### b.  Plaintiffs' False Advertising claim under Lanham Act 15 U.S.C. § 1125(a)(1)(B) Fails as a Matter of Law and Must be Dismissed (Count IV)

Plaintiffs' fourth claim for relief is for false advertising under the Lanham Act 15 U.S.C 1125(a)(l)(B). FAC, ¶¶ 145-156. Plaintiffs claim Defendants' publications of YouTube videos and social media postings constitute false advertisements regarding Plaintiffs, pursuant to a strained, at best, reading of the Lanham Act. *Id.*

15 U.S.C. § 1125 provides, in pertinent part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof: or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which– . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(l)(B). The Second Circuit has noted that "[t]he Act's purpose . . . is exclusively to protect the interests of a **purely commercial class** against unscrupulous **commercial conduct**." *Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir. 1974) (emphasis added). Section 1125(a) does not have unfettered application, but rather "is limited to false advertising as that term is generally understood." *Id.* Because Plaintiffs' FAC seeks to hold Defendants liable for speech, it is important to begin with the observation of the Second Circuit that "we have been careful not to permit overextension of the Lanham Act to intrude on First Amendment values." *Boule v. Hutton*, 328 F.3d 84, 91 (2d Cir. 2003) (internal quotation marks omitted).

   i. <u>Defendants' YouTube Videos and Online Comments are not "commercial advertising or promotion."</u>

   In the Second Circuit, to constitute commercial advertising or promotion under the Lanham Act, a statement must be: (1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public. *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004). Core commercial speech is "speech which does no more than propose a commercial transaction." *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 93 (2d Cir. 2010) (citations omitted). Put another way, commercial speech is "expression solely related to the economic

interests of the speaker and its audience." *United States v. Caronia*, 703 F.3d 149, 163 (2d Cir. 2012). Most importantly, the "touchstone of whether a defendant's actions may be considered 'commercial advertising or promotion' under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002).

The Second Circuit considers the following factors to categorize commercial speech: (1) whether the speech is an advertisement; (2) whether the speech refers to a specific product or service; and (3) whether the speaker has an economic motivation for the speech. *Anderson v. Treadwell*, 294 F.3d 453, 460 (2d Cir. 2002) (citing *Bolger*, 463 U.S. at 67).

### 1. *Defendants' statements are not "commercial speech."*

In an effort to support their threadbare Lanham Act claim, Plaintiffs attempt to cast Defendants' allegedly false statements as "commercial speech." Plainly, Defendants' statements that Plaintiffs are "impostors" and are "posing" as PES, Inc., as well as their statements concerning the lack of Plaintiffs' federal trademark registration, do not fall within the "core notion" of commercial speech, "which does no more than propose a commercial transaction." *Id.* (quoting *Bolger*, 463 U.S. at 66-67). Furthermore, under the conjunctive criteria articulated in *Anderson v. Treadwell*, Defendants' statements do not constitute an advertisement, and they do not refer to any specific products or services. *Anderson*, 294 F.3d at 460. Accordingly, Plaintiffs' Lanham Act claim fails on this basis alone.

### 2. *Defendants' Statements were not disseminated sufficiently to the relevant purchasing public and therefore cannot be considered "advertising" or "promotion."*

Plaintiffs also fail to allege that Defendants' statements were widely disseminated to the relevant purchasing public, which is the touchstone of whether Defendants' actions can be considered "commercial advertising or promotion" under the Lanham Act. *Fashion Boutique*, 314

F.3d at 57. Indeed, the FAC is devoid of any allegations suggesting that Defendants' statements "were part of an organized campaign to *penetrate the marketplace*." *Id.* at 58 (emphasis added). Plaintiffs fail to allege that the dissemination of Defendants' allegedly false statements reached a large audience within the relevant marketplace, let alone that it was "widespread." At best, Plaintiffs allegations support the notion that Defendants made "isolated disparaging statements", which is insufficient to plausibly state a claim for false advertising under the Lanham Act. *Id.* at 57. Accordingly, Plaintiffs' failure to plausibly allege marketplace penetration should result in dismissal of their Fourth cause of action.

ii.   Defendants' YouTube videos and online comments are protected free speech and not susceptible to claims under 15 U.S.C. § 1125(a)(1)(B).

The statements made by Defendants, including that Plaintiffs are "impostors" and "posing as PES, Inc., are not actionable under Section 1125(a). Statements of opinion generally cannot form the basis for liability under the Lanham Act because Lanham Act liability extends only to false misrepresentations or statements *of fact*. *Anthem Sports, LLC v. Under the Weather, LLC*, 320 F.Supp.3d 399, 414 (D. Conn. 2018) (citations and internal quotations omitted). It follows that "neither subjective claims nor mere puffing is actionable because they cannot be proven true or false." *Anthem Sports*, 320 F.Supp.3d at 414. Furthermore, statements by laypersons that express a legal opinion constitute *statements of opinion*, rather than *statements of fact*. *Id.* at 414-15 (citing *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999)).

Plaintiffs have failed to allege that Defendants statements, namely that Plaintiffs are "impostors", "posing", and "unregistered" constitute statements of fact because such statements plainly constitute subjective claims or statements expressing a legal opinion. *See Anthem Sports*, 320 F.Supp.3d at 414 (finding statements that plaintiff's products "were knockoffs of inferior quality" were statements of opinion and "therefore do not give rise to liability under the Lanham

Act" and characterization of plaintiff's product as "knockoffs" constituted a lay person's expression of a legal opinion).  Accordingly, Plaintiffs fail to state a false advertising claim under the Lanham Act because Defendants statements were statements of opinion, subjective claims, and statements by a layperson expressing a legal opinion.

### c.  Plaintiffs' Claims under N.Y. Gen. Bus. Law §§ 349 and 350 Must Be Dismissed (Counts V and VI)

Plaintiffs' Fifth and Sixth claims for relief are under New York's Deceptive Trade Acts and Practices, N.Y. Gen. Bus. Law § 349 and False Advertising, N.Y. Gen. Bus. Law § 350, respectively. To make out a claim under Section 349, a plaintiff must demonstrate that "(1) the challenged act or practice was consumer oriented; (2) that it was misleading in a material way; and (3) that the plaintiff suffered injury as a result of the deceptive act." *Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F.Supp.3d 548, 558 (S.D.N.Y. 2017) (citing *Merck Eprova AG v. Brookstone Pharmaceuticals, LLC*, 920 F.Supp.2d 404, 425 (S.D.N.Y. 2013)). "A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance." *Id.* Further, "the gravamen of the complaint must be consumer injury or harm to the public interest." *Id.* (quoting *Securitron Magnalock Corp. v. Shnabolk*, 65 F.3d 256, 264 (2d Cir. 1995).

Plaintiffs fail to allege that Defendants' allegedly deceptive actions were "consumer oriented." Rather, Plaintiffs make threadbare allegations that Defendants' statements "were deceptive" and "directed to consumers." FAC ¶¶ 158, 163. These allegations do not come even close to indicating that any harm or loss was suffered on the part of consumers. Rather, they involve alleged harms suffered by Plaintiffs themselves, which is insufficient to state a claim pursuant to N.Y. Gen. Bus. Law §§ 349 and 350. *See Merck Eprova*, 920 F.Supp.2d at 426 (finding Merck's claims under Sections 349 and 350 must fail where "Merck's allegations focus almost

entirely on losses suffered by Merck itself, not to the eventual . . . harm suffered by the public at large"); *Vitolo v. Mentor H/S, Inc.*, 426 F.Supp.2d 28, 34 (E.D.N.Y.2006) (finding that plaintiff had not demonstrated "consumer-oriented conduct" when the alleged harm was suffered by plaintiff himself and his business, instead of consumers or the public); *Sara Designs, Inc.*, 234 F.Supp.3d at 558 (granting defendants' motion to dismiss plaintiff's deceptive practices and false advertising claims where plaintiff "alleged no facts supporting an inference of harm to the public interest or consumers outside of harm to its own products and its related property rights."). Accordingly, the Court should dismiss Plaintiffs' Fifth and Sixth causes of action.

### d.  Plaintiffs' Defamation Claims Must be Dismissed (Counts VII and VIII)

Under New York law, a claim for defamation must allege the following four elements: (1) a false and defamatory statement of and concerning plaintiff; (2) publication to a third party; (3) fault, the degree of which depends upon the status of the libeled party; and (4) special harm or *per se* actionability. *Angio Medical Corp. v. Eli Lilly & Co.*, 720 F.Supp. 269, 272 (S.D.N.Y. 1989). Because "falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, . . .only statements alleging facts can properly be the subject of a defamation action." *Gross v. New York Times Co.*, 82 N.Y.2d 146, 152-53 (1993) (citations omitted). Thus, expression of opinion, no matter how offensive, may not be the subject of a defamation action. *See Weiner v. Doubleday & Co.*, 74 N.Y.2d 586 (1989), *cert. den'd*, 495 U.S. 930 (1990); *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289 (1986).

Whether a statement is one of fact or opinion is a question of law for the Court. *Mann v. Abel*, 10 N.Y.3d 271, 277 (2008). Indeed, "[t]he New York Court of Appeals has explained that there is 'particular value' in resolving defamation claims at the pleading stage, 'so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'" *Biro v. Conde Nast*, 883 F.Supp.2d 441, 457 (S.D.N.Y. 2012) (internal citations

omitted). To distinguish between facts and opinion, the court considers the following three factors: (1) whether the specific language has a precise meaning that is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether the context in which the statement appears signals to readers or listeners that the statement is likely to be opinion, not fact. *Gross*, 82 N.Y.2d at 153. "The dispositive inquiry . . . is whether a reasonable [listener] could have concluded that the [statements] were conveying facts about the plaintiff." *Id.* at 152 (internal quotations and citations omitted).

           i.    The allegedly defamatory statements are inactionable statements of opinion.

        Several of Mr. Allen's allegedly defamatory statements, namely that the Plaintiffs are "imposters", a "liar", and are "posing" as PES, Inc. are nonactionable opinions. FAC ¶¶ 88-89, 91, 114, 168. These statements lack a precise meaning and are readily understood as speculation or rhetorical hyperbole, and are incapable of being proven true or false. *See e.g.. Sabharwal & Finkel, LLC v. Sorrell*, 117 A.D.3d 437 (1st Dep't 2014); *Holliswood Owners Corp. v. Rivera*, 145 A.D.3d 968 (2d Dep't 2016); *see also Levin v. McPhee*, 917 F. Supp. 230 (S.D.N.Y. 1996); *Ram v. Moritt*, 205 A.D.2d 516 (2d Dep't 1994). Moreover, in the context of a heated dispute over whether Plaintiffs or Defendants are the rightful owner of the PINNACLE EMPLOYEE SERVICE trademark, no reasonable person could conclude that Mr. Allen's statements that Defendants are "impostors" and "posing" as PES, Inc. are conveying any *facts* about Plaintiffs. Paragraph 93 of the FAC speculates that, "[o]n information and belief, an appreciable number of reasonable consumers and potential clients of the Plaintiffs[sic] would interpret the statements from the Video to mean that the Plaintiffs are illegitimate or unauthorized to do business."[3] FAC ¶ 93. Not only

---

[3] It is important to note that the FAC also fails to allege the requisite element of publication, by failing to include factual allegations showing whether any of Mr. Allen's statements were published by a third party or that any third party actually saw the allegedly defamatory statements.

does Plaintiffs' interpretation of Defendants' statements lack plausibility by asking the Court to make several logical leaps, but it also ignores the crucial context in which the statements were made. A reasonable person would not believe that "impostor" and "impersonating" indicate illegitimacy or lack of authorization to do business. *See. e.g.*, *Melius v. Glacken*, 94 A.D.3d 959 (2012) (ruling that mayor's statements calling candidate an "extortionist", made during a heated debate, were expressions of opinion because the audience would anticipate fiery rhetoric or hyperbole in that context); *Gonzalez v. Gray*, 69 F.Supp.2d 561 (S.D.N.Y. 1999), *aff'd* 216 F.3d 1072 (2d Cir. 2000) (holding that defendant's statements that plaintiff doctor killed his wife, had lied to her, and was a quack constituted opinions). Therefore, Plaintiffs' defamation claims attacking Mr. Allen's opinion statements must be dismissed.

ii.    The allegedly defamatory statements are true or substantially true.

Plaintiffs' defamation claims must also be dismissed for their failure to sufficiently plead falsity. Truth is a complete defense to defamation. *Reus v. ETC Hous. Corp.*, 164 N.Y.S.3d 692, 697 (3d Dep't 2022); *Greenberg v. Spitzer*, 62 N.Y.S.3d 372, 383-84 (2d Dep't 2017). Further, minor inaccuracies are not actionable because a defamation defendant need not establish truth to an extreme, literal degree and is required to show only *substantial* truth. To determine whether a statement is true, a court considers the statement in the full context of its publication. *See Shulman v. Hunderfund*, 878 N.Y.S.2d 230, 234 (2009); *Reus*, 164 N.Y.S.3d at 697; *Udell v. NYP Holdings, Inc.*, 94 N.Y.S.3d 314, 317 (2d Dep't 2019). Likewise, the test to determine whether a statement is substantially true "is whether [the statement] as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Fleckenstein v. Friedman*, 266 N.Y. 19, 23 (1934); *Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 94 (1st Dept. 2015). It is well settled "that an alleged libel is not actionable if the published statement could have produced no worse an effect on the mind of a reader than the truth pertinent to the allegation."

*Guccione*, 800 F.2d at 302, citing *Fleckenstein*, 266 N.Y. at 23. *See also Fulani v. New York Times Co.*, 260 A.D.2d 215 (1st Dep't 1999).

Mr. Allen's statement that Plaintiffs are "unregistered" is true, or at a minimum, substantially true. By their own statements in the FAC, Plaintiffs lack a federal trademark registration for "Pinnacle Employee Services". FAC ¶¶ 60-63. Mr. Allen's characterization of Plaintiffs as "unregistered" clearly pertained to Plaintiffs' lack of ownership of a federal registration for "Pinnacle Employee Services", which was especially obvious in light of the context of the heated trademark dispute between the parties. It is important to note that, as a point of contrast from Plaintiffs' lack of a trademark registration, Mr. Allen mentioned in the Video that PES, Inc. owns a federal trademark registration for PINNACLE EMPLOYEE SERVICES, and he also noted in the February 6 Video description that Defendants "are federally trademarked with the USPTO." FAC ¶ 89. Yet the FAC fails to plead why the characterization of "unregistered" is false, and instead relies upon a strained, unreasonable interpretation of Mr. Allen's statements—that the listeners of his statements "would interpret the statements . . . to mean that the Plaintiffs are illegitimate or unauthorized to do business." FAC ¶ 93, 169. This is not a reasonable interpretation of Mr. Allen's statements because it deviates from the plain meaning of Mr. Allen's words, disregards the obvious context in which his statements were made, and in any event, the statements "could have produced no worse an effect in the mind of [listeners] than the truth," *i.e.* that Plaintiffs lack a federal trademark registration for "Pinnacle Employee Services." *Guccione*, 800 F.2d at 302.

To the extent that Plaintiffs seek to make out a claim for defamation by implication, such a claim also fails. As with defamation generally, courts evaluating a claim for defamation by implication consider whether the allegedly defamatory implication of the statement is substantially

true. *See Garcia v. Puccio*, 793 N.Y.S.2d 382, 383 (1st Dep't 2005). A heightened legal standard applies to a defamation by implication claim, requiring a rigorous showing that the entire communication can reasonably be read to: (1) Impart a defamatory inference; and (2) Affirmatively suggest that the author intended or endorsed that inference. *See Fon v. Krowe*, 164 N.Y.S.3d 843, 844 (2d Dep't 2022); *Bisimwa v. St. John Fisher Coll.*, 149 N.Y.S.3d 428, 434 (4th Dep't 2021); *Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 44 (1st Dep't 2014). Plaintiffs' defamation claim regarding the characterization of Plaintiffs as "unregistered" fails on both prongs. First, Mr. Allen's statements do not impart the allegedly defamatory inference that Plaintiffs were "illegitimate" or "unauthorized to do business". Viewed in context and considering Mr. Allen's assertions regarding Defendants' ownership of a federal trademark registration, Mr. Allen's statement is susceptible only to the truthful inference that Plaintiffs lack a federal trademark registration for "Pinnacle Employee Services." Second, the FAC fails to allege that Mr. Allen "intended or endorsed" the strained inference they ask this Court to glean. The FAC merely offers conclusory allegations that the statements imply illegitimacy and that "[o]n information and belief", listeners of the statements would interpret them as such. FAC ¶¶ 92-93.[4] These allegations are not sufficient to satisfy the heightened standard that applies to claims for defamation by implication, rendering dismissal proper.

iii.   The allegedly defamatory statements are subject to the fair report privilege and therefore cannot form the basis of a Defamation Claim.

Lastly, Plaintiffs' defamation claim as pled under their Eighth Cause of Action is barred by the fair and true report privilege. An absolute privilege applies to fair and true reporting about

---

[4] Plaintiffs point to no facts to support the notion that Mr. Allen's statements carry a defamatory inference. *See Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) ("alleging something 'upon information and belief' does not suffice to allege a fact under *Iqbal* and *Twombly* unless plaintiff can point to some facts that make the allegations more than speculation.").

a judicial, legislative, or other government proceeding. N.Y. Civ. Rights Law § 74; *see Gottwald v. Sebert*, 197 N.Y.S.3d 694, 703 (2023); *Bouchard v. Daily Gazette Co.*, 25 N.Y.S.3d 730, 732 (3d Dep't 2016). Statements need only be substantially accurate to be fair and true. *See Alf v. Buffalo News, Inc*, 972 N.Y.S.2d 206 207 (2013); *N. Shore Towers Apartments Inc. v. Kozminsky*, 193 N.Y.S.3d 310, 313 (2d Dep't 2023); *Greenberg*, 62 N.Y.S.3d at 384. As with the substantial truth defense, minor inaccuracies are not enough to remove the privilege. Courts take a liberal approach in determining substantial accuracy and consider the context in which the report was made. *Bouchard*, 25 N.Y.S.3d at 732 (noting that "to the extent that there may be any inaccuracies, they are 'not so egregious as to remove the article from the protection of Civ. Rights Law §74'"). Moreover, allegations concerning the defendant's malice or bad faith cannot defeat the privilege. *See Saleh v. New York Post*, 915 N.Y.S.2d 571, 574 (2d Dep't 2010).

Here, the statements identified at Paragraphs 115 to 117 of the FAC are a full, fair, and accurate accounting of court proceedings subject to an absolute privilege. The statement that a federal judge in the Eastern District of California "pointed out that [Plaintiffs] and their lawyer are a liar" and that "[Plaintiffs] made false statements and they violated Federal Rule of Civil Procedure 11(b)" is a fair and accurate report of Mr. Allen's understanding of Judge Mueller's order dated August 23, 2023, granting leave to amend the complaint in the previous lawsuit between the parties here (the "California lawsuit"). The basis for Mr. Allen's understanding of the proceedings can be found at *Pinnacle Employee Services, Inc. v. Pinnacle Holding Co., LLC*, No. 222CV01367KJMCKD, 2023 WL 5435975, at *2n1 (E.D. Cal. Aug. 23, 2023), of which the Court can take judicial notice.[5] *NXIVM Corp. v. Foley*, 2015 WL 12748008, at *6-7 (N.D.N.Y. Sept. 17,

---

[5] Judge Mueller's Order is annexed to the Declaration of Michael Allen as **Exhibit 1**.

2015). In granting Mr. Allen and PES, Inc. leave to amend the Complaint in the California lawsuit,

Judge Mueller stated as follows:

> "The positions taken by the defendant's counsel in this case and in
> the application to the USPTO do appear to be inconsistent and may
> run afoul of Federal Rule of Civil Procedure 11(b)(3). The court
> does not decide now whether counsel has violated Rule 11 or
> another similar obligation but may revisit the inconsistency if
> necessary in the future, including in reviewing any motion to
> dismiss an amended complaint."

*Id.* Mr. Allen did not conclusively state or suggest that Plaintiffs were "subject to a Fed R. Civ. P.

11 motion, directive or sanction", as suggested by Paragraph 118 of the FAC. Rather, Mr. Allen

was reporting about Judge Mueller's admonition regarding Plaintiffs' inconsistent factual

contentions in the California lawsuit, as well as her warning that the inconsistency may, in fact, be

violative of Fed. R. Civ. P. 11(b)(3). Construing Mr. Allen's statements liberally, and considering

them within the context of the ongoing trademark dispute between the parties, the statements are

substantially true, and constitute a full, fair, and accurate report. The Court should therefore

dismiss Plaintiffs' Eight Cause of Action for defamation.

iv.    The FAC Fails to Plead Actual Malice.

The allegedly defamatory statements are subject to New York's "Strategic Lawsuits

Against Public Participation" statute ("anti-SLAPP statute"), which requires a plaintiff to establish

by clear and convincing evidence that the allegedly defamatory statements were made with actual

malice. N.Y. Civ. Rights Law § 76-a. New York's "anti-SLAPP law expands the category of

claims that must plead actual malice to include any action 'involving public petition and

participation,' ... based on 'any communication in a place open to the public or a public forum in

connection with an issue of public interest.'" *Doe v. Lawrence Univ.*, 2024 WL 1116454, at *23

(N.D.N.Y. Mar. 14, 2024) (citations and internal quotations omitted). The statute requires a broad

construction of "public interest", which it defines as "any subject other than a purely private

matter." *Id.* (citing N.Y. Civ. Rights Law § 76-a(1)(d)). Indeed, courts in the Second Circuit interpreting New York's Anti-SLAPP law have found that "matter of public concern" include matters of "political, social, or other concern to the community, even those that do not affect the general population." *Kesner v. Buhl*, 590 F.Supp.3d 680, 693 (S.D.N.Y. 2022). Mr. Allen's statements easily pertain to a matter of public concern, requiring Plaintiffs to plead actual malice.

The FAC provides no factual allegations beyond the conclusory statement that "Allen knew or should have known that these statements were false when there[sic] were made, and/or made them with the intent to injure the Plaintiffs." FAC ¶¶173, 186. These conclusory allegations, without more, are insufficient to plausibly allege actual malice. *See Biro*, 963 F.Supp.2d at 279-281 (dismissing complaint for plaintiff's failure to nudge his defamation claim from the "conceivable to the plausible."). Accordingly, the defamation claims should be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the Court should dismiss this action in its entirety for lack of personal jurisdiction over Defendants and improper venue. Further, the Court should dismiss Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action for failure to state a claim upon which relief should be granted.

Dated: July 11, 2024
       Brooklyn, NY

                                        Respectfully submitted,


                                        By: **s/ David D. Lin**
                                        David D. Lin
                                        **LEWIS & LIN, LLC**
                                        77 Sands Street, 6th Floor
                                        Brooklyn, NY 11201
                                        david@iLawco.com

                                        *Counsel for Defendants*