UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinnacle Employee Services, Inc., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>Pinnacle Holding Company, LLC,<br><br>        Defendant. | No. 2:22-cv-01367-KJM-CKD<br><br>ORDER |

     Plaintiffs Pinnacle Employee Services, Inc. (PES) and Michael Allen bring this trademark infringement action against defendant Pinnacle Holding Company, LLC (PHC). *See generally* Compl., ECF No. 1.  PHC previously moved to dismiss the complaint for lack of personal jurisdiction, Mot. Dismiss, ECF No. 18; plaintiffs opposed and requested jurisdictional discovery, Opp'n, ECF No. 19.  This court granted plaintiffs' request, setting a deadline for a motion to amend the complaint after discovery.  Prior Order, ECF No. 24.  Plaintiffs now timely move to amend their complaint.  Mot., ECF No. 25.  Defendant opposes, and the motion is fully briefed.  Opp'n, ECF No. 27; Reply, ECF No. 28.  The court submitted the motion without hearing oral arguments.  Min. Order, ECF No. 31.  As explained below, the court **grants** the motion for leave to amend.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to permit amendments "freely" if "justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments[.]" *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Nevertheless, this rule "is subject to several limitations." *Ascon Properties*, 866 F.2d at 1160 (citing *DCD Programs*, 833 F.2d at 186). A court may reject a proposed amendment if it "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Id.* (citations omitted). In addition, the court may consider whether the plaintiff has previously amended the complaint. *See id.* at 1161. The court's discretion is especially broad" if the plaintiff has already had "'one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *DCD Programs*, 833 F.2d at 186 n.3) (alteration in original).

Defendant addresses only one of these factors. *See generally* Opp'n. It argues amendment would be "futile" because the proposed amended complaint does not "allege facts sufficient to demonstrate personal jurisdiction." *Id.* at 1; *see also id.* at 4–17. It also urges plaintiff's proposed amendment would not state a valid trademark infringement claim. *Id.* at 17–19. Plaintiffs decry these arguments as an "attempt to convert [the] motion to amend into a premature motion to dismiss." Reply at 4. They do not respond to the merits of the argument, and do not say whether or how their proposed amendment would give this court personal jurisdiction over the proposed defendants, nor why the amendment states a claim. *See generally* Reply.

Although arguments for dismissal under Rule 12 can show an amendment would be futile, "[c]ourts within this District and the Ninth Circuit often defer assessments of a proposed

2

amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss." *Ortega v. Chick-fil-A, Inc.*, No. 21-0845, 2021 WL 5281031, at *2 (E.D. Cal. Nov. 12, 2021) (collecting cases); *see also SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[Legal sufficiency is] often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). A proposed amendment is futile only if its futility is "clear beyond doubt." *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). For this reason, most district courts do not equate "the futility inquiry" applicable to a proposed amendment with analysis of potential dismissal. *Defazio v. Hollister, Inc.*, No. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008).

This court declines now to decide whether the proposed amendment alleges enough to survive dismissal for three reasons. First, the proposed amendment is not futile beyond doubt. Defendant takes contradictory positions on the trademark question in its opposition, so the sufficiency of the trademark claim is not clear beyond doubt. *Compare* Opp'n at 11 ("Plaintiffs' trademark registration . . . does not cover PINNACLE . . . .") *with id.* at 17 (claiming registration covers "PINNACLE"). The personal jurisdiction argument is more complicated. As noted above, the court previously found the complaint did not show PHC had sufficient contacts with California to permit the court to exercise jurisdiction over it. Prior Order at 1. Plaintiffs' proposed amendment names PHC alongside two new defendants: Pinnacle Investments, LLC (PI) and Pinnacle Employee Services, LLC (PES LLC). Proposed First Am. Compl. ¶¶ 4–6, Mot., ECF No. 25-1. Defendant claims the only alleged in-state conduct related to the alleged trademark infringement is in the form of plaintiffs' allegation that PES LLC's clients have employees who live in California. Opp'n at 9. Accordingly, defendant argues "five California residents . . . signing into PES LLC's portal" is not sufficient for personal jurisdiction. *Id.* at 10. But plaintiffs' proposed amendment goes further. They also allege PES LLC "set[s] up the California payroll and California state tax account for at least one client company." Proposed First Am. Compl. ¶ 58. Because plaintiffs seek to allege PES LLC's name infringes their trademark and PES LLC benefits from plaintiffs' commercial success in California (where

3

1   plaintiffs provide payroll and tax services), *see id.* ¶¶ 39–41, 45, PES LLC's provision of payroll

2   and tax services in California might arise from the alleged trademark infringement.  Plaintiffs

3   have added allegations about PI's in-state conduct, too.  *See, e.g., id.* ¶¶ 20–29.

4       Regarding futility, defendant also argues no allegations attribute PES LLC's conduct to

5   PHC and PI or PI's conduct to PHC.  Opp'n at 13–14.  But defendant's characterization glosses

6   over allegations in plaintiffs' proposed amendment.  *See* Proposed First Am. Compl. ¶¶ 61–76.

7   Defendant argues the three companies "have no commercial relationship with one another,"

8   Opp'n at 14, but this claim is unsupported by evidence and the proposed amendment sketches out

9   the commercial relationships between the parties, *see* Proposed First Am. Compl. ¶¶ 71, 74, 76

10  (describing hundreds of thousands of dollars in fees paid from PI to PHC, PES to PI, and PI to

11  PES in 2022, as well as how companies advertise each other's services).  Moreover, the proposed

12  amendment alleges the three companies' management overlaps.  *See id.* ¶¶ 63–65.  Lastly,

13  plaintiffs' proposed amendment includes allegations of PHC's trademark-related conduct.  *See id.*

14  ¶ 79.[1]  It is thus not clear beyond doubt the proposed amendment would be futile because this

15  court could not exercise personal jurisdiction over the proposed defendants.

16      Second, all other factors favor amendment.  Plaintiffs timely moved to amend their

17  complaint, and this is their first request to amend.  The proposed amendment would not prejudice

---

[1] In plaintiffs' proposed amendment, they allege defendant's chief operating officer, Eric Krouse, "signed a declaration under penalty of perjury and falsely stated" PHC does not use the trademark in question, which is at odds with PHC's representation to the United States Patent and Trademark Office (USPTO) the day before.  Proposed First Am. Compl. ¶ 79.  Defendant's counsel filed that declaration in this case on November 30, 2022.  *See* Krouse Decl. ¶ 10, Mot. Dismiss, ECF No. 18-2.  The court takes judicial notice of PHC's trademark application to the USPTO for "Pinnacle Employee Services," dated November 29, 2022, as its existence is not subject to reasonable dispute.  *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (quoting Fed. R. Evid. 201(b)).  PHC's trademark application identifies PHC as the "owner of [the] mark," certifies the mark is used in commerce or in connection with the goods and services identified in the application (payroll and tax services), and is signed by defendant's counsel in this case.  Trademark/Service Mark Application, Serial Number 97695962 (Nov. 29, 2022), https://tsdr.uspto.gov/documentviewer?caseId=sn97695962&docId=APP20221202103839&linkId=5#docIndex=4&page=1 (last accessed Aug. 22, 2023).  The positions taken by defendant's counsel in this case and in the application to the USPTO do appear to be inconsistent and may run afoul of Federal Rule of Civil Procedure 11(b)(3).  The court does not decide now whether counsel has violated Rule 11 or another similar obligation but may revisit the inconsistency if necessary in the future, including in reviewing any motion to dismiss an amended complaint.

4

1    defendant.  And the record reveals no bad faith.  *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D.
2    534, 539 (N.D. Cal. 2003) ("Denial of leave to amend [for futility alone] is rare.").
3           Third, the court can better analyze defendant's arguments on a fully briefed motion to
4    dismiss.  Nothing in this order precludes defendant from moving to dismiss plaintiffs' amended
5    complaint on appropriate grounds.  *See* Opp'n at 19 (requesting reservation of right to file motion
6    to dismiss for reasons raised in opposition).
7           For the reasons above, the court **grants** plaintiffs' motion to file an amended complaint.
8    Plaintiffs shall file their proposed amended complaint within **seven days** of the date this order is
9    filed.
10          This order resolves ECF No. 25.
11          IT IS SO ORDERED.
12   DATED:  August 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5