IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC., <br><br> Defendants. | Civil Action No. 5:24-cv-239 (GTS/TWD) <br><br> **SUPPLEMENTAL DECLARATION OF MICHAEL ALLEN** |

I, Michael Allen, declare under penalty of perjury that the following is true and correct:

1. I am the Chief Executive Officer and President of Pinnacle Employee Services, Inc. ("PES, Inc."), and as such, have authority to discuss PES, Inc.'s business. I submit this declaration upon personal knowledge and from review of the relevant business records of PES, Inc. If called as a witness, I could and would testify to the matters set forth herein.

2. I did not have the assistance or advice of counsel in writing the letter dated March 12, 2024 that I submitted to the Court in this matter at ECF 11 (the "March 12 Letter").

3. My intent in submitting the March 12 Letter was to ask for an extension of time from this Court, because, as I stated in the March 12 Letter, I was "not sure how much documentation" was necessary for the extension request and I wanted to make sure that I showed the Court that I had good reason to seek the extension of time.

4. On April 9, 2024, nearly one month after I submitted the March 12 Letter to the Court, I hired an attorney, Mr. Charles Wallace, for the limited purpose of engaging in settlement

1

discussions with the Plaintiffs in this matter. Mr. Wallace has not entered an appearance on my behalf in this matter.

5. I obtained counsel to represent me in this lawsuit on May 31, 2024.

6. Among the documentation I submitted to the Court alongside the March 12 Letter, I included an email chain dating from January 28, 2014 to January 30, 2014 between PES, Inc. and a representative from APintego Insurance Services, LLC ("APintego"). *See* ECF 11-3, at 3-4.

7. I included this decade-old email chain to show the Court that my request for an extension was made in good faith and for good cause. At the time, I was in the process of performing a thorough search of my records for documentation that would be helpful to me in this matter, such as documentation that would be contemporaneous or nearly contemporaneous with PES, Inc.'s adoption of the name "Pinnacle Employee Services." I did not want the Court to be under the impression that I was requesting an extension for failure to make diligent efforts in my representation of myself and PES, Inc.

8. APintego no longer uses the name it used a decade ago. APintego is now known as Next Insurance. Next Insurance is a limited liability company located in East Rochester, NY.

9. I have not and do not provide payroll and human resources services, or any other services, to Next Insurance, f/k/a APintego. PES, Inc. also has not, and does not provide payroll and human resources services, or any other services, to Next Insurance, f/k/a APintego.

10. At no point have I, or PES, Inc., executed or otherwise entered into any agreements with Next Insurance, f/k/a APintego.

11. Next Insurance, f/k/a APintego is not and has never been a client of PES, Inc or mine. The inverse is also true. Neither I, nor PES, Inc. have ever been clients of Next Insurance, f/k/a APintego.

12. In his email dated January 30, 2014, Mr. James Davidson erroneously refers to PES, Inc. as a "client" of APintego. Mr. Davidson is promptly corrected by his colleague, Ms. Stephanie Bernhardt, who indicates that APintego's records reflect that "the client is with Intuit Online Payroll." *See* ECF 11-3, at 3.

13. Intuit Online Payroll is a payroll program administered by Intuit Inc ("Intuit").

14. Intuit is a Delaware corporation with its principal place of business in Mountain View, CA.

15. To the best of my knowledge, Intuit supplies a payroll platform for smaller businesses, such as business that employ approximately 1-15 employees.

16. Intuit supplies their payroll platform to approximately eight, and in any event fewer than ten, of the clients of PES, Inc., *i.e.* the companies to whom PES, Inc. provides payroll and human resources services.

17. As set forth in my declaration in support of the Motion to Dismiss, none of the companies to whom PES, Inc. provides payroll and human resources services, *including the approximately eight PES, Inc. clients who receive Intuit's payroll platform services*, are located in New York. ECF 29-2, ¶ 27.

18. The eight or so PES, Inc. clients that utilize Intuit's payroll platform services have one or more employees that reside in New York. Next Insurance, f/k/a APintego, provides worker's compensation insurance coverage for those employees based in New York.

19. PES, Inc. does not have any control or authority over its clients' hiring decisions, including their decisions to hire employees who may be located in New York or any other state.

20. On March 12, 2024, approximately a month after this lawsuit was filed against me and PES, Inc., I submitted an application (the "Service Mark Application") with the New York

3

State Department of State to register my service mark for "Pinnacle Employee Services." Attached as **Exhibit 1** is the Service Mark Application.

21. In the Service Mark Application, at Paragraph 7, I indicated that the "Pinnacle Employee Services" trademark "is placed on our website, marketing material (print and digital), and, social media accounts." *See* Exhibit 1 at 1.

22. On March 22, 2024, the New York State Department of Stated issued my registration for the service mark "Pinnacle Employee Services."

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of September, 2024.

_____
Michael Allen