# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC., <br><br> Defendants. | **SECOND AMENDED COMPLAINT** <br><br> Civil Action No. 5:24-cv-239 (AJB/TWD) <br><br> **Jury Trial Demanded** |

Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC, by and through their attorneys, Hancock Estabrook, LLP, allege as follows:

**<u>INTRODUCTION</u>**

1.     Plaintiffs bring this action with respect to the priority of and rights in trademarks that they use and/or own, including PINNACLE and PINNACLE EMPLOYEE SERVICES.

2.     The Defendants have claimed and continue to claim that the Plaintiffs' use of the mark PINNACLE EMPLOYEE SERVICES infringes on the Defendants' alleged trademark for PINNACLE EMPLOYEE SERVICES and brought a trademark infringement suit against the Plaintiffs in the United Stats District Court for the Eastern District of California that was dismissed on personal jurisdiction grounds.

3.     The Plaintiffs bring this action seeking (a) judgment against the Defendants for infringement of the Plaintiffs' common law trademarks and awarding attendant injunctive and monetary relief, (b) declaratory judgment establishing the scope, nature and extent of the Plaintiffs' common law trademark rights and clarifying that the Plaintiffs' conduct does not infringe upon the

Defendants' alleged trademarks, and (c) cancellation of the Defendants' registration for the mark PINNACLE EMPLOYEE SERVICES with the United States Patent and Trademark Office ("PTO"), Registration No. 6,696,685 (the "'685 Registration") based on its likelihood of confusion with the Plaintiffs' pre-existing common law trademarks and their failure to identify the owner of the trademark in their PTO application.

## PARTIES

4.      Plaintiffs Pinnacle Holding Company, LLC ("PHC") and Pinnacle Employee Services, LLC ("PES LLC") are Delaware limited liability companies with principal places of business in East Syracuse, New York and Syracuse, New York, respectively.

5.      PES LLC is a wholly owned subsidiary of PHC.

6.      Upon information and belief, Defendant Michael Allen is an individual residing in California.

7.      Upon information and belief, Defendant Pinnacle Employee Services, Inc. ("PES Inc.") is a California corporation with its primary place of business at 2377 Gold Meadow Way, Ste 100, Gold River, California, 95670.Upon information and belief, Defendant Allen is the sole owner and chief executive officer of PES Inc.

8.      Upon information and belief, Defendant Allen exercises complete and exclusive managerial and executive authority over PES Inc.

## JURISDICTION AND VENUE

9.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1119, 1121, and 1125(a)(1)(A), 28 U.S.C. §§ 1331,1332(a), 1338(a) and (b), 2201,

4901-7545-4331, v. 2

and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

11.    Personal jurisdiction over the Defendants is proper in this District pursuant to CPLR 302(a)(1) because they have availed themselves of the rights and benefits of the laws of New York and conducted business relating to and pursued enforcement of its alleged rights under the '685 Registration in New York.

12.    Upon information and belief, the Defendants have engaged in business under the name PINNACLE EMPLOYEE SERVICES in New York and by applying for and obtaining a New York State trademark registration through the New York Department of State pursuant to Article 24 of the New York General Business Law ("GBL").

13.    Upon information and belief, the Defendants have marketed and offered for sale their services under the name PINNACLE EMPLOYEE SERVICES in New York State.

14.    The Defendants asserted in their application to register their trademark with the New York Department of State that they use the trademark PINNACLE EMPLOYEE SERVICES in New York State.

15.    The Defendants asserted in their New York trademark application that they have used the trademark PINNACLE EMPLOYEE SERVICES since September 23, 2013.

16.    By seeking and obtaining a New York State trademark registration, the Defendants consented to receipt of service and the exercise of personal jurisdiction over them by courts located in New York as a matter of law pursuant to GBL § 360-n, which states that "[i]n any action brought against a non-resident registrant, service may be effected upon the secretary as agent for service of the registrant in accordance with the procedures established for service upon non-resident corporations and business entities."

17.    Defendants have taken advantage of and received the benefits of doing business in New York, obtained the protection and benefits of New York law and agencies, and transacted

business in New York for purposes of New York's Long Arm Jurisdiction statute, CPLR § 302(a)(1).

18.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district.

<u>**BACKGROUND**</u>

**I.     The PINNACLE Common Law Family of Trademarks**

19.     On or about August 3, 1995, Baldwin Securities, Inc. was incorporated in New York State.

20.     On or about February 13, 1996, that entity amended its name to Pinnacle Investments, Inc.

21.     On or about May 30, 1996, Pinnacle Investments registered with the National Association of Securities Dealers ("NASD"), now known as the Financial Industry Regulatory Authority ("FINRA").

22.     In or about 2002, Pinnacle Investments registered with the U.S. Securities and Exchange Commission ("SEC") as a nationally Registered Investment Adviser ("RIA").

23.     On or about December 25, 1996, Pinnacle Investments registered the internet domain name www.PinnacleInvestments.com.

24.     From its inception to the present time, Pinnacle Investments has continuously provided a full suite of investment and financial services, including brokerage services, personal and business financial planning, investment advising, management of corporate pension and employee benefit plans, as well as private placements and alternative investments, all under the names PINNACLE and/or PINNACLE INVESTMENTS.

25.     By 2012, Pinnacle Investments was registered as an investment broker and, upon

4901-7545-4331, v. 2

information and belief, had customers in 39 U.S. states.

26.     On or about June 29, 2006, the owners and operators of Pinnacle Investments formed Pinnacle Capital Management, LLC.

27.     From its inception to the present time, Pinnacle Capital Management has continuously provided investment portfolio creation and management services to businesses, pensions, trusts, and other clients, all under the names PINNACLE and/or PINNACLE CAPITAL MANAGEMENT.

28.     On or about July 5, 2006, the owners and managers of Pinnacle Investments formed Plaintiff Pinnacle Holding Company, LLC ("PHC").

29.     On or about July 5, 2006, the owners and managers of PHC formed Pinnacle Investments, LLC as a successor to Pinnacle Investments, Inc.

30.     In 2006, Pinnacle Investments, Inc. amended its name to F.K.A.P.I., Inc. (Formerly Known As Pinnacle Investments, Inc). This entity became the majority shareholder of PHC.

31.     Shortly thereafter, ownership of Pinnacle Investments, LLC and Pinnacle Capital Management, LLC, including ownership of the registration for the www.PinnacleInvestments.com domain, was transferred to PHC, which became the holding company for those companies.

32.     On or about October 2007, PHC acquired and began operating another company that provided life insurance, fixed annuities, long-term care insurance, estate planning, retirement planning and investment brokerage services to individuals, business owners and others.

33.     Shortly thereafter, PHC changed the business name of that entity to Pinnacle Solutions.

34.     From that time to the present, Pinnacle Solutions has continued to operate and serves customers, including businesses and individuals, as a general insurance agency, all under the names

PINNACLE and/or PINNACLE SOLUTIONS.

35.    On or about September 26, 2011, PHC registered the domain name www.Pinnacle-LLC.com.

36.    On or about September 26, 2011, PH Cregisterd the domain name www.PinnacleHoldingCo.com

37.    On or about July 17, 2014, PHC formed Plaintiff Pinnacle Employee Services, LLC ("PES LLC").

38.    From its inception to the present time, PES LLC has continuously provided services as a professional employer organization or "PEO," all under the names PINNACLE and/or PINNACLE EMPLOYEE SERVICES.

39.    A PEO provides its clients with employee administration services, human resources services, employee payroll and benefits administration, administration of workers' compensation claims, and payroll/employment tax and legal compliance services.

40.    On or about October 21, 2014, PHC registered the internet domain name www.PinnacleEmployeeServices.com for PES LLC's use in connection with the foregoing services.

41.    On or about October 21, 2014, PHC registered the internet domain name www.PinnaclePays.com for PES LLC's use in connection with the foregoing services.

42.    PHC and/or its subsidiaries have continuously used the name PINNACLE in interstate commerce since approximately February 1996.

43.    PHC's family of marks all share the word PINNACLE as a common, distinctive characteristic.

44.    The PINNACLE family of marks has been consistently used in advertising and branding, often with related logos, typeface and through common exposure to the marketplace.

45. Consumers have been exposed to the PINNACLE family of trademarks for a suite of business and financial services and is recognized by the relevant consuming public as an indication of the source of the services offered thereunder.

46. Consumers recognize the PINNACLE family of marks as indicating a source of financial and business services generally, specifically including investments, insurance, payroll, employee benefits, retirement benefits, pension plans and related services.

47. The nature of the services provided under the names PINNACLE, PINNACLE INVESTMENTS, PINNACLE CAPITAL MANAGEMENT, and PINNACLE SOLUTIONS are such that consumers would expect the owners of the PINNACLE mark to also provide PEO services under the PINNACLE name.

48. PEO services are within the zone of natural expansion for the Plaintiffs' use of the mark PINNACLE, which dates back decades.

49. Consumers would expect human resources management, payroll, and employee benefits services to emanate from the same type of business that provides general financial and investments services, including retirement benefits and pension planning, such as those provided under the PINNACLE family of marks even before the PES LLC was formed and began using the PINNACLE EMPLOYEE SERVICES mark.

50. While based primarily in New York, PHC and its subsidiaries have serviced clients through the United States under the PINNACLE family of marks.

51. Upon information and belief, the geographic scope of the PINNACLE family of marks was nationwide at the time that the Defendants began using the mark PINNACLE EMPLOYEE SERVICES.

52. The geographic scope of PES LLC's use of its PINNACLE EMPLOYEE

SERVICES mark from its inception included at least all of New York State.

53.     Upon information and belief, at the time the Defendant applied for and obtained the '685 Registration, PES LLC was servicing customers and directly using the PINNACLE EMPLOYEE SERVICES mark in the eastern United States generally, including but not limited to the States of New York, Connecticut, Maryland, Ohio and South Carolina.

54.     At the time PES LLC began using its name, it was not aware of the existence of the Defendants, their business or their alleged trademark.

55.     The Plaintiffs were not aware of the existence of the Defendants until many years after PES LLC had begun using the name PINNACLE EMPLOYEE SERVICES.

56.     PES LLC chose and used its trademark in good faith and without knowledge of any trademark claim to that name by the Defendants.

## II.  PHC's application to register the mark PINNACLE EMPLOYEE SERVICES with the PTO

57.     On October 28, 2020, PHC filed an application with the PTO to register a composite mark comprised of the words PINNACLE EMPLOYEE SERVICES and a design element. That application was assigned Serial No. 90284799.

58.     The application identified the services of "payroll administration and management services" in International Class 35 and "administration of employee benefit plans concerning insurance and finance; claims administration in the field of workers' compensation" in International Class 36 in connection with the mark.

59.     On April 9, 2021, the USPTO issued an initial Office Action, denying registration on the basis of a likelihood of confusion with two trademarks owned by a third-party.

60.     PHC did not respond to that Office Action and its application was deemed abandoned on October 22, 2021.

III.   The Defendant's Application and Registration with the PTO

61.     On December 11, 2020, Michael Allen filed an application to register a trademark for PINNACLE EMPLOYEE SERVICES, which eventually matured into the '685 Registration.

62.     The USPTO assigned the application Serial No. 90376137.

63.     The application lists a date of first use of August 6, 2013, and a date of first use in commerce of September 1, 2013.

64.     Upon information and belief, neither Defendant was using the trademark as of the asserted dates of first use.

65.     The application listed Michael Allen, an individual, as the Owner of the trademark.

66.     This application was filed over a month after PHC filed its application to register its mark.

67.     Upon information and belief, at the time the application was filed, Mr. Allen was aware of the Plaintiffs' use of the names PINNACLE and PINNACLE EMPLOYEE SERVICES.

68.     Mr. Allen had been in contact with the Plaintiffs regarding their common name and discussed a referral or other relationship or effort to accommodate one another's use of the same name.

69.     Mr. Allen's application sought to cover the services of "Human resources consultation [and] Payroll preparation" in International Class 35.

70.     On June 10, 2021, the USPTO issued a Suspension Notice, identifying PHC's prior-filed application as a potential bar to registration on likelihood of confusion grounds.

71.     The Suspension Notice stated that if the USPTO registered the mark applied for by PHC, it may refuse to register the Defendants' mark due to a likelihood of confusion with that registration.

72.     When PHC's application became abandoned, the suspension was lifted, and Defendants' application proceeded.

73.     On April 12, 2022, the USPTO issued the '685 Registration, a copy of which is attached here as **Exhibit A**.

### IV.  The Defendants' Cease and Desist Letters against the Plaintiffs and Infringement Lawsuit in the Eastern District of California

74.     Nine days after the '685 Registration was issued, attorneys for the Defendants sent a Cease and Desist letter dated April 21, 2022 to PHC, demanding that PHC "immediately cease using the trade name "Pinnacle Employee Services" in conjunction with the offering, marketing or provision of employee benefits services, payroll, and human resources." A copy of the letter is attached here as **Exhibit B**.

75.     PHC responded to the letter through a letter of counsel, pointing out that PHC's use of the PINNACLE mark long preceded the Defendants' use of the PINNACLE EMPLOYEE SERVICES mark and the Plaintiffs' use of the mark PINNACLE EMPLOYEE SERVICES long predated the Defendants' '685 Registration.

76.     The Plaintiffs sought to delineate the geographic scope of the Defendants' purported common law trademark rights predating its PTO registration, but the Defendants refused to consider any resolution of the matter short of the Plaintiffs' uncompensated and complete discontinuance of its longstanding PINNACLE EMPLOYEE SERVICES mark or a cash payment to "buy" the Defendants' trade name.

77.     On August 1, 2022, the Defendants filed a trademark infringement lawsuit against PHC in United States District Court for the Eastern District of California, bearing Index No. 2:22-cv-01367. A copy of the Complaint is attached here as **Exhibit C**. The case was assigned to Chief Judge Kimberly J. Mueller.

4901-7545-4331, v. 2

78.     PHC moved to dismiss the Complaint for lack of personal jurisdiction.

79.     By order dated April 17, 2023, Chief Judge Mueller agreed with the Defendant that the Plaintiffs had failed to establish personal jurisdiction over PHC but granted the Plaintiffs' request for limited jurisdictional discovery.

80.     After conducting jurisdictional discovery, the Plaintiffs sought leave to amend their Complaint to add PES LLC and Pinnacle Investments, LLC as defendants and make jurisdictional allegations. A copy of the Amended Complaint is attached here as **Exhibit D**.

81.     Chief Judge Mueller granted the Plaintiffs' leave to amend their complaint and PHC, PES LLC and Pinnacle Investments moved to dismiss the Amended Complaint for lack of personal jurisdiction.

82.     By order dated February 1, 2024, Chief Judge Mueller granted the motion, and the case was dismissed in its entirety without leave to amend. A copy of the order dismissing the case is attached here as **Exhibit E**.

### FIRST CAUSE OF ACTION
**Trademark Infringement of the Common Law PINNACLE family of trademarks – Lanham Act § 43(a), 15 USC § 1125**

83.     Plaintiffs repeat and reallege the allegations set forth in the prior paragraphs as if fully set forth herein.

84.     PHC is the owner of the PINNACLE family of trademarks, including PINNACLE, PINNACLE INVESTMENTS, PINNACLE CAPITAL MANAGEMENT, PINNACLE SOLUTIONS, and PINNACLE EMPLOYEE SERVICES.

85.     Each of the foregoing trademarks, both individually and as part of the PINNACLE family of trademarks, is distinctive.

86.     Many of the foregoing trademarks were in use in commerce prior to the Defendants'

4901-7545-4331, v. 2

use of their mark PINNACLE EMPLOYEE SERVICES and have been used continuously.

87.     All of the foregoing trademarks were used in connection with financial, business and benefits services that are similar to the services the Defendants later provided under their mark.

88.     Upon information and belief, the PINNACLE family of marks was in use throughout the United States prior to the Defendants' use of their mark and, in any event, within at least some of the geographic territories in which the Defendants began using their trademark.

89.     Upon information and belief, the Defendants have used and continue to use their mark in geographic territories where the Plaintiffs had previously secured common law rights to the PINNACLE family of marks and/or each of them individually.

90.     The Defendants' use of their mark PINNACLE EMPLOYEE SERVICES is likely to cause consumer confusion with the PINNACLE family of trademarks, and/or each of them individually, as to the affiliation, connection or association of the parties, and/or the origin, sponsorship, or approval of the Defendants' services.

91.     The Defendants have thus infringed on the Plaintiffs PINNACLE family of trademarks, and/or each of them individually.

92.     Defendant Allen personally exercised active and direct control over the day-to-day operations of and decisions for PES, Inc., including naming, branding, promotional materials and consumer-facing communications.

93.     Defendant Allen personally directed, authorized and/or participated in PES Inc.'s adoption and use of the infringement.

94.     Defendant Allen personally directed and engaged in the continued used of the infringing trademark despite knowing or having reason to know of Plaintiffs' superior trademark rights.

95.     Defendant Allen knew or should have known that use of the infringing mark was likely to cause confusion.

96.     By reason of the foregoing, the Plaintiffs have been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling Plaintiffs to the remedies provided for in 15 U.S.C. §§ 1116 to 1118 of the Lanham Act.

## SECOND CAUSE OF ACTION
### Trademark Infringement of the Common Law PINNACLE EMPLOYEE SERVICES trademark – Lanham Act § 43(a), 15 USC § 1125

97.     The Plaintiffs repeat and reallege the allegations set forth in the prior paragraphs as if fully set forth herein.

98.     The Plaintiffs are the owners or authorized user of the trademark PINNACLE EMPLOYEE SERVICES.

99.     The Plaintiffs began using the PINNACLE EMPLOYEE SERVICES trademark in interstate commerce in or about 2014.

100.     The Plaintiffs' use of the PINNACLE EMPLOYEE SERVICES trademark predates the Defendants' '685 Registration, which was filed on December 11, 2020 and issued on April 12, 2022.

101.     The Plaintiff used PINNACLE EMPLOYEE SERVICES within a geographic territory that, upon information and belief, encompassed as least the State of New York by December 11, 2020.

102.     Upon information and belief, the Plaintiffs' continuous use of the mark PINNACLE EMPLOYEE SERVICES has given rise to common law trademark rights that are, in at least some geographic territories, senior to the Defendant's pre-registration rights, if any, in their PINNACLE EMPLOYEE SERVICES trademark.

103.    The Defendants' use of their mark PINNACLE EMPLOYEE SERVICES is likely to cause consumer confusion with the Plaintiff's PINNACLE EMPLOYEE SERVICES trademark as to the affiliation, connection or association of the parties, and/or as to origin, sponsorship, or approval of the Defendants' services.

104.    Defendant Allen personally exercised active and direct control over the day-to-day operations of and decisions for PES, Inc., including naming, branding, promotional materials and consumer-facing communications.

105.    Defendant Allen personally directed, authorized and/or participated in PES Inc.'s adoption and use of the infringement.

106.    Defendant Allen personally directed and engaged in the continued used of the infringing trademark despite knowing or having reason to know of Plaintiffs' superior trademark rights.

107.    Defendant Allen knew or should have known that use of the infringing mark was likely to cause confusion.

108.    By reason of the foregoing, the Plaintiffs have been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling Plaintiffs to the remedies provided for in 15 U.S.C. §§ 1116 to 1118 of the Lanham Act.

### THIRD CAUSE OF ACTION
**Declaratory Judgment for No Trademark Infringement**

109.    The Plaintiffs repeat and reallege the allegations set forth in the prior paragraphs as if fully set forth herein.

110.    As a result of the Plaintiffs' superior common law trademark rights to the marks PINNACLE EMPLOYEE SERVICES in at least some geographic territories, including at least the entire State of New York, there exists a controversy of sufficient immediacy and reality to warrant

4901-7545-4331, v. 2

the issuance of a declaratory judgment that the Plaintiffs have not infringed and are not infringing on the Defendants' alleged trademark rights in the PINNACLE EMPLOYEE SERVICES mark.

111.    A judicial declaration is necessary so that PES LLC can ascertain its right to continue using its mark PINNACLE EMPLOYEE SERVICES in connection with human resources, payroll administration and management services, personnel management services and administration of employee benefit plans, and related financial services.

112.    A judicial declaration is also necessary to determine the geographic scope of the parties' respective common law trademarks rights to the mark PINNACLE EMPLOYEE SERVICES predating the Defendant's '685 Registration, assuming that registration is not cancelled in this proceeding.

113.    A judicial declaration that the Plaintiffs have the right to use the mark PINNACLE EMPLOYEE SERVICES, and that such use does not infringe any rights of the Defendants, is necessary in order to prevent the harm being caused by the Defendants' false allegations of trademark infringement.

**FOURTH CAUSE OF ACTION**
**Cancellation of '685 Registration based on Likelihood of Confusion with the Plaintiffs'**
**Common Law marks – 15 U.S.C. §§ 1119 and 1052(d)**

114.    The Plaintiffs repeat and reallege the allegations set forth in the prior paragraphs as if fully set forth herein.

115.    PHC is the owner of the PINNACLE family of trademarks, including PINNACLE INVESTMENTS, PINNACLE CAPITAL MANAGEMENT, PINNACLE SOLUTIONS, and PINNACLE EMPLOYEE SERVICES.

116.    PHC and its subsidiaries have used all of those trademarks in commerce continuously.

117. PHC has used the PINNACLE family of trademarks prior to the Defendants' use of the confusingly similar trademark, PINNACLE EMPLOYEE SERVICES.

118. PHC has used at least some of the foregoing marks individually prior to the Defendant's use of its mark.

119. At the time of the Defendants' application to register the '685 Mark, PHC had acquired significant common law rights in and to the foregoing trademarks.

120. At the time of Mr. Allen's application to register the '685 Mark, he knew of PHC's PINNACLE family of trademarks.

121. At the time of Mr. Allen's application to register the '685 Mark, he knew of PES LLC's existence and use of the PINNACLE EMPLOYEE SERVICES trademark.

122. The Plaintiffs' common law trademarks had priority over Mr. Allen's trademark at the time he filed to register the mark.

123. The Defendants' mark so resembles the Plaintiffs' common law trademarks that it is likely to cause confusion, mistake or deception among consumers when used on or in connection with the Defendants' services.

124. By reason of the foregoing, Plaintiffs request that the Court cancel the '685 Registration due to its likelihood to cause confusion with the Plaintiffs' common law trademarks, pursuant to 15 U.S.C. § 1052(d).

### FIFTH CAUSE OF ACTION
**Cancellation of '685 Registration because Applicant was not the Rightful Owner of the Mark – 15 U.S.C. §§ 1119; 37 C.F.R. § 2.7(d); TMEP § 1201.02; § 309.03(c)(1)**

125. The Plaintiffs repeat and reallege the allegations set forth in the prior paragraphs as if fully set forth herein.

126. The application to register the '685 Mark listed Michael Allen as the owner of the

4901-7545-4331, v. 2

mark. The PTO file history for the '685 Registration as of February 16, 2024 is attached here as **Exhibit F**.

127.    Mr. Allen prosecuted the application as the purported owner of the mark and the registration was ultimately issued in Mr. Allen's name.

128.    Upon information and belief, Mr. Allen was not the owner of the mark at the time of the application.

129.    Upon information and belief, PES, Inc. was the owner of the trademark at the time of the application.

130.    This is reflected by the Assignment Agreement filed by Mr. Allen with the USPTO purporting to assign the '685 Registration to PES Inc.

131.    That document, rather than assigning anything, reflected that PES Inc. has been using the '685 Registration prior to the date of the application and that the mark's function as a brand identifier and repository of goodwill inured to PES Inc. as a corporate entity and not Mr. Allen as an individual.

132.    When an application is filed in the name of the wrong party, this defect cannot be cured by amendment or assignment. TMEP § 1201.02(b), 803.06; 37 C.F.R §2.7(d).

133.    As set forth in TMEP § 1201.02(c), "If the president of a corporation is identified as the owner of the mark when in fact the corporation owns the mark, and there is no inconsistency in the original application between the owner name and the entity type (such as a reference to a corporation in the entity section of the application), the application is void as filed because the applicant is not the owner of the mark."

134.    The application to register the '685 Registration listed Michael Allen not as the Chief Executive Officer or another corporate representative of the corporate entity that owned the

trademark, but rather solely as the owner in his individual capacity.

135.    Because PES Inc., and not Michael Allen as an individual, was the owner of the trademark at the time of the application, the application to register the mark was void ab initio and the '685 Registration must be cancelled.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC, prays for relief as follows:

a.    An order granting an injunction against the Defendants, their parent companies, subsidiaries, related companies, and all persons or entities acting on their behalf, from using the words PINNACLE or PINNACLE EMPLOYEE SERVICES or any similar mark that is likely to violate the Plaintiffs' common law rights as set forth in this Second Amended Complaint;

b.    An order directing the Defendants to account for and pay over to the Plaintiffs all gains, profits, and advantages related from the sale of goods and services in connection with the infringing marks;

c.    An order directing the United States Patent and Trademark Office to cancel the '685 Registration, or in the alternative, to amend the registration to cover only geographic areas not covered by the Plaintiff's common law rights;

d.    Judgment that the Plaintiffs do not infringe any trademark right of the Defendants, and that no right of the Defendants prevents the Plaintiffs from using the trademark PINNACLE EMPLOYEE SERVICES throughout the United States, or in the alternative east of the Mississippi river, or in the second alternative in the State of New York; and

e.    Such other and further relief as the Court deems just and proper.

4901-7545-4331, v. 2

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


**Dated**:     November 21, 2025                                    **HANCOCK ESTABROOK, LLP**

                                                            By:_____
                                                            James P. Youngs, Esq.,
                                                            Bar Roll No. 515029
                                                            Amanda C. Nardozza, Esq.
                                                            *Attorneys for Plaintiffs*
                                                            1800 AXA Tower I
                                                            100 Madison St.
                                                            Syracuse, NY 13202
                                                            Tel: (315) 565-4558
                                                            *jyoungs@hancocklaw.com*