# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

                    Plaintiffs,

        v.

MICHAEL ALLEN and PINNACLE EMPLOYEE
SERVICES, INC.,

                    Defendants.

Civil Action No. 5:24-cv-239
(AJB/TWD)

**PLAINTIFF'S THIRD REQUEST FOR THE**
**PRODUCTION OF DOCUMENTS TO DEFENDANTS**

**PLEASE TAKE NOTICE,** that pursuant to Rule 34 of the Federal Rules of Civil

Procedure, Plaintiffs Pinnacle Holding Company, LLC ("PHC") and Pinnacle Employee

Services, LLC ("PES") (collectively, "Plaintiffs"), by and through their attorneys, Hancock

Estabrook, LLP, make the following demand for the production of documents on Defendants

Michael Allen and Pinnacle Employee Services, Inc. (collectively, "Defendants") who are hereby

advised that Federal Rules of Civil Procedure 26 and 34 require that documents responsive to

this demand be made available to the undersigned attorneys for Plaintiff thirty (30) days from the

date of these demands.

Further note that this Third Request for the Production of Documents is limited to the

issue of the Defendants' transaction of business in the State of New York, pursuant to the Court's

Decision and Order dated September 2, 2025.

## INSTRUCTIONS

A.      The responding party shall serve an answer identifying each item by its corresponding paragraph number, or by category for which inspection will be permitted as requested, or alternatively, setting forth any objections to the request and detailed reasons therefor.

B.      The responding party must separately respond and enter any objections to each request posed.  The responding party may not incorporate objections or responses by reference. An evasive or incomplete answer is deemed both to be a failure to answer and may subject the responding party, their attorney, or both to liability under rule 37 of the Federal Rules of Civil Procedure for expenses of a motion brought pursuant to that rule.

C.      If any document requested herein has been lost, destroyed, or is otherwise unavailable for inspection, identify the author(s) and the last custodian thereof, their business addresses, the subject matter of the document, and the circumstances of its loss, destruction, or unavailability.

D.      In the event that the responding party withholds any information or document on the basis of privilege, or on the basis that the same is otherwise excludable from discovery, the responding party is to provide the following information, where applicable:

(1)      the type of document (e.g., letter, memorandum, contract);

(2)      its title;

(3)      its date;

(4)      its subject matter;

(5)      the name, address and present occupation of the person now in possession of it;

(6)    the name, address and occupation, at the time of preparation, of the person who prepared it;

(7)    the name, address and occupation, at the time of dissemination, of the person(s) to whom it was directed or circulated or who had access thereto; and

(8)    the basis upon which the information or document is withheld and such other information as will provide defendant with sufficient information to determine the validity of the claim of privilege.

E.    Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the original grouping.  Documents containing both responsive and non-responsive information shall not be redacted absent the applicability of some privilege.  File folders with tabs or labels identifying Documents must be produced intact with such documents.

F.    To the extent that the responding party deems a request, definition, or instruction vague or ambiguous, the responding party must set forth in its response the matter deemed vague or ambiguous and the construction of the request the responding party used in responding to the request, including the categories of documents not produced due to the objection.

G.    Pursuant to Federal Rule of Civil Procedure 26(e), responses to these Requests for Production are to be supplemented by the responding party on a continuing basis should it be discovered that the responses are no longer true or are incomplete regardless of whether a request for supplementation is made.

## DEFINITIONS

1.    Except where otherwise indicated, the terms "you" and "your" as used within this request for the production of documents refers to parties to which the request is addressed and

shall include any attorneys, consultants, or representatives, officers, directors, employees, agents and/or servants of its predecessors and/or successors, together with any divisions and subsidiaries thereof.

2.      Except where otherwise indicated, the term "PHC" shall mean Plaintiff Pinnacle Holding Company, LLC, as well as its attorneys consultants, representatives, officers, directors, employees, agents and/or servants of that entity and its predecessors and/or successors, together with any divisions and subsidiaries thereof.

3.      Except where otherwise indicated, the term "PES" shall mean Plaintiff Pinnacle Employee Services, LLC, as well as its attorneys, consultants, representatives, officers, directors, employees, agents and/or servants of that entity and its predecessors and/or successors, together with any divisions and subsidiaries thereof.

4.      Except where otherwise indicated, the term "Plaintiffs" shall mean Plaintiffs Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC, and includes their collective attorneys consultants, representatives, officers, directors, employees, agents and/or servants of that entity and its predecessors and/or successors, together with any divisions and subsidiaries thereof.

5.      "Defendants" shall mean Defendant Michael Allen, individually, and doing business as Defendant Pinnacle Employee Services, Inc., and includes their collective attorneys, consultants, representatives, officers, directors, employees, agents and/or servants of that entity and its predecessors and/or successors, together with any divisions and subsidiaries thereof.

6.      "Persons" shall mean and include all entities, including, without limitation, any individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any other entities.

4913-7953-5974, v. 1

7.      "Documents" shall mean any and all writings and records as defined in FED. R. EVID. 1001, including all originals as defined in FED. R. EVID. 1001(3), duplicates as defined in FED. R. EVID. 1001(4), all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in FED. R. CIV. P. 34(a). "Documents" shall be construed as broadly as possible and shall include, but not be limited to, all writings, correspondence, communications, e-mail, electronic files of any type, books, memoranda, invoices, contracts, purchase orders, receipts, pamphlets, publications, catalogs, labels, packaging, displays, photographs, slides, videotapes, films, artwork, drawings, sketches, illustrative materials, circulars, price lists, layouts, tear sheets, data sheets, magnetic recording tapes, microfilms, and other storage means by which information is retained in retrievable form, and other material, whether printed, typewritten, handwritten, recorded or reproduced by any process, whether mechanical, electrical, optical, chemical or otherwise. The term document, and these requests in general, specifically encompass and request e-mail and other electronic communications.

8.      "Communications" shall mean and refer to any meeting, conversation, e-mail, text message, letter, memorandum, or other exchange of information transmitted in whatever form from one or more persons to one or more persons, including drafts, facsimiles, and copies, as well as originals. "Communications" shall be construed as broadly as possible and shall include any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken, written, recorded or electronically encoded words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as a telephone or radio, or in documents as outlined below.

9.      The term "identify," when used in reference to an individual, shall mean to:

(A)    state the individual's full name;

(B)    state the individual's present or last known residential address;

(C)    state the individual's present or last known business address;

(D)    give the individual's present or last known occupation, position, title or business affiliation; and

(E)    if the individual is affiliated with a party, state his/her position at all times relevant to the inquiry in question, and his/her present position with that party.

10.    The term "identify," when used in reference to a document, shall mean to:

(A)    generally describe the nature of the document;

(B)    give the date or approximate date of the document;

(C)    identify the person or persons who prepared, signed and transmitted the document;

(D)    identify each recipient of the document or a copy thereof;

(E)    state the present location, if known, of the original document;

(F)    if the original is unavailable, state the location of all available copies; and

(G)    set forth the substance of the document.

11.    The terms "reflecting," "relating to," "referring to" or "concerning" shall mean to consist of, reflect or be in any way logically or factually connected with, describing, supporting, evidencing or constituting the matter discussed.

12.    The words "and" and "or" shall be construed whichever makes the Request more inclusive.

13. The "trademark dispute" shall mean Plaintiffs and Defendants' dispute concerning rights to and use of the name Pinnacle Employee Services or any variation thereof, including but not limited to the issues raised in this action and in the action entitled *Pinnacle Employee Services, Inc. et al. v. Pinnacle Holding Company, LLC, et al.* Case No. 2:22-CV-01367-KJM-CKD in the United States District Court for the Eastern District of California.

14. The singular shall always include the plural and the present tense shall always include the past tense, and vice versa.

## **REQUESTS FOR PRODUCTION**

1. All documents relating to Defendants' registration of the trademark "Pinnacle Employee Services" in the State of New York through the New York Department of State, including but not limited to Defendants' registration application(s) and certificate(s) of registration.

2. All documents reflecting the Defendants' business licenses, registrations, or authorizations to do business in New York.

3. All correspondence or documents reflecting business with any New York State governmental agency, department or official, including but not limited to the payment of any taxes in or filing of reports with New York State.

4. All documents regarding the Defendants' clients, customers, employees, vendors, third-party benefits providers, or contractors that are located, headquartered, or have employees in New York, including but not limited to contracts, invoices, payroll documents, tax records, records of payments, or shipping records.

5. All documents reflecting bank accounts or escrow accounts maintained in New York.

6.     All communications between Defendants and their clients, customers, employees, vendors, or contractors that are located, headquartered, or have employees in New York.

7.     All documents reflecting revenues derived by the Defendants from clients, customers or other business operations located or taking place in New York.

8.     All documents reflecting Defendants' solicitations, offers or negotiations with customers, potential customers, employees, vendors and subcontractors located in New York.

9.     All communications between Defendants and any social media companies concerning Plaintiffs, including but not limited to, Defendants' requests to deactivate, suspend, discontinue or otherwise limit Plaintiffs' use of their social media accounts such as "takedown demands."

10.    All communications between Defendants and Plaintiffs' competitors concerning the parties' trademark dispute, including but not limited to, Staff Leasing and Jerry Schavone.

11.    All communications between Defendants and Plaintiffs' clients concerning the parties' trademark dispute.

12.    All documents reflecting Defendants' advertising, marketing and business development that were distributed, published, sent, circulated to, accessed or received by, New York residents.

13.    All documents reflecting Defendants' transactions with any person in New York using the name Pinnacle Employee Services or any variation thereof, including but not limited to contractual agreements, invoices for Defendants' services and documentation of payment for Defendants' services.

14.    All documents reflecting any transaction Defendants have had with any person concerning advertising, marketing, business development or sales solicitations in New York

4913-7953-5974, v. 1

using the name Pinnacle Employee Services or any variation thereof, including but not limited to contractual agreements, invoices for advertising services and Defendants' payments for advertising services.

15.    All documents reflecting any persons in New York who engaged with the website with the domain name pinnaclehro.com.

16.    All documents reflecting Defendants' physical presence in New York under the name of Pinnacle Employee Services or in connection with the Defendants' business activities under that name.

17.    All documents substantiating Mr. Allen's claim that he has "been doing business in East Rochester, New York before 2013[,]" as alleged in Mr. Allen's March 12, 2024 submissions to the Court (ECF No. 11 and 11-3) and his February 9, 2024 YouTube video.

18.    All documents substantiating Mr. Allen's claim that he has clients from "Maine to Hawaii and everything in between…" as alleged in Mr. Allen's March 4, 2024 YouTube video, with specific reference to all New York clients.

19.    All documents regarding the Defendants' business transaction or relationship with APintego Insurance Services, LLC, including but not limited to all communications between the Defendants and APintego.

**Dated:** September 5, 2025

HANCOCK ESTABROOK, LLP

By: _____
James P. Youngs, Esq.
Bar Roll No. 515029
*Attorneys for Plaintiffs Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC*
1800 AXA Tower 1
100 Madison Street
Syracuse, New York 13202

4913-7953-5974, v. 1

Tel: (315) 565-4558
Email: jyoungs@hancocklaw.com

To:    David D. Lin (via email and regular mail)
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201