# Exhibit D

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326
*Attorneys for Defendants Michael Allen*
*And Pinnacle Employee Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC., <br><br> Defendants. | Civil Action No. 5:24-cv-239 (AJB/TWD) <br><br><br> **DEFENDANTS' ANSWERS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of New York, Defendants Michael Allen and Pinnacle Employee Services, Inc. ("Defendants") by and through their undersigned counsel, Lewis & Lin, LLC, respond as follows to the Third Set of Requests for Production served by Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC ("Plaintiffs"), dated September 5, 2025, as follows:

**PRELIMINARY STATEMENT**

1.      These responses are made solely for the purposes of this action. Any information or documents provided in response to any particular Request is provided subject to and without waiving any objections as to competence, relevance, materiality, proprietary, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and

1

may be interposed at the time of trial or in response to any motion or application.

2.      The following responses are based upon information and documents presently available to and located by Defendants. Defendants have not completed their investigation of this action, have not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Request.  Defendants specifically reserve the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts.  Defendants reserve all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Request.  Nothing stated herein shall constitute or be construed as a waiver of Defendants' right to prove their contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein. The fact that Defendants have agreed to respond to any particular Request is not intended, and shall not be construed as a waiver by Defendants or any part of any objection to such Request, or any part of any General Objection. The fact that Defendants respond or object to any particular Request or part thereof is not intended and shall not be construed as an admission that Defendants accept or admit the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

### <u>GENERAL OBJECTIONS</u>

Defendants make the following general responses and objections ("General Objections") to the definitions, instructions, and requests in the Requests. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual Request does not waive any of Defendants' General Objections.

1.      Defendants object to Plaintiffs' definition of "Defendants" …as well as a party's full

2

or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates" on the grounds that they result in requests for information that are not in the possession, custody or control of Defendants. Defendants will not search for or provide information that is not within their possession, custody, or control.

2.    Defendants object to the scope of the Requests on the grounds that they are overbroad and seek irrelevant information because they are unlimited in time. Unless otherwise indicated, Defendants will provide responses relating only to matters occurring between April 12, 2022 and February 16, 2024 ("Relevant Period").

3.    Defendants object to the scope of the Requests on the grounds that they are overbroad and seek irrelevant information because they are unlimited geographically. Unless otherwise indicated, Defendants will provide responses relating only to matters occurring in the New York State ("Relevant Region").

4.    Defendants object to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, Northern District of New York Local Rules, and the applicable Rules and Orders of this Court, and to the extent it attempts to change the ordinary and accepted meanings of words. Defendants will prepare and submit to Plaintiffs' counsel their Responses and Objections to Plaintiffs' Requests for Production in conformance with all applicable rules.

5.    Defendants object to each request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendants object to each instruction, definition, and production request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work

3

product doctrine, or any other applicable privilege. To the extent that any privileged document/information is inadvertently disclosed, Defendants reserve their privilege(s) with respect to such document/information, its right to object to the admissibility of such document/information, its right to object to the inspection and copying of such document and its right to request that such document be returned to Defendants.

7.    Defendants object to any request that they provide information or produce documents that cannot be located after a good faith and diligent search of its records, as such would place an undue burden and expense on Defendants.

8.    Defendants object to each instruction, definition, and production request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiffs from its own files, from documents or information Plaintiffs' possession. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiffs as for Defendants.

9.    To the extent Plaintiffs' production requests seek documents or answers that include expert material, including but not limited to survey materials, Defendants object to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.    Finally, Defendants object to the voluminous, burdensome, and harassing amount of Requests contained in Plaintiffs' Third Set of Requests for Production, a total of 19 overly broad and vague Requests.

**<u>DEFENDANTS' RESPONSE TO REQUESTS FOR PRODUCTION</u>**

1. All documents relating to Defendants' registration of the trademark "Pinnacle Employee Services" in the State of New York through the New York Department of State, including but not limited to Defendants' registration application(s) and certificate(s) of registration.

**RESPONSE:**

Defendants object to this Request to the extent it seeks documents protected by attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection, and will produce documents responsive to this Request subject to and without waiving those objections. Subject to and without waiving these objections, Defendants will produce Defendants' registration application for the "Pinnacle Employee Services" trademark in the State of New York. Moreover, Defendants' New York State trademark registration certificate was previously produced as Bates No. PES000030. Plaintiff reserves the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

2. All documents reflecting the Defendants' business licenses, registrations, or authorizations to do business in New York.

**RESPONSE:**

Defendants object to this Request to the extent it seeks documents protected by privilege or which are not relevant to the claims or jurisdictional issues. Subject to and without waiving these objections, Defendants have conducted a diligent search and reasonable inquiry and have determined that there are no documents responsive to this request in Defendants' possession, custody, or control. Plaintiff reserves the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

**3.** All correspondence or documents reflecting business with any New York State governmental agency, department or official, including but not limited to the payment of any taxes in or filing of reports with New York State.

**RESPONSE:**

Defendants object to this Request to the extent it is overbroad, unduly burdensome, and seeks documents beyond the scope of jurisdictional discovery. Subject to and without waiving this objection, Defendants have conducted a diligent search and reasonable inquiry and, upon information and belief, have no documents responsive to this Request in their possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

**4.** All documents regarding the Defendants' clients, customers, employees, vendors, third-party benefits providers, or contractors that are located, headquartered, or have employees in New York, including but not limited to contracts, invoices, payroll documents, tax records, records of payments, or shipping records.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond the scope of permissible jurisdictional discovery. The Request is not limited in time or scope, and seeks broad categories of documents concerning various parties (clients, employees, vendors, contractors) without regard to their relevance to the claims or the issue of personal jurisdiction.

Many of the requested documents, including payroll and tax records, implicate privacy and confidentiality concerns and are not proportional to the needs of limited jurisdictional discovery.

Subject to and without waiving these objections, Defendants have conducted a diligent search and reasonable inquiry and, upon information and belief, have no documents responsive to this Request in their possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

5.    All documents reflecting bank accounts or escrow accounts maintained in New York.

**RESPONSE:**

Defendants object to this Request as overbroad, unduly burdensome, and not limited to the scope of jurisdictional discovery. The Request seeks all documents reflecting bank or escrow accounts maintained in New York without limitation as to time or specificity as to relevance. Additionally, the Request implicates sensitive financial information that is confidential and proprietary, and the production of such documents may violate privacy rights and confidentiality obligations.

Subject to and without waiving these objections, Defendants have conducted a diligent search and reasonable inquiry and, upon information and belief, have no documents responsive to this Request in their possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

6.    All communications between Defendants and their clients, customers, employees, vendors, or contractors that are located, headquartered, or have employees in New York.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, and not proportional to the limited scope of jurisdictional discovery permitted at this stage of the litigation. The Request seeks all communications with a wide array of parties located or associated with New York, without limiting the subject matter to the claims or the alleged use of the

"Pinnacle Employee Services" mark, and without regard to whether such communications are relevant to the jurisdictional inquiry. The Request is also not limited in time and seeks potentially confidential or private information irrelevant to the claims in this action.

Subject to and without waiving these objections, Defendants have conducted a diligent search and reasonable inquiry and, upon information and belief, have no documents responsive to this Request in their possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

7.      All documents reflecting revenues derived by the Defendants from clients, customers or other business operations located or taking place in New York.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, seeks documents beyond the scope of jurisdictional discovery, and is not proportional to the needs of the case at this stage. The Request is not limited in time and seeks "all documents" reflecting revenue from New York-based operations, without restricting the subject matter to the alleged use of the "Pinnacle Employee Services" mark or the claims at issue. The Request also seeks documents that contain sensitive and confidential financial information not relevant to determining personal jurisdiction and that may implicate third-party privacy interests.

Subject to and without waiving these objections, Defendants have conducted a diligent search and reasonable inquiry and, upon information and belief, have no documents responsive to this Request in their possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

8

**8.**      All documents reflecting Defendants' solicitations, offers or negotiations with customers, potential customers, employees, vendors, and subcontractors located in New York.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, cumulative of prior requests, and not proportional to the needs of limited jurisdictional discovery. The Request seeks "all documents" reflecting any solicitations, offers, or negotiations with a broad range of New York-based individuals and entities, without limiting the request to the allegedly infringing conduct, the relevant time period, or the claims in this trademark action. The Request also seeks potentially sensitive or proprietary business information, including unsuccessful or preliminary negotiations that may not be relevant to whether Defendants purposefully availed themselves of the New York forum in connection with the alleged conduct.

Subject to and without waiving these objections, Defendants have conducted a diligent search and, upon information and belief, have no documents responsive to this Request in its possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

**9.**      All communications between Defendants and any social media companies concerning Plaintiffs, including but not limited to, Defendants' requests to deactivate, suspend, discontinue, or otherwise limit Plaintiffs' use of their social media accounts such as takedown demands.

**RESPONSE:**

Defendants object to this Request on the grounds that it is not relevant to the limited jurisdictional discovery authorized by the Court. The Request seeks "all communications" with social media platforms concerning Plaintiffs, including alleged takedown demands, which are not relevant to whether Defendants purposefully availed themselves of the New York forum or are otherwise

9

subject to personal jurisdiction in this case. The Request is also overbroad, unduly burdensome, and not proportional to the needs of jurisdictional discovery. It is not limited in time, subject matter, or geographic scope, and appears directed at the merits of Plaintiffs' claims or potential defenses — not at establishing the Court's authority to hear the case.

Accordingly, Defendants decline to produce documents in response to this Request at this stage of the litigation.

10.    All communications between Defendants and Plaintiffs' competitors concerning the parties' trademark despite, including but not limited to, Staff Leasing and Jerry Schavone.

**RESPONSE:**

Defendants object to this Request on the grounds that it seeks information outside the scope of jurisdictional discovery authorized at this stage of the litigation. The Request seeks "all communications" between Defendants and Plaintiffs' competitors, including Staff Leasing and Jerry Schavone, concerning the parties' trademark dispute, which is plainly directed at the merits of Plaintiffs' claims and potential defenses — not at whether this Court has personal jurisdiction over Defendants. The Request is also overbroad, vague, and unduly burdensome, and is not limited in subject matter, time, or geographic scope. It is speculative and not proportional to the needs of limited discovery focused on jurisdiction.

Accordingly, Defendants decline to produce documents in response to this Request during the jurisdictional discovery phase.

11.    All communications between Defendants and Plaintiffs' clients concerning the parties' trademark dispute.

**RESPONSE:**

Defendants object to this Request on the grounds that it seeks documents outside the scope of jurisdictional discovery permitted at this stage. The Request seeks "all communications" between

Defendants and Plaintiffs' clients concerning the parties' trademark dispute — a topic that is not relevant to whether Defendants are subject to personal jurisdiction in New York. The Request is also overbroad, unduly burdensome, and not proportional to the needs of jurisdictional discovery. It is not limited in time, geography, or subject matter, and appears directed at the merits of Plaintiffs' claims or potential counterclaims, not at establishing the Court's authority to hear the case.

Accordingly, Defendants decline to produce documents in response to this Request during the jurisdictional discovery phase.

12.    All documents reflecting Defendants' advertising, marketing and business development that were distributed, published, sent, circulated to, accessed or received by, New York residents.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not limited to the scope of jurisdictional discovery. The Request seeks "all documents" relating to advertising, marketing, and business development materials that may have been received or accessed by New York residents, without any limitation in time, geographic focus, or relation to the alleged use of the "Pinnacle Employee Services" mark. The Request is also vague, particularly in its use of the phrase "accessed or received by New York residents," which could encompass incidental or passive online activity not relevant to establishing purposeful availment or personal jurisdiction.

Subject to and without waiving these objections, Defendants have conducted a diligent search and, upon information and belief, have no documents responsive to this Request in its possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

11

13.    All documents reflecting Defendants' transactions with any person in New York using the name Pinnacle Employee Services or any variation thereof, including but not limited to contractual agreements, invoices for Defendants' services and documentation of payment for Defendants' services.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information beyond the scope of the limited jurisdictional discovery authorized by the Court, which is confined to determining whether the Court may exercise personal jurisdiction over Defendants. Defendants further object to the extent this Request seeks information unrelated to the Relevant Period, or unrelated to New York, including transactions with persons outside of New York.

Subject to and without waiving these objections, Defendants respond as follows: After a reasonable search and inquiry, Defendants have not conducted any transactions with any person or entity in New York under the name Pinnacle Employee Services or any variation thereof during the Relevant Period. Defendants have not entered into any contracts, issued invoices, or received payments for services from any person or entity in New York. Accordingly, there are no documents responsive to this Request. Defendants reserve the right to amend or supplement this response if additional information becomes available.

14.    All documents reflecting any transaction Defendants have had with any person concerning advertising, marketing, business development or sales solicitations in New York using the name Pinnacle Employee Services or any variation thereof, including but not limited to contractual agreements, invoices for advertising services and Defendants' payments for advertising services.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not proportional to the limited scope of jurisdictional discovery permitted at this

12

stage. The Request is not limited in time or scope and seeks "all documents reflecting any transaction" concerning "advertising, marketing, business development, or sales solicitations in New York" involving use of the mark "Pinnacle Employee Services" or any variation thereof. While certain advertising or solicitation activities involving the alleged mark in New York may be relevant to the personal jurisdiction inquiry in this trademark case, this Request is not narrowly tailored to include only such activities. Moreover, the Request seeks documents concerning Defendants' internal transactions with third-party service providers, which are not necessarily indicative of purposeful availment of New York or related to the alleged trademark infringement.

Subject to and without waiving these objections, Defendants have conducted a diligent search and, upon information and belief, have no documents responsive to this Request in its possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

15.    All documents reflecting any persons in New York who engaged with the website with the domain name pinnaclehro.com.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, vague, and not limited to the scope of permissible jurisdictional discovery. The Request seeks "all documents reflecting any persons in New York who engaged with" the website located at the domain name "pinnaclehro.com," without defining "engaged with," limiting the type of interaction, or specifying the time period of interest. The Request is also objectionable to the extent it seeks information that may implicate privacy rights or require disclosure of sensitive or confidential data regarding website users, including potentially protected personal information. While limited discovery into website activity may be appropriate to determine whether Defendants directed allegedly

13

infringing use of the mark "Pinnacle Employee Services" at New York residents, this Request is not narrowly tailored to such purpose.

Subject to and without waiving these objections, Defendants have conducted a diligent search and, upon information and belief, have no documents responsive to this Request in its possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

16.    All documents reflecting Defendants' physical presence in New York under the name of Pinnacle Employee Services or in connection with the Defendants' business activities under that name.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this limited jurisdictional discovery. The Request is not limited in time or scope and seeks documents that are not relevant to determining whether the Court may exercise personal jurisdiction over Defendants.

Subject to and without waiving these objections, Defendants have conducted a reasonable search and inquiry and have no documents reflecting physical presence in New York under the name of Pinnacle Employee Services, or in connection with business activities conducted under that name, during the Relevant Period. Defendants reserve the right to supplement or amend this response if additional information becomes known.

17.    All documents substantiating Mr. Allen's claim that he has "been doing business in East Rochester, New York before 2013[,]" as alleged in Mr. Allen's March 12, 2024 submissions to the Court (ECF No. 11 and 11-3) and his February 9, 2024 YouTube video.

**RESPONSE:**

14

Defendants object to this Request on the grounds that it is vague, overbroad, and seeks documents not limited to the scope of jurisdictional discovery authorized at this stage of the litigation. The Request seeks "all documents substantiating Mr. Allen's claim" regarding doing business in East Rochester, New York before 2013, but does not specify what type of business activity is relevant, whether the business activity involved use of the allegedly infringing mark, or how such documents relate to the limited issue of whether this Court has personal jurisdiction over Defendants. To the extent the Request seeks documents concerning Mr. Allen's general historical business activity in East Rochester prior to 2013, such documents are not relevant to the question of whether Defendants purposefully availed themselves of the New York forum in connection with the claims asserted in this trademark dispute. Defendants further object to this Request to the extent it mischaracterizes the nature or contents of Defendant Allen's submissions to the Court. Defendant Allen stated that he has been selling "nationwide since 2013" but did not submit to the Court that he had been doing business in East Rochester, New York before 2013 [ECF No. 11-1].

Subject to and without waiving these objections, Defendants have conducted a diligent search and, upon information and belief, have no documents responsive to this Request in its possession, custody, or control. Defendants reserve the right to add to or supplement this response within an appropriate time prior to trial, in the event there is additional or newly obtained or discovered information.

**18.** All documents substantiating Mr. Allen's claim that he has clients from "Maine to Hawaii and everything in between…" as alleged in Mr. Allen's March 4, 2024 YouTube video, with specific reference to all New York Clients.

**RESPONSE:**

Defendants object to this Request on the grounds that it is duplicative of prior discovery Request Nos. 4 and 6, overbroad, unduly burdensome, and seeks documents not relevant to the limited

scope of jurisdictional discovery permitted at this stage. The Request improperly seeks "all documents substantiating" a generalized marketing statement made by Mr. Allen in a YouTube video, which references nationwide clientele — including states far outside New York — that have no bearing on whether this Court has personal jurisdiction over Defendants. To the extent the Request seeks documents relating to New York clients, such documents have already been requested in prior discovery requests, and this Request is therefore unnecessarily cumulative and duplicative under Rule 26(b)(2)(C). The Request is also vague as to what it means to "substantiate" such a statement and is not limited to any relevant time period.

Subject to and without waiving these objections, Defendants refer Plaintiffs to their responses to Request Nos. 4 and 6 concerning clients or transactions in New York using the name "Pinnacle Employee Services" or any variation thereof.

19.    All documents regarding the Defendants' business transaction or relationship with APintego Insurance Services, LLC, including but not limited to all communications between the Defendants and APintego.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information outside the scope of the limited jurisdictional discovery authorized by the Court. Defendants further object to this Request to the extent it seeks documents unrelated to the Relevant Period and unrelated to Defendants' contacts with New York.

Subject to and without waiving these objections, Defendants have conducted a reasonable search of records and do not have responsive documents in their possession, custody, or control because Defendants have not conducted business in New York during the Relevant Period, and do not maintain a physical presence in New York under the name Pinnacle Employee Services or in connection with any business activities under that name. Any interactions with third-party services,

16

including Next Insurance, formerly known as APIntego, occurred outside New York and did not involve New York clients or revenue. Accordingly, there are no responsive documents reflecting a New York presence or business activity. Defendants reserve the right to supplement this response if additional information becomes known.

Dated: October 6, 2025
      Brooklyn, NY

                                        Respectfully submitted,

                                        David D. Lin, Esq.
                                        **LEWIS & LIN, LLC**
                                        77 Sands Street, 6th Floor
                                        Brooklyn, NY 11201
                                        david@iLawco.com
                                        Tel: (718) 243-9323
                                        Fax: (718) 243-9326

                                        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 6, 2025, a copy of the foregoing was served

upon all counsel of record, via electronic mail:

James P. Youngs, Esq.
jyoungs@hancocklaw..com
1800 AXA Tower 1
100 Madison Street,
Syracuse, New York 13202
Tel: (315) 565-4500

David D. Lin, Esq.

18