# Exhibit G

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326
*Attorneys for Defendants Michael Allen
And Pinnacle Employee Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.<br><br>Defendants. | Civil Action No. 5:24-cv-239 (AJB/TWD)<br><br>**DEFENDANTS' AMENDED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the Northern District of New York, Defendants Michael Allen and Pinnacle Employee Services, Inc. ("Defendants") by and through their undersigned counsel, Lewis & Lin, LLC, submit their Answers to the First Set of Interrogatories served by Plaintiffs ("Plaintiffs"), dated September 5, 2025, as follows:

**PRELIMINARY STATEMENT**

1.      These responses are made solely for the purposes of this action. Any information or document provided in response to any particular Interrogatory is provided subject to and without waiving any objections as to competence, relevance, materiality, proprietary, admissibility, and all other objections or grounds that would permit or require the exclusion of such information or

document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.      The following responses are based upon information and documents presently available to and located by Defendants. Defendants have not completed its investigation of this action, have not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories. Defendants specifically reserve the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Defendants reserve all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Interrogatory. Nothing stated herein shall constitute or be construed as a waiver of Defendants' right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein. The fact that Defendants have agreed to respond to any particular Interrogatory is not intended and shall not be construed as a waiver by Defendants or any part of any objection to such Interrogatory, or any part of any General Objection. The fact that Defendants respond or object to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Defendants accept or admit the existence of any facts or documents set forth in or assumed by such Interrogatory, or that such response, objection, or document produced constitutes admissible evidence.

## **GENERAL OBJECTIONS**

Defendants make the following general responses and objections ("General Objections") to the definitions, instructions, and interrogatories in the Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual Interrogatories does not waive any of Defendants' General

Objections.

1.      Defendants object to Plaintiffs' definitions of "'defendant'…as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates" on the grounds that they result in requests for information that are not in the possession, custody or control of Defendants. Defendants will not search for or provide information that is not within its possession, custody, or control.

2.      Defendants object to the scope of the Interrogatories on the grounds that they are overbroad and seek irrelevant information because they are unlimited in time. Unless otherwise indicated, and pursuant to the Court's Text Order of October 30, 2025, Defendants will provide responses relating only to matters occurring between April 12, 2017, and February 10, 2024 ("Relevant Period").

3.      Defendants object to the scope of the Interrogatories on the grounds that they are overbroad and seek irrelevant information because they are unlimited geographically. Unless otherwise indicated, and pursuant to the Court's Text Order of October 30, 2025, Plaintiff will provide responses relating only to matters occurring in New York State ("Relevant Region").

4.      Defendants object to any interrogatory to the extent that it requests Defendants provide information or produce documents that cannot be located after a good faith and diligent search of its records, as such would place an undue burden and expense on Defendants.

5.      Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent disclosure of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld on the basis of such privilege will be identified on a privilege log in accordance with Local Rule 33.1(c).

6.      These responses are based on discovery available as of the date hereof. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to the responses set forth herein. These responses are given without prejudice to Defendants' right to disclose and rely on subsequently discovered information.

## INTERROGATORIES

1.      Identify each person and his/her relationship to Defendants who participated in preparing responses to these Interrogatories, including the interrogatory for which each individual provided information.

**RESPONSE:** Defendants object to this interrogatory to the extent it seeks information that is protected by attorney-client privilege or the attorney work product doctrine, including the identity of individuals with whom counsel communicated in preparing responses to these interrogatories, where such disclosure would reveal the mental impressions, conclusions, opinions, or legal theories of counsel. Defendants further object to the grounds that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly given that jurisdictional discovery has been limited to the narrow issue of whether this Court may exercise personal jurisdiction over Defendants.

Subject to and without waiving the foregoing objections, Defendants respond as follows: The following individual provided the information used in preparing responses to the Interrogatories, solely for the limited purpose of jurisdictional discovery and not for merits-based discovery:

- Michael Allen, CEO/President, employed by Pinnacle Employee Services, Inc. provided information concerning the business activities, communications, contact, and other isolated activities, such as the passive availability of a company website accessible from New York.

To the extent any such use occurred, it was incidental, sporadic, and not targeted specifically at

4

New York customers, and does not reflect any purposeful, continuous, or systematic business activities in New York by Defendants. Defendants are not presently aware of any substantial, repeated, or deliberate use of the trademark in commerce directed at New York during the relevant period that would support the exercise of personal jurisdiction. Defendants reserve the right to supplement this response as discovery progresses.

2.      Describe in detail the basis for Defendants' sworn statement in Pinnacle Employee Services, Inc.'s application to register the trademark "Pinnacle Employee Services" with the New York Department of State, that Defendants' used that trademark in New York, including a description of dates, duration and nature of every instance of such use of the trademark in New York.

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "every instance" of use of the trademark in New York, without limitation as to time, relevance, or scope. Defendants further object to the extent the interrogatory seeks information that is outside the scope of jurisdictional discovery, which has been expressly limited to the issue of whether the Court may exercise personal jurisdiction over Defendants in this action. Defendants also object to this interrogatory to the extent it mischaracterizes or assumes facts not established—specifically, that such a statement constitutes evidence of continuous or purposeful availment of the privilege of conducting business in New York.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Upon information and belief, the application to register the trademark "Pinnacle Employee Services" with the New York Department of State was submitted as part of a routine administrative process and contained a general representation of use that was based on limited and isolated activities, such as the passive availability of a company website accessible from all states, including New York.

To the extent any such use occurred, it was incidental, sporadic, and not targeted specifically at New York customers, and does not reflect any purposeful, continuous, or systematic business

5

activities in New York by Defendants. Defendants are not presently aware of any substantial, repeated, or deliberate use of the trademark in commerce directed at New York during the relevant period that would support the exercise of personal jurisdiction. Defendants reserve the right to supplement this response as discovery progresses.

3.      Identify all of Defendants' clients or customers that were or are, at the time of their business with Defendants, resident, located, headquartered or have employees in New York, and provide their names, addresses, dates of service, a description of the services or products provided, and the total revenue derived from each such client or customer.

**RESPONSE:** Defendants object to this interrogatory to the extent that it is overly broad and not proportional to the needs of the case, particularly given that jurisdictional discovery has been expressly limited to the issue of personal jurisdiction. Requiring Defendants to identify all New York clients or customers and to disclose detailed financial and service information exceeds the scope of permissible discovery at this stage. Defendants further object on the grounds that this request seeks sensitive business and financial information, including client names, addresses, revenue data, which may be subject to confidentiality agreements, privacy obligations, or trade secret protections. Additionally, Defendants object to the extent that the identity of every client with any New York connection is not necessarily relevant to the issue of whether Defendants purposefully directed activity at New York in connection with the claims at issue. The existence of a client with a New York address does not, in and of itself, establish personal jurisdiction. Lastly, Defendants object on the grounds that complying with this request would require an extensive, time-consuming review of business records for all customers nationwide, including those whose only connection to New York may be incidental or unknown to Defendants.

Subject to and without waiving these objections, Defendants respond as follows: Following a reasonable search and review of records, Defendants deny having any clients or customers that were

resident, located, headquartered, or had employees in New York at the time of doing business with Defendants. Defendants reserve the right to supplement or amend this response if additional information becomes available.

4.      Identify all Defendants' employees, agents, independent contractors, vendors, and subcontractors that were or are, at the time of their business or employment with Defendants, resident, located, headquartered or had employees in New York.

**RESPONSE**: Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly in light of the Court's limiting discovery to the issue of personal jurisdiction. The interrogatory seeks information beyond what is relevant in determining whether Defendants purposefully directed conduct toward New York giving rise to the claims at issue. Defendants further object to the extent that this interrogatory seeks information that is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence concerning personal jurisdiction.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After a reasonable search and inquiry, Defendants have not employed or engaged any employees, agents, independent contractors, vendors, or subcontractors who were resident, located, headquartered, or had employees in New York at the time of their business or employment with Defendants. Defendants reserve the right to amend or supplement this response as necessary.

5.      Identify all states in which Defendants have ever had customers or clients, from the inception of Pinnacle Employee Services, Inc. through the present.

RESPONSE: Pursuant to the Court's Text Order of October 30, 2025, Defendants object to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly at this stage where discovery is limited to the issue of whether this Court may exercise personal jurisdiction over Defendants. The interrogatory seeks information unrelated to Defendants'

contacts with New York, which is the only relevant inquiry for the limited jurisdictional discovery authorized. Defendants further object to this interrogatory to the extent it seeks information irrelevant to the claims or defenses in this action, or that would not support a finding of personal jurisdiction in the Northern District of New York. Subject to the foregoing, Defendants state that they have not had customers or clients from New York during the Relevant Period.

Subject to and without waiving the foregoing objections, Defendants respond as follows: During the Relevant Period, Defendants have not conducted business with clients or customers located in New York. Defendants reserve the right to amend or supplement this response if additional responsive information becomes known.

6.    Identify all states in which Defendants have ever had employees, agents, independent contractors, vendors, or subcontractors, from the inception of Pinnacle Employee Services, Inc. through the present.

**RESPONSE:** Pursuant to the Court's Text Order of October 30, 2025, Defendants object to this interrogatory on the grounds that it is overly broad, not limited in scope or time, and not proportional to the inquiry into personal jurisdiction. The request seeks information unrelated to Defendants' contacts with New York, which is the only relevant jurisdictional inquiry at this stage. Defendants further object to the extent this interrogatory seeks information irrelevant to the claims or defenses in this action, and that would not support a finding of jurisdiction in the Northern District of New York.

Subject to and without waiving the foregoing objections, Defendants respond as follows: during the Relevant Period, Defendants have had employees, agents, independent contractors, vendors or subcontractors only in the State of California. Defendants have not employed or engaged any such individuals or entities in New York or in any other state. Defendants reserve the right to amend or supplement this response as appropriate.

7.    Identify all potential customers, employees, vendors, and subcontractors that

Defendants have communicated with, solicited, negotiated with, or attempted to solicit, that are located, resident, or headquartered in New York, and for such entity, identify the time, nature, location and manner of those interactions.

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the limited scope of this jurisdictional discovery permitted by the Court. The interrogatory seeks information that is not limited in time or tailored to the claims in this case, and it demands disclosure of potential or speculative communications that may not be relevant to the specific jurisdictional inquiry.

Defendants further object to the extent this interrogatory seeks to compel the disclosure of confidential or proprietary information, including internal marketing or outreach efforts, where such information has no bearing on whether Defendants purposefully directed conduct toward New York giving rise to the claims in this case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants deny having communicated with, solicited, negotiated with, or attempted to solicit any potential customers, employees, vendors, or subcontractors that were located, resident, or headquartered in New York.

8.      Identify all trade shows, professional conferences, industry events, business trips or other events in New York at which Defendants marketed, promoted, or provided their services, including the date, duration and nature of each such event, and identify the Defendants' agents who attended the event.

**RESPONSE:** Defendants object to this interrogatory as overly broad, unduly burdensome, and not proportional to the limited scope of this discovery. The interrogatory is not limited in time and seeks information that is speculative and not reasonably calculated to lead to admissible evidence relevant to the issue of personal jurisdiction. Defendants further object to the extent the interrogatory seeks

information that is irrelevant, including attendance at events in New York that were not for the purpose of marketing, promoting, or providing services, or that have no nexus to the alleged conduct giving rise to the claims in this case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants deny having attended or participated in any trade shows, conferences, industry events, business trips, or other events in New York for the purpose of marketing, promoting, or providing their services. Defendants are not aware of any agents, employees, or representatives who have traveled to New York or attended any such events on Defendants' behalf. Defendants reserve the right to amend or supplement this response if additional responsive information becomes known.

9.      State whether Defendant Allen has ever visited New York on business related to Pinnacle Employee Services, Inc., and identify the purpose, date, duration, and nature of each such visit.

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is overly broad, not limited in time, and not proportional to the needs of the case, particularly given the limited scope of discovery. Defendants further object to the extent the interrogatory seeks information that is not relevant to the jurisdictional inquiry.

Subject to and without waiving the foregoing objections, Defendants deny having visited New York on business related to Pinnacle Employee Services, Inc. Defendant Allen has not conducted meetings, attended events, or otherwise engaged in business activities in New York on behalf of the company. Defendants reserve the right to amend or supplement this response if additional information becomes available.

10.     Identify all contracts that the Defendants have entered into (a) with parties who were, at any time during their business with Defendants, located, resident, or headquartered in New York, or (b) that called for performance in New York entities or individuals.

10

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the limited scope of jurisdictional discovery. The interrogatory seeks information unrelated to the claims in this case, including contracts that may have had incidental or indirect connections to New York but no bearing on the jurisdictional analysis. Defendants further object to the extent that this interrogatory seeks to compel disclosure of confidential commercial information or third-party contract terms that are not relevant to the narrow question of whether Defendants purposefully directed conduct towards New York giving rise to the claims asserted.

Subject to and without waiving the foregoing objections, Defendants deny having entered into any contract with parties located, resident, or headquartered in New York, nor have they entered into any contracts that called for performance in New York.

11.    Describe the basis for Defendants' claim to have been doing business in East Rochester, New York before 2013 as alleged in Mr. Allen's March 12, 2024 submissions to the Court (ECF No. 11 and 11-3) and his February 9, 2024 YouTube video.

**RESPONSE:** Defendants object to this Interrogatory as overbroad to the extent it seeks information regarding all prior statements or alleged business activity that is not limited to matters relevant to the trademark claims at issue in this action. Defendants further object to this Interrogatory as seeking information that is not relevant and not proportional to the needs of the case, because it concerns alleged business activity outside the Relevant Period.

Subject to and without waiving these objections, Defendants state that while Defendant Allen has made statements suggesting that Defendants did business in East Rochester prior to 2013, Defendants dispute those statements and deny that they conducted business in East Rochester during the Relevant Period or at any time in connection with activities giving rise to the trademark claims in this action.

12.    Describe the basis for Mr. Allen's claim to have clients from "Maine to Hawaii and

everything in between" as alleged in Mr. Allen's March 4, 2024 YouTube video, with specific reference to all New York clients.

**RESPONSE:** Pursuant to the Court's Text Order of October 30, 2025, Defendants object to this Interrogatory as overbroad to the extent it seeks information regarding all of Mr. Allen's alleged clients nationwide, without limitation to matters relevant to the trademark claims at issue in this action. Defendants further object to this Interrogatory as seeking information that is not relevant and not proportional to the needs of the case, including alleged clients outside the Relevant Period and unrelated to New York contacts relevant to the determination of personal jurisdiction.

Subject to and without waiving these objections, Defendants state that while Mr. Allen has made statements suggesting he has clients across the country, Defendants dispute any implication that such clients relate to business conducted in New York or to the trademark claims at issue. Defendants further state that they have not conducted business with any clients located in New York during the Relevant Period and, therefore, have no responsive information regarding New York clients.

13. Identify all social media companies Defendants have contacted concerning the parties' trademark dispute and describe the date, nature, location, and manner of those communications.

**RESPONSE:** Pursuant to the Court's Text Order of October 30, 2025, Defendants object to this Interrogatory as seeking information outside the scope of the limited discovery authorized by the Court, which is confined to determining whether the Court has personal jurisdiction over Defendants. This Interrogatory seeks information regarding the merits of the parties' dispute, which is not relevant to the jurisdictional question and not proportional to the needs of this limited discovery. Subject to and without waiving these objections, Defendants state that they have not contacted New York-based social media companies during the Relevant Period concerning the parties' trademark dispute..

14. Identify all of Plaintiffs' competitors, including but not limited to Staff Leasing and Jerry Schavone, Defendants have contacted concerning the parties' trademark dispute and describe

the participants, date, nature, location and manner of those communications.

**RESPONSE:** Pursuant to the Court's Text Order of October 30, 2025, Defendants object to this Interrogatory as seeking information outside the scope of the limited discovery authorized by the Court, which is confined to determining whether the Court has personal jurisdiction over Defendants. Defendants further object to this Interrogatory as seeking information regarding the merits of the parties' trademark dispute, including communications with Plaintiffs' competitors, which is **not relevant** to the jurisdictional question and not proportional to the needs of this limited discovery. Defendants also object to the extent this Interrogatory seeks disclosure of private or sensitive information about third parties.

Subject to and without waiving these objections, Defendants state that they have not had contacted any such New York-based non-parties during the Relevant Period concerning the parties' trademark dispute.

15. Describe the Defendants' business relationship with APintego Insurance Services, LLC ("APintego") and identify the dates on which either party provided services to each other.

**RESPONSE:** Defendants deny having any business relationship with AP Intego Insurance Services, LLC that involved New York clients, employees, or business activities during the Relevant Period. Any interactions with Next Insurance, formerly known as AP Intego, occurred outside New York and did not involve New York clients or revenue. Defendants reserve the right to supplement this response if additional information becomes known.

Dated: November 7, 2025

Brooklyn, NY

Respectfully submitted,

David D. Lin, Esq.
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Defendants*

14

**<u>VERIFICATION</u>**

I, Michael Allen, am the President and CEO of Defendant Pinnacle Employee Services, Inc. I am the agent of Defendants for the purpose of answering Plaintiffs' First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of November,7th day of November, 2025

_____

Michael Allen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2025, a copy of the foregoing was served upon all counsel of record, via electronic mail:

James P. Youngs, Esq.
jyoungs@hancocklaw..com
1800 AXA Tower 1
100 Madison Street,
Syracuse, New York 13202
Tel: (315) 565-4500

David D. Lin, Esq.

16