**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

                            Plaintiffs,

        vs.

MICHAEL ALLEN and PINNACLE EMPLOYEE
SERVICES, INC.,

                          Defendants.

Civil Action No.: 5:24-cv-239
(AJB/TWD)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THEIR COMPLAINT**

**HANCOCK ESTABROOK, LLP**
*Attorneys for Plaintiffs*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

**TABLE OF CONTENTS**

PROCEDURAL BACKGROUND .......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ...................................................................................................................... 5

    I.      THE PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT BECAUSE THEIR PROPOSED AMENDMENT WOULD NOT BE FUTILE ....................................................................5

    II.     THIS COURT HAS SPECIFIC JURISDICTION OVER THE DEFENDANTS BECAUSE THEY APPLIED FOR AND OBTAINED A NEW YORK TRADEMARK REGISTRATION…………………………………… 5

        A.      THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANTS PURSUANT TO CPLR § 302(A)(1) ...................................................... 6

        B.      EXERCISING PERSONAL JURISDICTION OVER THE DEFENDANTS WOULD NOT OFFEND DUE PROCESS ........................... 10

    III.    THE PLAINTIFF FURTHER REQUESTS TO INCLUDE THE E-FILED APPLICATION AND THE '983 REGISTRATION IN THE SECOND AMENDED COMPLAINT ..........................................................................................12

    IV.    IN THE ALTERNATIVE, THE PLAINTIFFS RESPECTFULLY REQUEST LEAVE TO FILE A SUPPLEMENTAL COMPLAINT ........................13

CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bank v. Gohealth, LLC*,
  2022 WL 113250 (2d Cir. 2022)............................................................................5

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016)...................................................................................5

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..............................................................................................11

*Consolidated Gold Fields PLC v. Anglo American Corp. of South Africa Ltd.*,
  713 F.Supp. 1455 (S.D.N.Y. 1989) ......................................................................13

*Glob. Tech Indus. Grp. Inc. v. Wells*,
  2022 WL 2872298 (S.D.N.Y. July 21, 2022) .........................................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)................................................................................................5

*Int'l Controls Corp v. Vesco*,
  556 F.2d 665 (2d Cir. 1997)..................................................................................13

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..............................................................................................10

*Italian Exhibition Grp. USA, Inc. v. Bartolozzi*,
  2024 WL 291224 (S.D.N.Y. Jan. 25, 2024) ...........................................................7

*Kalimantano GmbH v. Motion in Time, Inc.*,
  939 F.Supp.2d 392 (S.D.N.Y. 2013).....................................................................13

*Kerman v. InterContinental Hotels Grp. Res. LLC*,
  2021 WL 930253 (E.D.N.Y. Mar. 11, 2021)..........................................................7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012)...........................................................................6, 7, 11

*O'Rourke v. Pitney Bowers, Inc.*,
  1996 WL 539848 (S.D.N.Y. 1996)........................................................................5

*Santamaria v. Hilton Worldwide, Inc.*,
  2020 WL 2036724 (S.D.N.Y. Apr. 28, 2020).........................................................5

*Schenck v. United Airlines*,
   2023 WL 2165181 (S.D.N.Y. 2023) ................................................................................13

**State Cases**

*Ehrenfeld v. Bin Manfouz*,
   9 N.Y.3d 501 (2007) ...........................................................................................................6

*Kreutter v. McFadden Oil Corp.*,
   71 N.Y.2d 460 (N.Y. 1988) ...............................................................................................6

*Licci v. Lebanese Canadian Bank*,
   984 N.E.2d 893 (N.Y. 2012) ..............................................................................................7

*Paterno v. Laser Spine Inst.*,
   23 N.E.3d 988 (N.Y. 2014) ................................................................................................6

**State Statutes**

GBL § 360(h) ........................................................................................................................8, 9

GBL § 360-b ..............................................................................................................................8

GBL § 360-b(c) ..........................................................................................................................8

GBL § 360-b(d) ..........................................................................................................................8

GBL § 360-d ..............................................................................................................................7

General Business Law § 360 .....................................................................................................8

General Business Law § 360-n(b) .............................................................................................8

N.Y. General Business Law §§ 360-k .......................................................................................7

**Rules**

CPLR 302(a)(1) ..............................................................................................................7, 10, 11

CPLR § 302 ...............................................................................................................................6

CPLR § 302(A)(1) ..................................................................................................................6, 9

Federal Rule of Civil Procedure 15(a)(2) .................................................................................5

Federal Rule of Civil Procedure 15(d) ....................................................................................13

Rule 12(b)(6) .............................................................................................................................2

**PROCEDURAL BACKGROUND**

This action arises from the parties' ongoing trademark dispute over the name PINNANCE EMPLOYEE SERVICES and the Defendants' widespread dissemination of videos and statements defaming the Plaintiffs. Prior to this lawsuit being filed, the Defendants sued the Plaintiffs for trademark infringement in federal court in the Eastern District of California. A. Complt. (EFC 27), ¶ 80. After extensive briefing and jurisdictional discovery, the Eastern District (Chief Judge Mueller) dismissed the Defendants' suit for want of personal jurisdiction over the Plaintiffs on January 31, 2024. *Id.* at ¶¶ 81-85; Ex. E to A. Complt. (ECF 27-5). Defendant Michael Allen responded to the dismissal of the suit by inundating the Plaintiffs and their customers with a series of defamatory videos stating, *inter alia*, that Plaintiff Pinnacle Employee Services LLC ("PES LLC") was "posing as" Defendant Pinnacle Employee Services Inc. ("PES Inc."). *Id.* at ¶¶ 86-121.

On February 16, 2024, Plaintiffs initiated this action with the filing of a Complaint, application for an Order to Show Cause, and Motion for Preliminary Injunction. ECF 1-2. The Complaint's purpose was to obtain a final resolution of the parties' long-disputed trademark rights with respect to the name PINNACLE EMPLOYEE SERVICES. The purpose of the Order to Show Cause and Motion for Preliminary Injunction was to stop the Defendants' social media blitz against the Plaintiffs, which was ongoing at the time this action was filed and had resulted in the Plaintiffs losing the ability to market and communicate with customers through their social media accounts.

The Court denied the Plaintiffs' application for an Order to Show Cause, but reserved judgment on their Preliminary Injunction Motion. ECF 6. Mr. Allen responded to the Complaint on March 12, 2024. ECF 11. Mr. Allen's March 12, 2024 response was construed by the Court as

4908-7328-7035, v. 2

a motion to dismiss under Rule 12(b)(6) in light of its contents. ECF 13. The Court denied the Defendants' March 12, 2024 Motion *via* an April 2, 2024 Text Order, and also denied the Defendants' request for an extension to obtain counsel. ECF 13.

Subsequently, the parties entered into a Stipulation under which the Defendants agreed to cease their online activities targeting the Plaintiffs and were afforded until June 1, 2024 to answer the Complaint. The Stipulation was "So-Ordered" by the Court on April 12, 2024.  ECF 20. Counsel for Defendants filed a Notice of Appearance on May 31, 2024, at which time he also requested additional time for the Defendants to respond to the Complaint. ECF 22; 23.

On June 26, 2024, counsel for the parties entered into a stipulation granting the Plaintiffs' leave to file a first amended complaint, adding facts related to the Defendants' online conduct, which was "So Ordered" by the Court the same day. ECF 25; 26. The Plaintiffs filed their First Amended Complaint with Exhibits on June 27, 2024. ECF 27 to 27-13. In response, the Defendants moved to dismiss the amended complaint in its entirety for, *inter alia*, a lack of personal jurisdiction over the Defendants on July 11, 2024. ECF 29. The Plaintiffs opposed the Defendants Motion to Dismiss, but in the alternative, requested leave to conduct jurisdictional discovery. ECF 34-34-24. This Court denied the Defendants' motion to dismiss with leave to renew following the completion of jurisdiction discovery. ECF 43.

The parties have completed jurisdictional discovery, and the Plaintiffs now move for leave to file a Second Amended Complaint to assert additional allegations sufficient to support personal jurisdiction over the Defendants. Specifically, the Plaintiffs seek to include allegations that Mr. Allen, on behalf of PES. Inc., applied to register the mark PINNACLE EMPLOYEE SERVICES with the New York State Department of State on March 19, 2023—nearly a year before this action was initiated.

2

**STATEMENT OF FACTS**

Defendant PES, Inc. obtained a New York State trademark registration for the words PINNACLE EMPLOYEE SERVICES from the New York State Department of State, Registration No. S23983 (the "'983 Registration"), on March 22, 2024. *See* ECF 36-1. On September 5, 2024, Mr. Allen filed a Reply Declaration in further support of the motion to dismiss, affirming to the Court that he applied for the '983 Mark on March 12, 2024, which was a month after this action was initiated. ECF 36-1. Attached to Mr. Allen's declaration as Exhibit A was a purported copy of his application for the '983 Registration, bearing an application date of March 12, 2024 (the "E-Filed Application") ECF 36-2. The Court concluded that PES, Inc.'s E-Filed Application for the '983 Registration was not a basis for personal jurisdiction because it was made after this action was sued. ECF 43, p. 36.

During jurisdictional discovery the Plaintiffs requested "[a]ll documents relating to the Defendants' registration of the trademark 'Pinnacle Employee Services' in the State of New York through the New York Department of State, including but not limited to the Defendants' registration application(s) and certificate(s) of registration." Youngs Dec., ¶ 5. The Defendants responded that they would "produce Defendants' registration application for the 'Pinnacle Employee Services' trademark in the State of New York[,]" which was contemporaneously provided as PES000035-PES000036 (the "2023 Application"). *Id.* at ¶¶ 6-7. The 2023 Application appears identical to the E-Filed Application, *with the exception of the date reflected on the application*. Compare *id.*, with ECF 36-2. The application produced during discovery reveals that PES, Inc., through its principal Mr. Allen, applied for the '983 Registration on March 19, 2023—nearly a year before this action was initiated. Youngs Dec., Ex. E. The E-Filed Application was not produced during jurisdictional discovery. *See id.* at ¶7. The Defendants only

3

produced the 2023 Application, which they characterized as the "Defendants' registration application for the 'Pinnacle Employee Services' trademark in the State of New York." *Id.* at ¶¶ 6-7.

Whether the source of this discrepancy is a fabrication by Mr. Allen to avoid this Court's jurisdiction or there are multiple applications, the 2023 Application was made before the Plaintiffs commenced this action. Compare Youngs Dec., Ex. E., with ECF 1-2. In fact, the 2023 Application was made while the parties were actively litigating their trademark dispute in the Eastern District of California. Youngs Dec., ¶ 8. The Plaintiffs' motion to dismiss for lack of personal jurisdiction was pending with the Court as of that date. *Id.*

In the 2023 Application, Mr. Allen attested that the name PINNACLE EMPLOYEE SERVICES was "in use" by PES, Inc. Youngs Dec., Ex. E. However, in jurisdictional discovery, the Defendants denied that PES, Inc. had any clients, customers or business contacts in New York between April 12, 2017 and February 16, 2024. Youngs Dec., Ex. F, at ¶ 3. Mr. Allen further stated in sworn Interrogatory responses that PES, Inc. did not conduct or direct any advertising, marking or promotional campaigns targeting New York residents or entities between April 12, 2017 and February 16, 2024. *Id.* at ¶ 6. Mr. Allen attributes PES, Inc.'s application for the '983 Registration to its "routine administrative process" and to PES, Inc.'s website being passively available in New York—notwithstanding his claim that PES, Inc. began using the name PINNACLE EMPLOYEE SERVICES as early as September 23 2013. Compare Youngs Dec., Ex. E, with Youngs Dec., Ex. G.

4

4908-7328-7035, v. 2

## ARGUMENT

**I.    THE PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT BECAUSE THEIR PROPOSED AMENDMENT WOULD NOT BE FUTILE**

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). The Rule further advises that "[t]he court should freely give leave when justice so requires." *Id.* Stated differently, "leave to amend is ordinarily appropriate absent a compelling reason to deny …" which may include futility of the proposed amendment. *O'Rourke v. Pitney Bowers, Inc.*, 1996 WL 539848, at *1 (S.D.N.Y. 1996). Thus, to avail itself to leave to amend, the movant must be able to demonstrate that the proposed amended complaint would be capable of surviving dismissal. *Bank v. Gohealth, LLC*, 2022 WL 1132503, at *1 (2d Cir. 2022).

As detailed below, by applying for and obtaining the '983 Registration, the Defendants have vested the Court with personal jurisdiction over them. Therefore, filing a Second Amended Complaint would not be futile and should be permitted by the Court.

**II.    THIS COURT HAS SPECIFIC JURISDICTION OVER THE DEFENDANTS BECAUSE THEY APPLIED FOR AND OBTAINED A NEW YORK TRADEMARK REGISTRATION**

"There are two types of personal jurisdiction: specific and general." *Santamaria v. Hilton Worldwide, Inc.*, 2020 WL 2036724, at *1 (S.D.N.Y. Apr. 28, 2020) (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016)). Applicable here, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). The Court's exercise of specific jurisdiction must be consistent with the forum state's long arm statute and must also "comport with constitutional due

5

process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).

### A.   THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANTS PURSUANT TO CPLR § 302(A)(1)

The Court's analysis of specific jurisdiction begins with New York's long-arm statute, CPLR § 302. *See Licci ex. rel.*, 673 F.3d at 61. CPLR § 302(a)(1) permits the court to "exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state . . .." The applicability of CPLR § 302(a)(1) hinges on a two-prong inquiry: "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action arises from such a business transaction." *See Licci ex. rel.*, 673 F.3d at 60.

With respect to the first prong of CPLR § 302(a)(1), "[t]he New York Court of Appeals has explained that 'the overriding criterion necessary to establish a transaction of business is *some act* by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci ex. rel.*, 673 F.3d at 61 (emphasis added) (quoting *Ehrenfeld v. Bin Manfouz*, 9 N.Y.3d 501, 508 (2007)). Thus, proof of one act or transaction is sufficient to invoke jurisdiction if it rises to the level of personal availment and bears a substantial relationship to the claim asserted. *Glob. Tech Indus. Grp. Inc. v. Wells*, 2022 WL 2872298, at *3 (S.D.N.Y. July 21, 2022) ("Section 302(a)(1) is a 'single act' statute: proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.") (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (N.Y. 1988). In sum, whether the defendant has transacted business in New York is governed by the quality—not the quantity—of its actions in the state. *Paterno v. Laser*

6

*Spine Inst.*, 23 N.E.3d 988, 994 (N.Y. 2014) ("[I]t is not the quantity but the quality of the contacts that matters under our long-arm jurisdiction analysis.").

The second prong of CPLR 302(a)(1) requires "an articulable nexus or substantial relationship" between the plaintiff's claim and the contact in question. *Kerman v. InterContinental Hotels Grp. Res. LLC*, 2021 WL 930253, at *3 (E.D.N.Y. Mar. 11, 2021) (quoting *Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893, 900 (N.Y. 2012)). This requirement is met when some relatedness exists between the subject transaction and the plaintiff's claims. *See Italian Exhibition Grp. USA, Inc. v. Bartolozzi*, 2024 WL 291224, at *2 (S.D.N.Y. Jan. 25, 2024). At bottom, there must be more than a coincidental connection between the claim and the defendant's activities in New York. *Licci ex. rel.*, 673 F.3d at 68.

Here, the Defendants subjected themselves to personal jurisdiction in New York when Mr. Allen applied for the '983 Registration to assert PES, Inc.'s purported right to do business under the name PINNACLE EMPLOYEE SERVICES in the State of New York. Through that transaction, the Defendants purposefully availed themselves of the protections and benefits of New York law as they relate to the parties' trademark dispute. Specifically, the '983 Registration vests PES, Inc. with a cause of action for infringement or counterfeit of the mark it registered. N.Y. General Business Law ("GBL") §§ 360-k; 360-m(1). Remedies associated with this New York statutory cause of action include both injunctive relief and monetary damages consisting of disgorgement of profits and treble damages and/or attorneys' fees if the infringement is in bad faith. GBL §§ 360-k; 360-m(1). The '983 Registration also benefits the Defendants in their ongoing trademark dispute with the Plaintiffs. More specifically, the '983 Registration certificate is "admissible in evidence as competent and sufficient proof of the registration of such mark in any actions or judicial proceedings in any court of this state." GBL § 360-d. The Defendants

7

4908-7328-7035, v. 2

submitted the 2023 Application to obtain these very benefits, as evidenced by the 2023 Application's impropriety, its timing and the circumstances surrounding it.

Beyond these benefits, the Defendants' New York trademark registration also reflects their voluntary consent to be subject to the jurisdiction of courts in New York. Most strikingly, General Business Law § 360-n(b) states that "[i]n any action brought against a non-resident registrant, service may be effected upon the secretary as agent for service of the registrant in accordance with the procedures established for service upon non-resident corporations and business entities." The Defendants have thus designated the Secretary of State of New York for service of process, thereby legally and voluntarily subjecting themselves to personal jurisdiction of this State, at least in actions relating to its PINNACLE EMPLOYEE SERVICES trademark.

New York GBL § 360-b governs the requirements for an application to register a mark with New York State. New York GBL § 360-b mandates that "the application shall be signed and verified by oath, affirmation or declaration subject to perjury laws by the applicant or by a member of the firm or an officer of the corporation or association applying." GBL § 360-b. An applicant must also set forth, "the date when the mark . . . was first used in this state by the applicant or a predecessor in interest." GBL § 360-b(c). The law further requires an applicant to make a sworn "statement that [1] the applicant is the owner of the mark, [2] that the mark is *in use*, and [3] that, to the knowledge of the person verifying the application, no other person has registered, either federally or in this state, or has the right to use such mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive." GBL § 360-b(d) (emphasis added). Section 360 of the General Business Law defines "use" as the "bona fide use of a mark in the ordinary course of trade…" GBL § 360(h). New York GBL § 360(h)

8

further clarifies that a mark is in use when it is "used or displayed in the sale or advertising of services and ***the services are rendered in this state***." *Id.* (emphasis added). Simply stated, the registrant's application may not be "made merely to reserve a right in a mark." *Id.*

Mr. Allen claims PES, Inc. has been doing business under the name PINNACLE EMPLOYEE SERVICES since September 23, 2013. However, the Defendants neglected to apply for the '983 Registration until March 29, 2023. It is notable that in March of 2023, the parties were actively litigating their trademark dispute in the Eastern District of California. Indeed, the Plaintiffs motion to dismiss for lack of personal jurisdiction in the California lawsuit was pending before the Court at that time. It is certainly plausible that the Defendants submitted the 2023 Application to avail themselves to New York State's trademark protections should they be forced to litigate in New York, in an attempt to bolster their position using the benefits of and subjecting themselves to the jurisdiction of New York law in direct reference to the parties' ongoing trademark dispute. The Defendants thus purposefully availed themselves to the protections and benefits of New York law, thereby transacting business in New York under CPLR § 302(a)(1).

As required under CPLR § 302(a)(1), the Defendant's 2023 Application bears a direct relationship to the Plaintiffs' claims. This lawsuit seeks to resolve a trademark dispute over ownership of and priority in the trademark PINNACLE EMPLOYEE SERVICES. The Defendant's application asserting use of that trademark in New York speaks directly to the Plaintiff's claim for trademark infringement against the Defendants, as well as its claim for a declaration of the scope of the Plaintiff's common law trademark right in that name and non-infringement of the Defendant's trademark. Specifically, Plaintiffs' Second Amended Complaint alleges, *inter alia*, that the Plaintiffs have common law trademark rights in New York (any

4908-7328-7035, v. 2

beyond) by virtue of their continuous use of the name PINNACLE EMPLOYEES SERVICES in that geographic territory. In turn, the Second Amended Complaint requests that the Court determine the geographic scope of the parties' respective trademark rights and issue a declaratory judgment that the Plaintiffs have not infringed upon the Defendants' trademark in those areas in which the Plaintiffs enjoy common law rights that predate the Defendant's federal trademark registration. The Defendants' 2023 Application and the '983 Registration it resulted in are indisputably related to the parties' respective rights to do business in New York under the name PINNACLE EMPLOYEE SERVICES. The parties' respective rights to use the name PINNACLE EMPLOYEE SERVICES, and in what regions they apply, is at the heart of this litigation.

In the Court's September 2, 2025 Decision and Order, it only briefly addressed the Plaintiffs' arguments that Defendant PES, Inc.'s New York application to register the trademark conferred personal jurisdiction over the Defendants. ECF 43, p. 36. It held that the application could not establish personal jurisdiction because the application contained in the Defendant's Reply in further support of the motion was dated after the Plaintiffs filed their lawsuit. *Id.* Now that the Defendants have produced an application long predating the filing of this lawsuit, that sole basis for the Court's holding that the application did not confer jurisdiction no longer applies and jurisdiction has been established.

### B. EXERCISING PERSONAL JURISDICTION OVER THE DEFENDANTS WOULD NOT OFFEND DUE PROCESS

"[C]onstitutional due process ensures that a court will exercise personal jurisdiction over a defendant only if the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). When CPLR 302(a)(1) confers personal jurisdiction upon a court, it is "rare" that exercising personal

10

jurisdiction will offend due process. *Licci ex rel.*, 732 F.3d at 169. This is because when a plaintiff establishes that the defendant has transacted business in New York, the plaintiff has also established that the defendant has requisite minimum contacts with the forum state under a due process analysis. *See, e.g. Davis,* 2024 WL 1178014, at * 9 ("Here, the first element is satisfied, because the Court's finding that Plaintiff has plausibly alleged that [Defendants] . . . transacted business . . . in New York also provides that Plaintiff has met her burden to show that certain minimum contacts with New York exist) (*citing Best Van Lines,* 490 F.3d at 247). Like CPLR 302(a)(1), the Supreme Court of the United States has recognized that a single act can support personal jurisdiction over a non-domiciliary when it creates a substantial connection with the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, n*18 (1985). Therefore, when a court determines that a defendant has transacted business in New York pursuant to CPLR 302(a)(1), it need only determine whether "notions of fair play and substantial justice" allow its exercise of jurisdiction for purposes of due process. *See id.* In making this determination, the court considers the following factors: (1) the burden litigating in the forum would impose on the defendant; (2) the forum state's interest in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in reaching the most efficient resolution of the controversy; and (5) the states' shared interest in furthering substantive polices. *Metro. Life Inc. Co.*, 84 F.3d at 568.

To the extent the Defendants claim that litigating in this forum would pose a burden upon them, that contention is undermined by Mr. Allen's previous indication of his willingness to litigate in this forum, irrespective of any resulting inconvenience to the Defendants. Moreover, although Defendant Allen resides in California, "the conveniences of modern communication and transportation ease" any burden upon him. *Metro. Life Inc. Co.*, 84 F.3d, at 574. Turning to

11

the second factor, this lawsuit seeks to clarify ownership and rights in a trademark that is used in New York, and where the Defendants have secured a registration under New York law, which the New York-based Plaintiffs challenge. The Defendants should not be permitted to use New York law as a sword, while also being shielded from the State's jurisdiction. The Plaintiffs also have an interest in obtaining convenient relief in this forum. Unlike the Defendants, the Plaintiffs have never claimed a willingness to forgo that convenience by litigating in the Defendants' home state.  The final applicable factor, the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, also weighs in favor of litigating in New York. As previously discussed, Defendants attempted to litigate the parties' ongoing trademark dispute in California. ECF 27, ¶¶ 80-85. The Eastern District of California, however, determined that it lacked personal jurisdiction over the Plaintiffs in this action and dismissed the complaint as a result. *Id.* In light of the California Court's inability to resolve this matter on the merits and Defendants' contacts with New York, efficiency mandates that this Court resolve the parties ongoing trademark dispute as opposed to directing this matter *back* to California as Defendants request.

### III.    THE PLAINTIFF FURTHER REQUESTS TO INCLUDE THE E-FILED APPLICATION AND THE '983 REGISTRATION IN THE SECOND AMENDED COMPLAINT

It is also respectfully requested that Plaintiffs be permitted to allege the existence of the E-Filed application and the '983 Registration, which was not included in the Plaintiffs' First Amended Complaint. ECF 27. Although this Court previously considered and dismissed the Defendants' '983 Registration as a basis for personal jurisdiction the controlling pleading at that time was the Plaintiffs' First Amended Complaint, which did not include allegations regarding the '983 Registration. ECF 27; ECF 43.

4908-7328-7035, v. 2

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1997). Indeed, "an amended complaint is intended to completely replace the prior complaint in a case and thus "renders any prior complaint of no legal effect." *Schenck v. United Airlines*, 2023 WL 2165181, at n. 5 (S.D.N.Y. 2023) (internal brackets and quotations omitted) (quoting *Int'l Controls Corp.*, 556 F.2d at 668.). Therefore, it is respectfully requested that should the Plaintiffs be permitted to include allegations regarding the E-Filed Application and '983 Registration, they will be properly in this Court's purview. But, should this Court disagree, the Plaintiffs respectfully request leave to file a supplemental pleading based on the Defendants' '983 Registration and E-Filed Application as set forth below.

### IV.    IN THE ALTERNATIVE, THE PLAINTIFFS RESPECTFULLY REQUEST LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Federal Rule of Civil Procedure 15(d) recognizes that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplementation is permitted where the new events in question "affect the controversy and the relief sought." *Consolidated Gold Fields PLC v. Anglo American Corp. of South Africa Ltd.*, 713 F.Supp. 1455, 1457 (S.D.N.Y. 1989).  Further, "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). In such instances, the court "considers the factual allegations both in the Amended Complaint and in Plaintiffs' proposed supplement would be futile." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F.Supp.2d 392, 403 (S.D.N.Y. 2013).

Here, Defendants applied for the '983 Registration prior to this action, but obtained the '983 Registration itself post-complaint. Youngs Dec., Ex E; ECF 36-1. The '983 Registration is

13

unquestionably related to PES, Inc.'s pre-litigation application for the same. Further, the '983 Registration and its purported validity are related to relief being sought in this action. As detailed above, the Plaintiffs request that this Court issue a declaratory judgment with respect to the parties' respective trademark rights in New York and other geographic regions. Because the Plaintiffs have alleged common law trademark protections and priority to use of the name PINNACLE EMPLOYEE SERVICES in New York, the Defendants' 983 Registration—and the date it was applied for and obtained— must be considered by the Court. The Defendants' purpose in filing the E-Filed Application filed post-complaint is questionable, but nevertheless relates to the parties ongoing trademark dispute at the center of this litigation. Therefore, should the Court deny the Plaintiffs' request to include such information in the Second Amended Complaint, it is respectfully submitted that the Plaintiffs should be permitted to put these post-litigation events before the Court *via* supplemental pleading.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant the Plaintiffs' motion in its entirety.

**Dated:** November xx, 2025

**HANCOCK ESTABROOK, LLP**

By: *s/ James P. Youngs*
James P. Youngs, Esq. (Bar Roll No. 515029)
Amanda C. Nardozza (Bar Roll No. 704370)
*Attorneys for Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4558
*jyoungs@hancocklaw.com*

14

4908-7328-7035, v. 2