**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF NEW YORK**

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

    Plaintiffs,

    v.

MICHAEL ALLEN and PINNACLE
EMPLOYEE SERVICES, INC.,

    Defendants.

Civil Action No. 5:24-cv-239
(AJB/TWD)

**AFFIRMATION OF DEFENDANT MICHAEL ALLEN IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

I, Michael Allen, being duly sworn, hereby affirm under penalty of perjury as follows:

1. I am the principal of Defendant Pinnacle Employee Services, Inc. ("PES"), and I submit this Affirmation in support of Defendants' opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint. I have personal knowledge of the facts set forth herein.

2. PES is a California corporation with its principal place of business in California. I am a resident of California. PES has no offices, employees, agents, bank accounts, vendors, or clients in New York, does not advertise or market in New York, and does not derive revenue from New York customers.

3. PES does not conduct business in New York, has never targeted New York residents for business, and has not purposefully availed itself of the privilege of conducting activities in New York.

## The New York Service Mark Applications

4. On or about March 12, 2024, PES submitted an application to the New York Department of State to register a service mark. That application contained a clerical error relating to the specimens provided.

5. By email dated March 19, 2024, a representative of the New York Department of State, Division of Corporations and State Records, informed me that the application would be rejected because the business card specimens did not match the description provided in Section 5 of the application. A true and correct copy of that email is attached hereto as Exhibit A.

6. As a result, the initial application was rejected, and no New York service mark registration issued from that filing. The rejected application conferred no enforceable rights, no statutory protections, and no benefits under New York law. A true and correct copy of the rejected application containing the clerical error is attached hereto as Exhibit B.

7. PES thereafter submitted a corrected application, addressing the specimen issue identified by the Department of State; however, this corrected application contained a typographical error incorrectly dating the application March 19, 2023, rather than the correct date March 19, 2024. A true and correct copy of the corrected application is attached hereto as Exhibit C.

8. On March 22, 2024, following submission of the corrected application, PES received a New York service mark registration. A true and correct copy of the certified service mark is attached hereto as Exhibit D.

9. By email dated March 29, 2024, the same Department of State representative transmitted a copy of the service mark certificate to me and advised that a hard copy would follow. A true and correct copy of that email is attached hereto as Exhibit E.

## No New York Contacts

10. PES's filing of an administrative service mark application—whether rejected or later accepted—did not involve any sales, services, transactions, or business activity in New York, and did not create or reflect any New York contacts.

11. Aside from the administrative trademark filing process, PES has never transacted business in **New York** and has not purposefully directed any commercial conduct toward New York.

12. In connection with the New York service mark application materials, I noted a "first use" date of 2013.

13. In 2013, I rebranded my company under the name Pinnacle Employee Services and began offering services on a national basis, as opposed to focusing primarily on California clients as I had done previously. When I referenced "first use" in 2013, I understood that term in a general, non-legal sense to mean the first time I used the Pinnacle Employee Services name in interstate commerce or nationally—not that PES began doing business in New York, and not that PES ever provided services to New York clients.

14. At no time in or after 2013 has PES conducted business in New York, provided services to New York clients, maintained offices or employees in New York, or otherwise targeted New York as a market. My reference to 2013 was not intended to suggest, and should not be understood as indicating, any New York-specific commercial activity.

15. I did not consult with legal counsel regarding the legal significance of the "first use" field at the time the application materials were prepared, and I did not understand that the phrase could be misconstrued as reflecting New York business activity. It was intended solely to reflect the timing of PES's national rebranding and broader geographic availability of services.

16. Accordingly, the "first use" reference does not reflect any transaction of business in New York, any purposeful availment of New York law, or any commercial contact with New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2025

Gold River, California

Michael Allen