# EXHIBIT D

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326
*Attorneys for Defendants Michael Allen*
*And Pinnacle Employee Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PINNACLE HOLDING COMPANY, LLC and PINNACLE EMPLOYEE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ALLEN and PINNACLE EMPLOYEE SERVICES, INC.,<br><br>Defendants. | Civil Action No. 5:24-cv-239 (AJB/TWD)<br><br><br>**DEFENDANTS' SUPPLEMENTAL PRODUCTION TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of New York, Defendants Michael Allen and Pinnacle Employee Services, Inc. ("Defendants") by and through their undersigned counsel, Lewis & Lin, LLC, supplement their production to Plaintiffs' Third Set of Requests for Production served by Pinnacle Holding Company, LLC and Pinnacle Employee Services, LLC ("Plaintiffs"), dated September 5, 2025, as follows:

**PRELIMINARY STATEMENT**

1.      These responses are made solely for the purposes of this action.  Any information or documents provided in response to any particular Request is provided subject to and without waiving any objections as to competence, relevance, materiality, proprietary, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if

1

it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.      The following responses are based upon information and documents presently available to and located by Defendants. Defendants have not completed their investigation of this action, have not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Request.  Defendants specifically reserve the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts.  Defendants reserve all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Request.  Nothing stated herein shall constitute or be construed as a waiver of Defendants' right to prove their contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein. The fact that Defendants have agreed to respond to any particular Request is not intended, and shall not be construed as a waiver by Defendants or any part of any objection to such Request, or any part of any General Objection. The fact that Defendants respond or object to any particular Request or part thereof is not intended and shall not be construed as an admission that Defendants accept or admit the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to the definitions, instructions, and requests in the Requests. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual Request does not waive any of Defendants' General Objections.

2

1.      Defendants object to Plaintiffs' definition of "Defendants" …as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates" on the grounds that they result in requests for information that are not in the possession, custody or control of Defendants. Defendants will not search for or provide information that is not within their possession, custody, or control.

2.      Defendants object to the scope of the Requests on the grounds that they are overbroad and seek irrelevant information because they are unlimited in time. Unless otherwise indicated, and pursuant to the Court's Text Order of October 30, 2025, Defendants will provide responses relating only to matters occurring between April 12, 2017 and February 16, 2024 ("Relevant Period").

3.      Defendants object to the scope of the Requests on the grounds that they are overbroad and seek irrelevant information because they are unlimited geographically. Unless otherwise indicated, and pursuant to the Court's Text Order of October 30, 2025, Defendants will provide responses relating only to matters occurring in the New York State ("Relevant Region").

4.      Defendants object to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, Northern District of New York Local Rules, and the applicable Rules and Orders of this Court, and to the extent it attempts to change the ordinary and accepted meanings of words. Defendants will prepare and submit to Plaintiffs' counsel their Responses and Objections to Plaintiffs' Requests for Production in conformance with all applicable rules.

5.      Defendants object to each request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to each instruction, definition, and production request to the extent

3

that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. To the extent that any privileged document/information is inadvertently disclosed, Defendants reserve their privilege(s) with respect to such document/information, its right to object to the admissibility of such document/information, its right to object to the inspection and copying of such document and its right to request that such document be returned to Defendants.

7.    Defendants object to any request that they provide information or produce documents that cannot be located after a good faith and diligent search of its records, as such would place an undue burden and expense on Defendants.

8.    Defendants object to each instruction, definition, and production request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiffs from its own files, from documents or information Plaintiffs' possession. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiffs as for Defendants.

9.    To the extent Plaintiffs' production requests seek documents or answers that include expert material, including but not limited to survey materials, Defendants object to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.    Finally, Defendants object to the voluminous, burdensome, and harassing amount of Requests contained in Plaintiffs' Third Set of Requests for Production, a total of 19 overly broad and vague Requests.

4

**<u>DEFENDANTS' SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION</u>**

1.      All documents relating to Defendants' registration of the trademark "Pinnacle Employee Services" in the State of New York through the New York Department of State, including but not limited to Defendants' registration application(s) and certificate(s) of registration.

**SUPPLEMENTAL RESPONSE:**

In Defendants' initial production responsive to Request for Production No. 1, Defendants produced the March 19, 2023 application for a New York service mark. That application was subsequently rejected by the New York Department of State.

Defendants thereafter submitted a new service-mark application on March 12, 2024. The March 12, 2024 application was processed on March 25, 2024.

Defendants are producing herewith the March 12, 2024 accepted application to supplement their prior production.

Dated: November 25, 2025
        Brooklyn, NY

Respectfully submitted,

David D. Lin, Esq.
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 25, 2025, a copy of the foregoing was

served upon all counsel of record, via electronic mail:

James P. Youngs, Esq.
jyoungs@hancocklaw..com
1800 AXA Tower 1
100 Madison Street,
Syracuse, New York 13202
Tel: (315) 565-4500

_____
David D. Lin, Esq.

6