**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

          Plaintiffs,

      v.

MICHAEL ALLEN and PINNACLE EMPLOYEE
SERVICES, INC.,

          Defendants.

Civil Action No. 5:24-cv-239-GTS-TWD

**REPLY MEMORANDUM OF LAW**

**HANCOCK ESTABROOK, LLP**
James P. Youngs, Esq.
*Attorneys for Plaintiffs*
 1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone:    (315) 565-4558

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT................................................................................................... 1

JURISDICTIONAL DISCOVERY ............................................................................................ 2

ARGUMENT.................................................................................................................................. 5

CONCLUSION.............................................................................................................................. 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Crop. v. Twombly*,
    550 U.S. 554 (2007)................................................................................................6

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010)..................................................................................6

*LaBounty v. Adler*,
    933 F2d 121 (2d Cir 1991)....................................................................................6

*Mathews v Diaz*,
    426 U.S. 67 (1976)................................................................................................7

*New Amsterdam Cas. Co. v Waller*,
    323 F.2d 20 (4th Cir. 1963) ..................................................................................7

*Quaratino v Tiffany & Co.*,
    71 F.3d 58 (2d Cir. 1995).....................................................................................7

**Statutes**

N.Y. General Business Law § 360-n(b)......................................................................2

Fed. R. Civ. P. 12(b)(6)...............................................................................................6

Fed. R. Civ. P. 15(d) ...................................................................................................7

Fed. R. Civ. P. 56........................................................................................................6

4919-4389-9015, v. 1

## PRELIMINARY STATEMENT

The Defendants' opposition to the Plaintiffs motion for leave to amend its complaint does not dispute that the Defendant's activities in applying for and securing New York State trademark registration for the trademark at issue in this litigation give rise to personal jurisdiction. Rather, they argue that personal jurisdiction cannot be obtained in this immediate proceeding because the Defendants purportedly applied for and secured that registration after the date the original Complaint was filed in this matter.

Defendants also assert for the first time in response to this motion that the Defendant's application for New York trademark registration dated March 19, 2023, a year prior to this lawsuit being filed, was actually filed in March 2024 and that the earlier date was a "typographical error." ECF 54, p. 2. But this assertion, set forth in a Declaration of Michael Allen, not on contradicts the document itself, but could and should have been made clear during jurisdictional discovery. The Defendants responded to questions about the registration application date three times, in their first response to the Plaintiffs' jurisdictional discovery, then in an "amended response" after this Court's discovery order compelling further response, and against in a "supplemental" response served after the close of discovery and, indeed, after the Plaintiffs filed their motion to amend. None of the responses indicated any error in the date, provided any correspondence with the New York Department of State, or provided an explanation of the various applications.

The proposed amendment is not subject to dismissal on personal jurisdiction grounds in light of the Defendant's application for New York trademark registration that predated the filing of the original Complaint. The Defendant's post-facto assertions contradicting both the face of the document itself and their prior submissions in personal jurisdictional discovery can do

1

nothing more than raise a question of fact and therefore are not grounds for dismissal. Moreover, regardless of when and whether the application was filed, it provides grounds for jurisdiction here, either through an amended or, if necessary, supplemental, Complaint. Accordingly, leave to amend or supplement should be granted.

## JURISDICTIONAL DISCOVERY

The Defendants' New York trademark registration and Defendant Allen's sworn statements therein are the primary basis for personal jurisdiction alleged in the proposed pleading. In that application, dated March 19, 2023, Mr. Allen swore under penalties of perjury that Pinnacle Employee Services, Inc. had used the disputed trademark in New York since September 23, 2013 and continues to use it in New York. ECF 50-6, p. 1. Regardless of when and whether that application was granted, merely by submitting it the New York Department of State Mr. Allen sought the benefits and protections of New York law, consented to the designation of the New York Secretary of State as his company's agent for service of process under N.Y. General Business Law ("GBL") § 360-n(b), and, again, swore under penalties of perjury that he or his company had been and still were using the trademark in New York.

Those actions clearly confer specific personal jurisdiction over the Defendants with respect to a trademark lawsuit. The Court appeared to acknowledge as much in addressing the Defendant's personal justification motion, holding only that because the registration was issued subsequent to the original complaint, it was post-filing activity that could not confer jurisdiction. Accordingly, during jurisdictional discovery, the Plaintiffs' Third Request for the Production of Document requested copies of the Defendants' New York trademark registration and all other documents relating to the registration. *See* Youngs Decl. Ex. A (Req. No. 1 and 2, p. 8). They

2

also asked for all correspondence between the Defendants and any New York agency, including the New York Department of State that issues New York trademark registrations. *Id.* at Req. 3.

In the Defendants' October 6, 2025 response to those demands, they produced the March 19, 2023 application. Youngs Decl. ¶¶ 4-5, Ex. B. A copy of that 2023 application was previously submitted as Exhibit E to the Declaration of James Youngs in support of the motion. ECF 50-1, ¶ 7; ECF 50-6. The Defendants did not produce any other correspondence with the Department of State. In fact, responding to the request for correspondence or documents with any New York agency, the Defendants stated that they "have no document response to this Request in their possession, custody, or control." Youngs Decl. Ex. B, response to Request 3 at p. 6. The Defendants' responses did not indicate that the application was dated in "error," nor did they state or explain that the application was not related to the registration that was ultimately issued.

In their discovery responses, the Defendants objected to the timeframe of the Plaintiff's demands, which asked for information and documents regarding the Defendants' use of the disputed trademark in New York at any time due to the Defendants' assertions (including but not limited to the New York trademark application) that they had, in fact, used the mark in New York since 2013. This dispute over the scope of jurisdictional discovery was submitted to the Magistrate Judge, who directed that the Defendants' responses look back to April 12, 2017, five years before the Defendant's federal trademark registration. *See* Text Entry Order dated October 30, 2025, ECF 49.

As a result of that order, the Defendants served an Amended Response to the Plaintiffs' document demands on November 7, 2025. Youngs Decl. Ex. C. The Defendants did not revise their response with respect to their New York trademark application or registration. *Id.* at Req. 1,

3

p. 5. They also maintained their response that they were not in possession of any correspondence with the New York Department of State. *Id.* at Req. 3, p. 6.

The Plaintiffs filed the present motion to amend or supplement their pleading on November 21, 2025. ECF 51. Four days later, on November 25, the Defendants served a "Supplemental Response" to the Plaintiff's request for production. Youngs Decl. Ex. D. There, Defendants stated that in their initial response, they "produced the March 19, 2023 application for a New York service mark. That application was subsequently rejected by the New York Department of State. Defendants thereafter submitted a new service-mark application on March 12, 2024. The March 12, 2024 application was process on March 25, 2024." *Id.* at p. 5. That response – served three weeks after the deadline for any supplementation necessitated by the unrelated discovery issues addressed by Magistrate Judge Dancks – was the first indication that there had been more than one application.

Importantly, the supplemental response did not state that there was any "typographical error" in the March 19, 2023 application. Rather, the supplemental response expressly identified that application as "the March 19, 2023 application" and stated only that a new application was filed on March 12, 2024.

Now, in opposition to this motion, the Defendants provide yet another story through Mr. Allen's declaration, where he attests that the date of March 19, 2023 on that application was a mere "typo." ECF 54-1, ¶¶ 4-9. Mr. Allen's declaration also appends correspondence between him and the New York Department of State. ECF 54-2 and 54-6. That correspondence was not produced in discovery.

4

**ARGUMENT**

It is respectfully submitted that Mr. Allen's post-facto declaration asserting that his prior sworn statement in the New York trademark registration application was erroneously misdated does not render the proposed Amended Complaint futile.

First, an application to register a trademark, which alleges use of the trademark in the State and effectively designates the New York Secretary of State as an agent for service of process, is sufficient to confer at least specific personal jurisdiction over claims relating to the trademark. Those jurisdictionally-relevant facts exist by the Defendant own swore admission, regardless of whether the application is granted. That is particularly so where, as here, denial of that application is based on procedural formalities rather than any substantive determination as to those facts by the Department of State.

In any event, the Defendants' argument is particularly unavailing because it ultimately secured a New York trademark registration. Thus, there can be no dispute that the Defendant has affirmatively availed themselves of the benefits and protections of conducting business in New York by engaging with a New York state agency and securing statutory and regulatory protection for the very trademark at issue in this action. The Plaintiffs are not relying on a single, unsuccessful, or technical filing as a jurisdictional basis. Rather, Defendants are presently enjoying the protections of New York law with respect to the subject matter of this dispute. Under these circumstances, the exercise of personal jurisdiction in New York is reasonable, fair, and consistent with due process.

Second, the facts and assertions raised for the first time in opposition to this motion – particularly those that should have been disclosed in jurisdictional discovery – cannot be relied on in deciding whether the amendment can survive dismissal. At the pleading stage, all factual

5

4919-4389-9015, v. 1

allegations must be accepted as true, and the Court cannot resolve disputes over their accuracy or credibility. *See Bell Atlantic Crop. v. Twombly*, 550 U.S. 554, 1964-65 (2007). In evaluating a motion to dismiss, a court may consider only "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Although documents that are "integral" to the complaint may also be considered, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id.* (quoting *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006)).

Permitting dismissal based on a sworn declaration contradicting the complaint and the Defendants' own document production would improperly constitute a factual determination at the pleading phase. As the Second Circuit has explained, "Rule 12(b)(6) does not give the district court authority to consider matters outside the pleadings; it simply delineates the procedures which must be followed in testing the legal sufficiency of a complaint." *LaBounty v. Adler*, 933 F2d 121, 123 (2d Cir 1991) (citation omitted). Rather, "[i]f the movant wishes to test the factual underpinnings of the complaint, it may submit proper evidence outside the pleadings and move for summary judgment under Rule 56." *Id.* This foundational rule applies with equal force in the personal jurisdiction context.

In sum, there is no dispute that Defendants applied for and secured New York trademark registration. The only issue Defendants now raise concerns the timing of that application. Plaintiffs do not speculate as to the 2023 date; they allege it based on documentary evidence produced by Defendants themselves during jurisdictional discovery. Defendants cannot avoid the consequences of their own discovery production at the pleading stage by submitting a declaration

6

that contradicts both the documentary record and the well-pleaded allegations of the proposed Amended Complaint.

Finally, the Defendants do not address, much less oppose, that portion of the Plaintiffs' motion alternatively requesting that the Court treat the proposed amendment as a Supplemental Complaint under Rule 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Supplemental pleadings may be used to eliminate jurisdictional issues. *See, e.g., Mathews v Diaz*, 426 U.S. 67, 75 (1976) (holding that a later-joined party could supplemental the pleadings to reflect the post-commencement filing of an application necessary to establish jurisdiction challenging the administrative decision). Supplemental pleading under Rule 15(d) has been described as "a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *New Amsterdam Cas. Co. v Waller*, 323 F.2d 20, 28 (4th Cir. 1963).

If the sole grounds for denial of the motion is not on the existence of personal jurisdiction, but rather on the date that personal jurisdiction was acquired, the Plaintiffs could simply refile the suit immediately upon dismissal and proceed. The Plaintiffs urge the Court not to elevate form over substance, and save both the Court and the parties, the time, expense and inefficiencies of that process and allow the obviously colorable, viable and critical important substantive issues of this case to be addressed and decided.

4919-4389-9015, v. 1

## CONCLUSION

For the foregoing reasons and those set forth in the Plaintiffs' original moving papers, they respectfully request that the Court grant their motion for leave to amend or, in the alternative, supplement, the Complaint.

DATED:    January 9, 2026

**HANCOCK ESTABROOK, LLP**

By: _____
James P. Youngs, Esq., Bar Roll No. 515029
*Attorneys for Plaintiffs*
1800 AXA Tower I
100 Madison Street
Syracuse, New York    13202
Telephone:    (315) 565-4558
jpyoungs@hancocklaw.com

8

4919-4389-9015, v. 1