UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

PINNACLE HOLDING COMPANY, LLC and
PINNACLE EMPLOYEE SERVICES, LLC,

                          Plaintiffs,

                                   5:24-cv-00239
v.                                  (AJB/CBF)

MICHAEL ALLEN and PINNACLE EMPLOYEE
SERVICES, INC.,

                          Defendants.

———————————————————————

APPEARANCES:                             OF COUNSEL:

HANCOCK ESTABROOK, LLP          JAMES P. YOUNGS, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
*Attorneys for Plaintiffs*

LEWIS & LIN, LLC                     DAVID D. LIN, ESQ.
77 Sands Street, 6th Floor
Brooklyn, New York 11201
*Attorneys for Defendants*

**CARLA B. FREEDMAN**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

### I.    INTRODUCTION

Currently before the Court is a motion for leave to file a Second Amended Complaint

("SAC"), Dkt. No. 50, filed by Plaintiffs Pinnacle Employee Services, LLC, and Pinnacle

Holding Company, LLC ("Plaintiffs").  The factual background of this matter was set forth at

length in District Judge Anthony J. Brindisi's Decision and Order dated September 2, 2025, and

will not be repeated here.  *See generally* Dkt. No. 43.

As relevant here, Plaintiffs first filed a complaint alleging trademark infringement on February 16, 2024.  Dkt. No. 1.  Pursuant to a stipulation between the parties, on June 27, 2024, Plaintiffs filed a First Amended Complaint ("FAC").  Dkt. No. 27.  Thereafter, on July 11, 2024, Defendants Michael Allen and Pinnacle Employee Services, Inc. ("Defendants"), filed a motion to dismiss the FAC alleging, *inter alia*, lack of personal jurisdiction.  Dkt. No. 29.  Plaintiffs opposed the motion to dismiss.  Dkt. No. 34.  In Judge Brindisi's Decision and Order, referenced above, the Court concluded, "Plaintiffs have not established that the Court has personal jurisdiction over [defendant] PES, Inc. or [defendant] Allen.  However, as plaintiffs have established, a more satisfactory showing of the facts is necessary."  Dkt. No. 43 at 38. Consequently, Judge Brindisi granted, in part, Plaintiffs' request to conduct jurisdictional discovery ordering "limited jurisdictional discovery restricted to information answering the basic question of whether defendants have transacted business within New York."  *Id.*  Lastly, the Court held that "Plaintiffs may seek leave to amend their complaint following the completion of jurisdictional discovery . . . ."  *Id.*

Thereafter, the Hon. Therésè Wiley Dancks, United States Magistrate Judge, issued a Text Order directing Defendants to provide jurisdictional discovery responses to Plaintiffs concerning the timeframe from April 12, 2017, through February 16, 2024, the date Plaintiffs commenced this lawsuit by filing the original complaint.  Dkt. No. 49.  After receiving all discovery responses, Plaintiffs moved for leave to file a SAC.  *See* Dkt. Nos. 50 and 51.  The Defendants filed a response opposing the motion.  *See* Dkt. No. 54.

The case was reassigned to the undersigned by Text Order entered February 13, 2026. Dkt. No. 58.  For reasons explained below, Plaintiffs' motion for leave to file a SAC (Dkt. No.

2

50) is denied and the Court recommends that Defendants' motion to dismiss the FAC for lack of personal jurisdiction (Dkt. No. 29) be granted.

## II.    DISCUSSION

### A.    Motion to Amend

#### 1.    Applicable Legal Standards

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986 (HB), 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283.

In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court and the court's

decision is not subject to review on appeal except for abuse of discretion.  *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).

Under Rule 15, leave to amend may be denied if the amendment would be futile.  *See, e.g.*, *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015).  Amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).  It therefore follows that an amendment is considered futile if it cannot withstand a motion to dismiss based on a failure to cure a jurisdictional defect.  *Lucente*, 310 F.3d at 258; *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007); *McCabe v. Trombley*, 867 F. Supp. 20, 127 (N.D.N.Y. 1994).

On a Rule 12(b)(6) motion to dismiss, the court may consider not only the allegations in the complaint but also "documents attached to the complaint as an exhibit, or incorporated by reference . . . matters of which judicial notice may be taken, or . . . documents in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2001).

### 2.    Analysis

Following the completion of jurisdictional discovery during which Defendants provided information to Plaintiffs to determine whether Defendants had sufficient contacts with the State of New York to establish this Court's personal jurisdiction over Defendants at the time this action was filed, Plaintiffs have identified one document which they contend establishes the requisite personal jurisdiction.  That single "smoking gun" document is an application submitted by Defendant Allen, on behalf of Defendant Pinnacle Employee Services, Inc., to register the

mark "PINNACLE EMPLOYEE SERVICES" with the New York State Department of State ("NYS DOS") on March 19, 2023.  Dkt. No. 50-9 at 6 and Dkt. No. 50-6.  Plaintiffs contend that this document, which bears a date of March 19, 2023, establishes this Court's personal jurisdiction over Defendants because the application date precedes the filing of the complaint approximately 11 months later on February 16, 2024.  *See* Dkt. No. 50-9 at 6.

At the time Plaintiffs filed their response to Defendants' motion to dismiss, Plaintiffs had only been provided an application submitted by Defendant Allen, on behalf of Defendant Pinnacle Employee Services, Inc., to register the mark "PINNACLE EMPLOYEE SERVICES" with the NYS DOS dated March 12, 2024.  Dkt. No. 50-9 at 7 and Dkt. No. 36-2.  In his Decision and Order, Judge Brindisi found that this application was insufficient to establish personal jurisdiction over Defendants as it "came *after* plaintiffs filed this lawsuit on February 10, 2024.[1]  And it is axiomatic that post-lawsuit contacts are not enough to establish personal jurisdiction."  Dkt. No. 43 at 36 (emphasis added).

In their current briefing concerning Plaintiffs' motion for leave to file a SAC, there appears to be little dispute as to the facts regarding Defendants' contacts with New York State as it relates to the requirements under New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(1).[2]

First, between April 12, 2017, and February 16, 2024, Defendants did not: maintain any offices, employees, or agents in the State of New York; have any clients or customers located in New York, including remote clients or subsidiaries with New York Addresses; execute any contracts with, receive payments from, or provide services to entities registered or operating in

---

[1] This date appears to be a typographical error as the original complaint was filed on February **16**, 2024.  *See* Dkt. No. 1.

[2] This Court will not restate the legal requirements to establish personal jurisdiction in New York as it was discussed at length in Judge Brindisi's Decision and Order.  *See generally* Dkt. No. 43.

New York; personally conduct in-person meetings or business solicitations, or provide services in New York on behalf of Defendant Pinnacle Employee Services, Inc.  Moreover, Defendants' business operations were conducted entirely outside New York and, aside from the administrative trademark filing process, Defendants had never transacted business in New York and had not purposefully directed any commercial conduct toward New York.  *See generally* Dkt. Nos. 50-7 and 54-1.  In sum, the jurisdictional discovery revealed that other than the applications for and subsequent receipt of a New York State service mark from the NYS DOS, Defendants have no other connection to the State of New York.

With respect to the New York service mark obtained by the Defendants, the parties agree to all facts and dates, save one.

First, the parties agree that Defendants applied for a New York State service mark for the words "PINNACLE EMPLOYEE SERVICES" on March 12, 2024.  *See* Dkt. Nos. 50-9 at 7, 54 at 5, 54-1 at ¶4, and 54-3.  Second, the parties agree that on March 22, 2024, the New York State Department of State issued a certificate to Defendants that the words "PINNACLE EMPLOYEE SERVICES" had been registered as their New York service mark.  Dkt. Nos. 50-9 at 7, 54 at 5, 54-1 at ¶8, and 54-5.  The parties also agree[3] that Carolyn Thomas, an Office Assistant at the NYS DOS, sent an email dated March 19, 2024, to Defendant Allen which stated, "I will have to return your application back to rejected due to the business cards does not match what you have in #5.  I tried calling you but it was a constant busy single (*sic*)."  Dkt. Nos. 54 at 5, 54-1 at ¶5, and 54-2.

---

[3] In their reply brief, Plaintiffs note that they did not receive this email communication from Defendants during discovery, however, Plaintiffs have not contested its authenticity.  Dkt. No. 57 at ¶9.

Plaintiffs and Defendants disagree, however, as to whether another application Defendant Allen submitted to the New York State Department of State for a service mark for the words "PINNACLE EMPLOYEE SERVICES" was sent on March 19, **2023**, or March 19, **2024**. Defendants do not dispute that the date on said application is listed as "March 19, 2023," however, Defendants assert such date, specifically the year "2023," was a typographical error and, in fact, the application was actually submitted on March 19, 2024.  Dkt. Nos. 54 at 5 and 54-1 at ¶7.

Using a commonsense analysis, the Court acknowledges there is merit to Defendants' claim that the date "2023" is a typographical error.  To that end, under the Plaintiffs' timeline, Defendant Allen must have submitted an application to the NYS DOS for a service mark on March 19, 2023.  When he received no response from NYS DOS, almost a year later, on March 12, 2024, he submitted a second application.  Shortly thereafter, on March 19, 2024, Defendant Allen received an email from NYS DOS indicating there was a deficiency in his application and the application was rejected.  Then, with no further submissions and/or corrections to the deficient application, NYS DOS inexplicably issued Defendant Allen a certificate showing that the service mark (PINNACLE EMPLOYEE SERVICES) had been registered on March 22, 2024.

By contrast, it would be more logical to assume, as Defendants assert, that Defendant Allen submitted his *first* application to register the service mark for the words "PINNACLE EMPLOYEE SERVICES" to NYS DOS on March 12, 2024.  Then, one week later, on March 19, 2024, Defendant Allen received an email from NYS DOS informing him that the application was rejected and that same day (March 19, 2024), Defendant Allen submitted a *second*,

corrected, application to NYS DOS, which Defendant Allen subsequently received a certificate for on March 22, 2024, confirming that the service mark had been registered.

Furthermore, in comparing the March 12 and March 19 applications, in addition to the differing dates, in Section 5 of the applications, the application dated March 12, 2024, states "Our **Trademark** name is Pinnacle Employee Services," but the application dated March 19, 2023, states "Our **service mark** name is Pinnacle Employee Services . . . ."  *Compare* Dkt. No. 54-3, *with* Dkt. No. 54-4.  Logically, it makes sense that the original application used the phrase "trademark" and, after receiving the March 19, 2024, email from NYS DOS–which bore the word "Servicemark" in the subject line and informed Defendant Allen his application had been rejected –Defendant Allen changed the language in Section 5 of his application form from "Trademark" to "service mark" and then resubmitted his application that same day (March 19, 2024).  *See* Dkt. Nos. 54-2, 54-3, and 54-4.

Yet, as previously discussed, the law is well settled that a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc., supra*; *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000); *Matson v. Bd. of Educ., City School Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).  Pursuant to that black-letter law, this Court must assume that the date Defendant Allen submitted the March 19 application to NYS DOS was in **2023**, prior to Plaintiffs filing their first complaint on February 16, 2024.  However, even assuming that fact as true, Plaintiffs' motion for leave to file a SAC still fails as Plaintiffs have not shown that Defendants are subject to personal jurisdiction in New York.

In support of their argument that Defendants are subject to personal jurisdiction here in New York, Plaintiffs argue, "by applying for **and obtaining** the '983 Registration, the

Defendants have vested the Court with personal jurisdiction over them." Dkt. No. 50-9 at 9 (emphasis added). Such argument misses the mark. It is not just the application, but rather **the application coupled with the actual registration of a service mark** that subjects a defendant to personal jurisdiction in New York. All the rights and privileges of conducting business activities in New York that are conferred upon a company, corporation, or business entity are only in effect once they have obtained the registration of their service mark.

Plaintiffs emphasize that a trademark registration with NYS DOS subjects the holder of the registration to voluntary consent to the jurisdiction of courts in New York. *See* Dkt. No. 50-9 at 7-9. In support of that argument, Plaintiffs cite to New York's General Business Law ("GBL") § 360-n(b), which states, "[i]n any action brought against a non-resident **registrant**, service may be effected upon the secretary as agent for service of the registrant in accordance with the procedures established for service upon non-resident corporations and business entities." *See id*. at 8 (emphasis added). New York GBL § 360(f) defines the term "applicant" as "the person filing an application for a registration of a mark under this article, and the legal representatives, successors, or assigns of such person. GBL § 360(g) defines the term "registrant" as "the person to whom the registration of a mark under this article is issued, and the legal representatives, successors, or assigns of such person." Finally, GBL § 360-d states, "Upon compliance by the applicant with the requirements of this article, the secretary shall cause a certificate of registration to be issued and delivered to the applicant . . . . Any certificate of registration issued by the secretary under the provisions hereof or a copy thereof duly certified by the secretary shall be admissible in evidence as competent and sufficient proof of the registration of such mark in any actions or judicial proceedings in any court of this state."

9

Thus, service of process may be made upon New York's Secretary of State for entities that are registered here, not companies that have merely **applied for—but not yet obtained—**a registered trademark or service mark.  Additionally, it is a certificate of registration—**not an application for a certificate of registration**—that is admissible in evidence in any court in New York as proof of registration of a service mark.

Defendants argue, "A rejected trademark application—regardless of when it is filed—does not confer enforceable rights, does not reflect commercial exploitation of the New York marketplace, and does not constitute purposeful availment sufficient to support personal jurisdiction under CPLR § 302(a)(1)."  Dkt. No. 54 at 12.  The Court agrees.  Thus, the discovery of an application for a service mark that may have been submitted to NYS DOS by Defendants prior to the filing of the complaint by Plaintiffs is not sufficient to cure the jurisdictional defect identified by Judge Brindisi in his Decision and Order.

**WHEREFORE**, based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' motion for leave to file a Second Amended Complaint (Dkt. No. 50) is **DENIED**[4]; and it is further

**RECOMMENDED** that Defendants' motion to dismiss the First Amended Complaint for lack of personal jurisdiction (Dkt. No. 29) be **GRANTED**; and it is further

**ORDERED** that the Clerk provide Plaintiffs with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the

---

[4] In the alternative, Plaintiffs seek leave to file a supplemental pleading alleging the dates the Defendants applied for and obtained the "'983 Registration." Dkt. No. 50 at 16-18.  The undersigned denies such relief for the same reasons set forth above.

Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C.

§ 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 19, 2026
      Syracuse, New York

                                            Carla B. Freedman
                                            U.S. Magistrate Judge